UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, § § § | |
| Plaintiff, § § | |
| V. § | Case No. 5:18-CV-00911 |
| § § | |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, § § § | |
| Defendant. § | |

# COMPLAINT

Plaintiff, Sadie Hackler, for herself and all others similarly situated, files this Complaint asserting claims against Defendant, Tolteca Enterprises, Inc. doing business as Phoenix Recovery Group and shows:

## PARTIES

1. Plaintiff Sadie Hackler is a natural person.

2. Defendant Tolteca Enterprises, Inc. is a Texas corporation doing business in the judicial district.

## JURISDICTION & VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337.

4. Venue in this district and division is proper pursuant to 28 U.S.C. §1391(b) as all events or omissions giving rise to Plaintiff's claims took place in this district and Defendant resides in this district.

## FACTS

5. Plaintiff Sadie Hackler is an enlisted member of the United States Air Force.

6. While Stationed in San Antonio, Plaintiff leased a home. At move-in, she noted on the rental agreement several problems with the property.

7. In 2017, the Plaintiff received military orders for a permanent change of duty station from the Air Force. She was assigned to Wright Patterson Air Force Base in Dayton Ohio.

8. When Plaintiff moved out of the rental property, she made sure the property was in better condition than when she moved in.

9. Plaintiff's former landlord claimed that the same damage Plaintiff noted when she moved in was caused by Plaintiff and charged Plaintiff for fixing the damages.

10. The alleged charges for repair consumed Plaintiff's security deposit and more, leaving Plaintiff with an alleged and disputed debt owing to her former landlord.

11. The landlord apparently turned over to Defendant for collection the disputed charges.

12. As its initial communication with Plaintiff, Defendant sent to Plaintiff the letter which is copied and attached hereto as Exbibit 1, redacted per Rule 5.2 FRCP.

13. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g (a)(4), (5) requires a debt collector to provide a consumer with a notice that contains:

> "a statement that if the consumer notifies the debt collector *in writing* within [a] thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
>
> and

> "a statement that, upon the consumer's **written** request within [a] thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. §§ 1692g(a)(4), (5) (emphasis added).

14. If the consumer makes a written dispute, the debt collector must cease collections efforts for 30 days while it verifies or validates the alleged debt.

15. Defendant's letter sent to Plaintiff fails to conform to the FDCPA's "1692g" requirements and fails to notify Plaintiff and others of their right to make a written dispute and of the effect of a written dispute. *Macy v. GC Servs. L.P.* 2018 U.S. App. LEXIS 20979 (6th Cir. July 30, 2018) (failure to notify consumer of their rights to make written disputes supported standing to sue, as well as class certification.)

16. By failing to notify Plaintiff and others of their right to dispute in writing the alleged validity of the debt, there is presented a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices. This is because the letters without the "written dispute" language provide misleading information about the way the consumer can exercise the consumer's statutory right to obtain verification of the debt or information regarding the original creditor.

17. In responding to a debt-collection notice, an oral inquiry or dispute of a debt's validity has different legal consequences than a written one. See *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) (noting that Section 1692g "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing"); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) ("Debtors can protect certain basic rights through an oral dispute, but

can trigger a broader set of rights by disputing a debt in writing."). If a consumer contests a debt by telephone rather than in writing, the consumer loses most of the protections for debtors set forth in Section 1692g; the debt-collection agency is under no obligation to verify the debt and to cease all collection efforts as required by §1692g(b).

18. In addition to the §1692g violation, the Defendant's letter states an "Total Due" amount, but also says that the "total due" "may include a one-time agency collection fee". The letter does not disclose whether the "one-time agency collection fee" is in fact included, nor does the letter state how much the "one-time agency collection fee" is, if it is included. Therefore, the letter violates the FDCPA's requirement to inform the consumer debtor of the "amount due". 1692g(a)(1), 1692e(2)(A),1692e(10).

19. By failing to disclose whether a "one-time agency collection fee" is part of the amount due, and the amount of the "one-time agency collection fee", Plaintiff and the putative class are impaired in their ability to knowledgeably assess the validity of the debt, and so would be misled by the debt letters. Plaintiff and the class are left without sufficient information to make an intelligent, informed choice about their next step forward because the debt collector has concealed from them the individual components of their overall debt, the basis for which has also been withheld. *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 U.S. Dist. LEXIS 82443 (W.D. Tex. 2016).

20. By failing to disclose correctly the alleged components of the "total due" amount in the letter Defendant sent to Plaintiff, Defendant violated sections 1692g(a)(1), 1692e(2)(A),1692e (10).

21. On information and belief Defendant has by the same language in form collection letters, contacted numerous individual consumers without making statutory disclosures, and without stating with accuracy the amount of the debt.

## CLASS ALLEGATIONS

22. Plaintiff seeks to certify a class of those natural persons to whom Defendant sent letters without notifying them of their right to dispute in writing the alleged debt sought to be collected, together with a class of persons whom were sent a letter containing the words "Your balance may reflect a one-time agency collection fee".

23. The identities of all class members are readily ascertainable from the records of Defendant.

24. This action has been brought and may be properly maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation in that:

   a. Numerosity. The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical.

   b. Commonality. Common questions of law and fact exist as to all members of the Class;

   c. Typicality. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct as alleged in this Complaint.

   d. Adequacy. The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any

interests which might cause them not to vigorously pursue the instant class action lawsuit.

25. Plaintiff expects to seek certification of the Class under Fed. R. Civ. P. 23(b)(1) because:

   a. The questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member, and

   b. A class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, and important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

26. Based on discovery and further investigation (including, but not limited to, Defendants disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were received letters similar to the ones left for Plaintiff.

## CAUSE OF ACTION – FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant is a debt collector as defined by 15 U.S.C. § 1692a (6).

28. The debt is a debt as defined by 15 U.S.C. § 1692a (5).

29. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a (2).

30. By failing to notify Plaintiff and other of their right to dispute the debt in writing, Defendant violated the FDCPA 15 U.S.C. §§ 1692g

31. By failing to accurately state the amount owed on the alleged debt, Defendant violated the FDCPA 15 U.S.C. §§ 1692g(a)(1), 1692e (2) (A), and 1692e(10).

32. Plaintiff, for herself and all other similarly situated, seeks statutory damages and costs, and attorneys' fees'. 15 U.S.C. §1692K.

## JURY DEMAND

33. Plaintiff demands a jury trial in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

(i) An order certifying that the Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(A), (B);

(iii) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

Respectfully Submitted,

LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie
San Antonio, TX 78216
(210) 226 0800 Telephone
(210) 338 8660 Facsimile

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

BY: */s/ Benjamin R. Bingham*
    BENJAMIN R. BINGHAM
    State Bar No. 02322350
    ben@binghamandlea.com
    WILLIAM M. CLANTON
    State Bar No. 24049436
    bill@clantonlawoffice.com

COUNSEL FOR PLAINTIFF