UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated | ) Civil Action No. 5:18-CV-00911 |
| v. | ) |
| TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP | ) |

**DEFENDANT'S ORIGINAL ANSWER AND MOTION TO DISMISS CLASS ACTION**

Now comes the Defendant Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") who files this answer to Plaintiff's Complaint. A motion to dismiss class action is also pleaded.

I. Initial Answer

1. ¶1 is admitted.

2. ¶2 is admitted.

II. Jurisdiction & Venue

3. ¶3 jurisdiction is admitted subject to any motion to dimiss the class action because it is not viable.

4. ¶Venue in this district is admitted.

III. Allegations of Fact

5. ¶5 PRG has no information as to whether Plaintiff is in the USAF. Cannot admit or deny.

6. ¶ PRG cannot admit or deny the allegation due to insufficient information. Any problems with her rental premises are not relevant to any issue in this lawsuit.

7. ¶PRG cannot admit or deny the allegation due to insufficient information.

8. ¶PRG cannot admit or deny a matter of opinion and the allegation is irrelevant.

9. ¶9 PRG is not her landlord and has no first hand knowledge of the allegation made about the condition of the home and the allegation is irrelevant to issues in this lawsuit. Cannot admit or deny.

10. ¶10 The allegation is for Plaintiff to prove and does not appear to be relevant to any issue in this lawsuit. Furthermore, the allegation is an opinion of Plaintiff and her landlord may have a different opinion. Unable to admit or deny due to insufficient information and the possibility that Plaintiff's allegation is without foundation or is an allegation that is false, untrue, or simply wrong.

### IV.  Admissions & Denials

11. ¶11 Admit. Plaintiff's account was turned over to PRG for collection. On information and belief, the debt appears to accurate, owed and legitimate.

12. ¶12 PRG admits to sending Plaintiff the letter, which is exhibit 1.

13. ¶13 PRG admits to sending the letter. Any imputation or implication that the letter violates the law is denied.

14. ¶14 is an abstract statement of the law and not an allegation of fact for which no admission or denial is required..

15. ¶15 is generally denied.

16. ¶16 is generally denied.

17. ¶17 does not require an admission or denial as it is a statement of position and a proposition calling for a legal conclusion.

18. ¶18 PRG denies violation of 15 USC 1692g, 1692e(2)(A) and 1692e(10).

19. ¶19 PRG denies the allegation and denies any FDCPA violation.

20. ¶20 PRG denies violation of 1692g(a)(1), 1962e(2)(A) and 1692e(10).

21. ¶21 is denied.  A class action is denied.

22. ¶22 a class action is denied and the underlying Complaint is denied.

23, ¶23 PRG is unable to admit or deny whether identities of class members are readily ascertainable from its records.  PRG would be seeking a protective order and that any investigation of such records be subject thereto and that Plaintiff bear all expenses of any such inquiry as it would likely cost thousands of dollars.

24. ¶24 PRG denies this is class worthy, class efficient, class redressable, or class viable as more fully alleged herein.

25. ¶25 PRG denies that certification of a class would be proper, viable or superior.

26. ¶26 PRG denies class action is proper, viable or superior.  PRG would request a protective order requiring Plaingiff to pay the unduly burdensome cost of discovery and to protect its financial information from improper disclosure.

27. ¶27 PRG admits to being a debt collector.

28. ¶28 PRG admits there is a debt.

29. ¶29 PRG admits the Plaintiff is a consumer.

30. ¶30 PRG did notify Plaintiff of her dispute rights.  PRG denies any FDCPA violation.

31. ¶31 PRG denies any inaccurate statement of the debt.

32, ¶32 is denied.

33. ¶33 it is doubtful this a jury matter.  This case appearss to be a question of law only.

34. Plaintiff's prayer for relief is denied.  Plaintiff should take nothing and this case should be dismissed with prejudice.  The class action should not be certified and should be dismissed.

### V. Affirmative Defenses and Motion to Dismiss Class Action

35. As an affirmative defense PRG alleges the one year FDCPA Statute of Limitations on

all claims.

36. As an affirmative defense, PRG pleads the limitation of liability cap in a class action. 15 U.S.C. §1692(a)(2)(B) limits this Defendant's liability in a class action to " the lesser of $500,000 or 1% of the net worth of the debt collector". PRG would show that it has a negative or minimal net worth. Therefore, no meaningful recovery of a monetary amount will occur to any class member. Any relief herein would be meaningless and trivial. PRG would allege that a class recovery would be -0- (zero) to a mere $500. Accordingly, a class action will not be a superior method for a fair and efficient adjudication of the claims presented in this lawsuit and a class action will not be a meaningful vehicle for the redress of any injury to anyone. Therefore, no class is viable; no class should be certified; any class action would be a waste of time, resources and court time; and the class action should be dismissed with prejudice. If the net worth is either in the negative; or, it is less than $50,000 and 1% thereof is a mere $500. The net worth may even be less. Consequently, no class will achieve any meaningful redress or compensation. The expenses will far outweigh any benefit. The class action should be dismissed under FRCP Rule 12 as no claim for relief is reasonably viable or achievable.

37. As an affirmative defense, PRG says there was a bona fide error. If its letter was deficient that was a bona fide error.

38. As an affirmative defense any statutory damages are up to $1000 as the court finds appropriate. The statutory damages can range from -0- to $1000, per action.

38. As an affirmative defense, PRG alleges that Plaintiff sustained no actual damages.

WHEREFORE, Plalintiff should take nothing and this case should be dismissed. All costs should be imposed on Plaintiff. No class exists or is viabe. PRG pleads for such other relief as may be just.

*S/Tom Clarke*
TX Bar No. 04318600
8026 Vantage Dr. #105
San Antonio, Texas 78230
210/340-8448
210/348-7946
tclarkeatty7@aol.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2018, this pleading was e-filed through the ECF/CM electronic filing system which will give electronic notice to Benjamin Bingham, Attorney for Plaintiff,

S/Tom Clarke