UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, § § § § § § § § § § § § | |
| Plaintiff, | |
| V. | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | |
| Defendant. | |

**PLAINITFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff files this Motion to Compel Discovery Responses from Defendant and shows:

1. This case is filed as a class action under the Federal Fair Debt Collection Act, which specifically provides for class actions without regard to any minimum recovery per class member. 15 U.S.C. 1692k (a) (2).

2. Plaintiff contends that a form letter sent by Defendant violates the FDCPA because the letter omits part of the statutory notice required in initial collection letters. Proper notice in turn triggers statutory protections for consumers concerning their right to obtain verification of the debt and the right to have collection actions cease until the debt is verified. See, Dkt.18, Plaintiff's Motion for Summary Judgment on Liability.

3. One of the prerequisites of class certification in an indication that the proposed class is "so numerous that joinder of all members is impracticable". F.R. Civ. P 23(a)(1). *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2012 U.S. Dist.

LEXIS 196826 at *21-22, 2012 WL 12861080 (W.D. Tex. 2012). This is known as the "numerosity" requirement.

4. Courts have added onto the requirement of numerosity, the requirement that the class members be "ascertainable", i.e. capable of being identified using objective criteria. *Id.* at *11-17. This is known as the requirement of "ascertainability."

5. In discovery, Plaintiff has propounded interrogatories, request for production of documents and request for admission that go to numerosity and ascertainablity, as well as to Defendant's *bona fide* error defense. See Bingham Declaration, submitted herewith.

6. Defendant has decided that it need not participate in good faith discovery – or even attempt to do so- because it has an unfounded theory that since Defendant allegedly has a small net worth, a class action against Defendant is "not viable".[1] Defendant has failed to respond to routine class discovery about the number of class members[2], ascertainability, and Defendants policies and procedures on the basis that class discovery is "premature as not class exists and no class has been certified and this cases is not class viable anyway",[3] (Bingham Decl. Ex. B, P13) and "this case is not class worthy and therefore the matters inquired about are objectionable and premature…" *Id.* "… premature as no class has been certified and this class is not class worthy in any event due to problems of ascertainability, or "insufficient redressability due to Defendants

---

[1] In an FDCPA class action, damages are limited to the lesser of $500,000 or 1% of Defendant's net worth. 15 U.S.C. 1692k (a) (2). Therefore, net worth discovery is relevant.

[2] See Ex. A to Bingham Decl. P5, Interrogatory 1 (b) and Defendant's Response, Ex. B to Bingham Decl. P.13. Also see Plaintiff's Request for Admission #5, requesting an admission that the form letter in the case was sent to more than 40 people, (Ex. A to Bingham Decl. P. 9, and Defendant's Response, Ex. B, P.16.

[3] See Plaintiff's request for Production of Document, Ex A to Bingham Decl. P7, and Defendant's Response, Ex. B, P.20.

meager net worth" or "not class worthy due to insufficient net worth of Defendant, Also, the matter of ascertainability is premature." *Id.*

7. Defendant's "no viable class" supposition is not supported by the FDCPA statute and cases construing it. The FDCPA specifically sanctions class actions **"without regard to a minimum individual recovery"**. 15 U.S.C. §1692k (a)(2). (emphasis added) Defendant's small or even negative net worth is not a reason not to certify an FDCPA class, let alone a reason to allow stonewalling of discovery responses. The most cited case is *Mace v. Van Ru Credit Corp*, 109 F.3d 388, 344 (7th Cir. 1997). There the court said:

> …we believe that a *de minimis* recovery (in monetary terms) should not automatically bar a class action. The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.
> True, the FDCPA allows for individual recoveries of up to $1,000. But this assumes that the plaintiff will be aware of her rights, willing to subject herself to all the burdens of suing and able to find an attorney willing to take her case. These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives.[4]

---

[4] [footnote not in Mace opinion] "nearly every federal court—including this Court—has allowed parties to bring FDCPA class actions precisely because individual claims are unlikely to be brought. See, *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2012 U.S. Dist. LEXIS 196826 at *38040 (W.D. Tex. 2012); *Carmen v. R.A. Rogers, Inc.*, No. SA-16-CA-971-FB (HJB), 2018 U.S. Dist. LEXIS 174461 at *13-14 (W.D. Tex. 2018). Aggregating claims thus encourages lawsuits that produce the "deterrent and curative effect of eliminating abusive collection practices intended by Congress." *Datta v. Asset Recovery Sols., LLC*, No. 15-CV-00188-LHK, 2016 U.S. Dist. LEXIS 36446, at *27-28 (N.D. Cal. 2016); "Rather, the Court must keep in mind the "private attorney general" enforcement mechanism chosen by Congress in enacting the FDCPA. *See Phillips v. Amana Collection Services*, 1992 U.S. Dist. LEXIS 13558, 1992 WL 227839 (W.D.N.Y.). If only those recipients of the letter with significant damages, and thus incentive to sue, brought actions to challenge its legality, the FDCPA would not have the deterrent and curative effect of eliminating abusive collection practices intended by Congress. Id. Although class members may recover smaller damages amounts than would have been the case in individual actions, the Court finds that the class action vehicle is nonetheless

>The attorney's fee provision makes the class action more likely to proceed, thereby helping to deter future violations. When individual class members are offered the right and opportunity to opt out of the class action, the statutory language "without regard to a minimum individual recovery" generally controls. 15 U.S.C. § 1692k(a)(2)(B)." *Id.*

8.      Although the quoted portions of the *Mace* decision are *dicta*, the reasoning of *Mace* has been almost universally adopted by courts that have considered head-on the matter of a defendant's claimed negative or *de minimis* net worth. See, *Warcholek v. Med. Collections Sys.*, 241 F.R.D. 291 (N.D. Ill. 2006) (Class certified where Defendant had negative net worth); *Lemire v. Wolpoff & Abramson, LLP.*, 256 F.R.D. 321, 331 (D. Conn. 2009) ("[E]ven if [defendant's] net worth turns out to be negative, a class action will still be superior to individual litigation"); *Barkouras v. Hecker*, 2006 WL 3544585 *4 (D. Ill. 2003) (class action was the superior device even though the defendant was insolvent); *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 454-456 (D. Neb. 2010) (FDCPA class certified even though defendant had negative net worth).  *Spice v. Blatt, Hasenmiller, Liebsker & Moore LLC*, No. 1:16-CV-366-TLS, 2018 U.S. Dist. LEXIS 11042, at *23-24 (N.D. Ind. 2018) ("The plain language of the FDCPA supports class certification even where individual class member recovery is likely *de minimis*. The statutory language provides that class damages are to be awarded "without regard to a minimum individual recovery. 15 U.S.C. § 1692k(a)(2)(B)(ii)".) *Steffek v. Client Servs., No. 18-C-160, 2018 U.S. Dist. LEXIS 127447 (E.D. Wis. 2018) ("*The fact that recovery may be minimal **supports** Plaintiffs' assertion that a class action is the superior method of resolution*)*;

---

superior, given the remote likelihood that such individual actions actually would be brought. *Macarz v. Transworld Sys.*, 193 F.R.D. 46, 55 (D. Conn. 2000).

(emphasis added)  *Hernandez v. Midland Credit Mgmt.*, 236 F.R.D. 406, 414 (N.D. Ill. 2006) (de minimis recovery not a bar to class certification); *Nichols v. Northland Grps., Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D. Ill. 2006) (*di minimis* recovery no bar to FDCPA certification); *Kalish v. Karp & Kalamotousakis, LLP*, 246 F.R.D. 461, 464-65 (S.D.N.Y. 2007) (de minimis recovery argues in favor of class superiority); *Hicks v. Client Servs.*, 257 F.R.D. 699, 701 (S.D. Fla. 2009) (same); *Egge v. Healthspan Servs. Co.*, 208 F.R.D. 265, 272 (D. Minn. 2002) ("That class members would receive a minimal statutory damage award in a class action here does not warrant denial of class certification."

9. The reasoning behind these cases is well expressed in *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No. 8:08-cv-493-T-26TGW, 2008 U.S. Dist. LEXIS 124382, at *14-16 (M.D. Fla. 2008):

> "A central assumption to the foundation underlying the *de minimis* rule is that an individual will pursue his or her legal rights based on a violation of the FDCPA or FCCPA. This premise is founded on the foregone conclusion that a potential individual plaintiff knows that a given collection letter violates the law, or at least possesses sufficient interest to investigate the legality of the letter. If the individual plaintiff recognizes or discovers a violation, then it is also expected that such discovery will spur the pursuit and hiring of an attorney to file and litigate the action. Congress, however, did not contemplate that suits under the FDCPA would be adjudicated by means of large numbers of individuals filing separate suits. On the contrary, Congress provided for class actions as a means for recovery to "overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action." Amchem, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Based on the intent of the FDCPA and all the various scenarios for recovery, this Court finds that the chance of a *de minimis* recovery should not defeat class certification in this case."

10. District Courts in San Antonio have recently determined that class actions are the superior method of resolving form letter FDCPA cases, even where the expected recovery is small: In *Carmen v. R.A. Rogers, Inc.,*[5] the Court said:

> "Additionally, superiority of class actions in relation to FDCPA claims is apparent in the language of the FDCPA. "The language of the FDCPA governing the recovery in class actions is an indication that Congress views the availability of the class action procedure as an integral part of the enforcement regime."  The typical recovery in FDCPA cases is very small due to the inability to demonstrate the amount of compensation that is reasonable to remedy an unfair collection practice. Not only would other methods of adjudication be inferior to a class action in the FDCPA context but requiring class members to bring individual claims would likely prevent any recovery for these relatively small claims." (Internal citations Omitted"

Also see the general discussion of class action superiority in FDCPA cases in *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2012 U.S. Dist. LEXIS 196826 at *38040 (W.D. Tex. 2012).

11. Despite their usually *de minimis* per class member recovery, "form letter" class actions are routinely certified in this district and others.  See, e.g. *Carmen v. R.A. Rogers*, 2018 U.S. Dist. LEXIS 174461, (W.D. Tex. 2018); *Flecha v. Medicredit, Inc.*, No. 1:16-CV-792-LY, 2018 U.S. Dist. LEXIS 127620 (W.D. Tex. 2018); *Bell v Adler, Wallach, & Associates.*, et. al. 5:16-cv-00366-OLG (Oct. 10, 2017) ; *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2012 U.S. Dist. LEXIS 196826 (W.D. Tex. 2012); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D. Tex. 2009); *Grant v. Ocwen Loan Servicing*, No. 3:15-cv-01376-J-34PDB, 2018 U.S. Dist. LEXIS 135202 (M.D. Fla. 2018); *Steffek v. Client Servs.*, No. 18-C-160, 2018 U.S. Dist. LEXIS 127447 (E.D. Wis. 2018); *Caprio v.*

---

[5] No. SA-16-CA-971-FB (HJB), 2018 U.S. Dist. LEXIS 174461, at *14 (W.D. Tex. 2018).

*Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013); *West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) (involving allegations very similar to the present case).

12. Defendant is basically saying that before Plaintiff gets any class discovery, it must first get the case certified. Again, that is just not the law. The Fifth Circuit has said " In light of the mandate of Rule 23(c)(1) that a certification determination be made "(as) soon as practicable after the commencement of (the) action," we think it imperative that the district court be permitted to limit pre-certification discovery to evidence that, in its sound judgment, would be "necessary or helpful" to the certification decision. Our prior decisions make it clear, however, that in most cases "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982), citing *Pittman v. E. I. duPont de Nemours & Co.*, 552 F.2d 149, 150 (5th Cir. 1977). See also, *Miner v. Gov't Payment Serv.*, No. 14-cv-7474, 2017 U.S. Dist. LEXIS 142834, at *8 (N.D. Ill. 2017) ("In Rule 23 cases where plaintiffs have not yet filed a motion for class certification, discovery may be used to help determine whether the class can properly be certified, particularly with respect to the threshold requirements of "numerosity, common questions, and adequacy of representation.", citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

13. Plaintiff asks the Court order Defendant to admit or deny Request for Admission No. 5 and fully and completely answer Interrogatory # 1, 5, 8, 9, 11, 12 and 13 of the first set of interrogatories and Interrogatory # 1 and 3 of the second set of Interrogatories. All these interrogatories are relevant to numerosity and/or ascertain- ability, or to Defendant's *bona fide* error defense.

14. Plaintiff asks the Court to order Defendant to produce documents response to Request for Production # 1, 15 (as it relates to 2018 tax returns or net worth calculations) which are relevant to Defendant's net worth and affirmative defense of *bona fide* error despite reasonable procedures to prevent such errors. The documents requested in Request for Production # 16 are also relevant to whether Defendant can ascertain from its records the people to whom it sent the form letter that is at issue in this case.

15. **Certificate of Conference.**  The undersigned certifies that over weeks and weeks, via correspondence, emails and sending briefing to Defendant's counsel, Plaintiff's counsels have conferred and attempted to confer with Defendant's counsel, but this matter is still unresolved.

Wherefore, premises considered, Plaintiff prays that Defendant be ordered to respond to discovery request as requested herein. Plaintiff prays for general relief.

Respectfully submitted,

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

**LAW OFFICE OF BILL CLANTON, P.C.**
926 Chulie Dr.
San Antonio, Texas 78216
(210) 226-0800 Telephone
(210) 338-8660 Facsimile

By:  */s/ Benjamin R. Bingham*
 BENJAMIN R. BINGHAM
 State Bar No. 02322350
 ben@binghamandlea.com
 WILLIAM M. CLANTON
 State Bar No. 24049436
 bill@clantonlawoffice.com

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I certify by my signature below that on May 20, 2019, I have caused a true and correct copy of the above and foregoing to be served through the Court's Electronic Case Noticing System on the following:

Tom Clarke
Tclarkeatty7@aol.com
LAW OFFICES OF TOM CLARKE
8026 Vantage Dr., #105
San Antonio, Texas 78230

*COUNSEL FOR DEFENDANT*

 */s/ Benjamin R. Bingham*
 BENJAMIN R. BINGHAM
 WILLIAM M. CLANTON