UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

## Declaration of Ben Bingham
### in Support of Plaintiff's Motion to Compel Discovery Responses

My name is Benjamin (Ben) R. Bingham. I am one of Plaintiff's counsel in this case. In support of Plaintiff's Motion to Compel Discovery Responses, I offer for the Court's consideration the following exhibits:

Exhibit A: A copy of Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Request for Admission.

Exhibit B, a copy of Defendants responses to the first set of discovery requests that is Exhibit A.

Exhibit C, a copy of Plaintiff's second set of interrogatories to Defendant, and

Exhibit D, a true and correct copy of Defendant's responses to Plaintiff's second set of Interrogatories.

For easier reference, I have hand-written page numbers in the bottom right hand corner of the exhibits, and the number in parenthesis refer to the hand-written page numbers).

To the first set of discovery request, Plaintiff seeks to compel responses to Interrogatory 1 in the first set of discovery (p.5, Responses at p.13), Interrogatory 5, Interrogatories 8,9, 11,12,13, all of which Defendant responded "will supplement" but hasn't done so thus far. The discovery cut-off is June 10th.

Plaintiff seeks to compel and answer to Request for Admission #5 (Request at P. 9, Response at P. 16).

Plaintiff seeks to compel production of the documents requested in Request for Production No. 1 (Request at P. 7, Response at P. 20), 15 (concerning 2018 tax return or balance sheets) and 16 (Requests P. 8, Responses P. 21).

With respect to Plaintiff's Second Set of Interrogatories, Plaintiff seeks to compel a response to Interrogatory No 1 (Interrogatory at P. 25, Response at P. 29) and 3 (Interrogatory P26, Response P.30).

Plaintiff contends that all the discovery requests which Plaintiff seeks to compel responses are relevant to the issues of numerosity, ascertainability, and to Defendant's affirmative defense of *bona fide error* despite reasonable procedures in place to avoid such errors.

This declaration is made under penalty of perjury this 17th day of May 2019, in San Antonio, Texas.

_____

Benjamin R. Bingham

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS TO DEFENDANT**

---

**TO:   DEFENDANT, TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP,** by and through its attorney, Tom Clarke at the Law Offices of Tom Clarke, 8026 Vantage Dr., Ste. 105, San Antonio, Texas 78230.

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories, Requests for Production of Documents, and Requests for Admissions propounded by Sadie Hackler, Plaintiff herein, through her attorneys of record, within thirty (30) days from service hereof in accordance with the provisions of Rule 33, 34 and 36, et seq., of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories, Requests for Documents and Requests for Admissions are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

**INSTRUCTIONS**

In answering these Interrogatories, Requests for Production of Documents and Requests for Admissions, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories, Requests for Production Documents and Requests for Admissions, in full, after exercising due diligence

to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories, Requests for Production of Documents and Requests for Admissions, may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. Further, in each such instance, please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases that require you to refer to the "Definitions" section of this document provided herein below.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);
    (b)    the author or sender of the document;
    (c)    the recipient of the document;
    (d)    the date the document was authored, sent, and/or received; and
    (e)    the reason such document is allegedly privileged.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January 2009, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory, Requests for Production of Documents and Requests for Admissions, should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, e-mails, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties,

2

advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents: includes Automated Universal Dataforms (AUD) used in the credit reporting industry. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

2.     "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

3.     "Concerning" means related to, about, in connection with.

4..    "Identify" means that you should state:

    (a)    any and all names, legal, trade or assumed;
    (b)    all addresses used;
    (c)    all telephone and tele-fax numbers used; and, if applicable:
    (d)    brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and
    (e)    employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.
    (f)    Title, type or category of document

5.     "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

6.     "the form letter" refers to the form of letter attached to Plaintiff Amended Complaint as Exhibit 1 or any letter with substantially the same content and containing the following language "If you voluntarily surrender possession of the collateral specified herein, you could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe."

7.     "Plaintiff" or "Plaintiffs" refers to Sadie Hackler for herself and all others similarly situated.

8.     "Putative Class" refers to the putative class described in Plaintiff's Amended Complaint filed in this case.

3

9.    "Complaint" means the most recent amended complaint filed in this case.

10.    "You" refers to defendant Tolteca Enterprises, Inc. d/b/a Phoenix Recovery Group, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities, whether or not separately incorporated. You may also be referenced herein simply as "Defendant".

11.    The "relevant time period is from August 31, 2017 through the last day of trial of this case. All discovery request are restricted to the relevant time period unless a different time is specified in a particular request.

12.    "Factual" means concerned with what is actually the case, rather than interpretations of or reactions to it.

13.    "Consumer" as used herein has the same meaning as defined in 15 U.S.C. §1692a(3);

14.    "Debt" as used herein has the same meaning as defined in 15 U.S.C. §1692a(5);

15.    "Debt collector" as used herein has the same meaning as defined in 15 U.S.C. §1692a (6);

16.    "Communications" as used herein has the same meaning as defined in 15 U.S.C. §1692a (2);

17.    "Form letter" means a standardized letter to deal with frequently occurring matters.

18.    "Initial communication letter" means any documents sent to a consumer pursuant to 15 U.S.C. 1692g (a).

19.    "Net worth" means the fair market value of Defendant (as opposed to book value).

## INTERROGATORIES

1.    With respect to the letter attached to the Complaint as Exhibit 1, please:

   (a)  Describe under what circumstances the letter is sent by you;

   (b)  State how many of the letters of the same or similar content were sent to consumers debtors during the relevant time period (count repeated letters sent to the same household as separate letters sent);

   (c)  Identify each consumer to whom the same or similar letter was sent during the relevant time period;

   (d)  State how many consumers were sent more than one letter of the same or similar content during the relevant time period;

2.    If you contend that Plaintiff's claims against you are not typical of the claims of other people to whom the form letter has been sent, state all the factual reasons for such contention.

3.    If you contend that this case is not suitable for the class action procedure, state all the factual reasons for such contention.

4.    If you contend that individual issues of fact or law predominate over issues of fact or law common to the class Plaintiff seeks to certify, state all the factual reasons for such contention.

5.    Identify all creditors for whom you have sent to their consumers letters of the same or similar content as Exhibit 1 to Plaintiff's Complaint in this case. (unless already disclosed in response to the request for disclosure concerning additional parties to be joined in this action).

6.    State the net worth of Defendant for the last three years (2016, 2017, and 2018) and identify all documents that demonstrate Defendant's net worth during those years.

5

7.     State what factor you considered in arriving at your statement of the net worth of Defendant.

8.     Does the amount that you claim is due from Plaintiff include a "one-time agency fee" referred to in your letter, and if so, how much is the alleged fee?

9.     State the total revenue of Defendant in 2018.

10.    Identify all of the shareholders of Defendant.

11.    State the factual basis for your affirmative defense that it was a *bona fide* error for you to have sent to Plaintiff the letter that is attached as Exhibit 1 to the Complaint in this case.

12.    From where or what source did you obtain the form letter or same content in the form letter that is attached as Exhibit 1 to Plaintiff's Complaint in this case.

13.    For how long have you been using the form letter or same content in the form letter that is attached as Exhibit 1 to Plaintiff's Complaint in this case.



## REQUEST FOR PRODUCTION OF DOCUMENTS

1.      Please produce any and all procedure manuals or documents used during the relevant time period that concern your procedures for collection of alleged debts from consumers.

2.      Please produce all documents in your possession that concern Plaintiff.

3.      Please produce all documents passing between you and Plaintiff.

4.      Please produce all documents passing between you and the original creditor that concern or mention Plaintiff.

5.      Please produce all documents passing between you and any credit reporting agency that concern or mention Plaintiff, whether by Automated Universal Dataform or otherwise.

6.      Please produce documents that will identify all persons to whom you have sent the form letter within the relevant time period.

7.      Please produce an exemplar of each form collection letter you have used in relation to collection of alleged debts during the relevant time period.

8.      Please produce all of your bonds that you contend comply with Texas Finance Code §392.101;

9.      Please produce your fee agreement with your attorneys.

10.     Please produce the most recent audited financial statement of Defendant (Plaintiff will enter the standard Western District of Texas Protective order with respect to the requested documents).

7

11.     Please produce the most recent un-audited financial statement of Defendant (Plaintiff will enter the standard Western District of Texas Protective order with respect to the requested documents).

12.     Please produce all insurance policies that may or might cover the allegations made in the Complaint.

13.     Please produce an exemplar of every form of initial communication letter you have sent to consumers within the 3 years preceding the filing of the Complaint in this case.

14.     Please produce all document which you claim allow you to truthfully allege that some consumer debt balances might "include a one-time agency fee".

15.     Please produce all financial statements, profit and loss statements, income statements, balance sheets, valuation and federal tax returns that you have created and/or delivered to third parties, including banks, mortgage companies, other lenders, shareholders, bonding companies, and tax preparers in 2016, 2017 and 2018.

16.     Please produce all documents concerning your *bona fide* error affirmative defense.

17.     Please produce all of the documents you received from the original creditor (your client) concerning Plaintiff.



## REQUESTS FOR ADMISSIONS

1.    Admit or deny that the letter attached as Exhibit 1 to the Complaint is a true and correct copy of the original letter you sent to Plaintiff.

2.    Admit or deny that you sent the letter attached as Exhibit 1 to the Complaint to Plaintiff.

3.    Admit or deny that the letter attached to the Complaint as Exhibit 1 was your initial communication with Plaintiff.

4.    Admit or deny that the letter attached as Exhibit 1 to the Complaint is a form letter.

5.    Admit or deny that you have sent the form letter attached as Exhibit 1 to the Complaint to at least 40 alleged debtors during the relevant time period.

6.    Admit or deny that you are a debt collector as that term is defined in 15 U.S.C 1692a (6).

7.    Admit that the alleged debt of Plaintiff in this case is an alleged debt as defined by 15 U.S.C. 1692a (5).

8.    Admit or deny that Defendant does not maintain procedures reasonably adapted to ensure that the notice required by 15 U.S.C. §1692g is included in all initiation communication with consumer debtors.

9.    Admit or deny that Defendant does not maintain procedures reasonably adapted to ensure that an accurate statement of the amount of the debt alleged owed by the consumer that is required by 15 U.S.C. §1692g is included in all initiation communication with consumer debtors.

Respectfully submitted,

**LAW OFFICE OF BILL CLANTON, P.C.**
926 Chulie Dr.
San Antonio, Texas 78216
(210) 226-0800 Telephone
(210) 338-8660 Facsimile

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

By: */s/ Benjamin R. Bingham*
       BENJAMIN R. BINGHAM
       State Bar No. 02322350
       ben@binghamandlea.com
       WILLIAM M. CLANTON
       State Bar No. 24049436
       bill@clantonlawoffice.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify by my signature below that on December 14, 2018, I have caused a true and correct copy of the above and foregoing to be served by e-mail and U.S. First Class Mail on the following:

Tom Clarke
Tclarkeatty7@aol.com
LAW OFFICES OF TOM CLARKE
8026 Vantage Dr., #105
San Antonio, Texas 78230

*COUNSEL FOR DEFENDANT*

        */s/ Benjamin R. Bingham*
       BENJAMIN R. BINGHAM
       WILLIAM M. CLANTON

Jan 14 19 11:17a          Tom Clarke Atty At Law                2103487946                    p.1

Thomas A. Clarke
Attorney & Counselor at Law

8026 Vantage Drive                                    210/340-8448
Suite 105                                             210/348-7946 Fax
San Antonio, Texas 78230

---

FAX SHEET

TO: _Benjamin Bingham_

FAX #: _210/224-0141_   DATE: _1-14-19_

RE: _Haeller v Taltcca_

---

☐ URGENT          ☐ FOR REVIEW          ☐ PLEASE COMMENT          ☐ PLEASE REPLY

NOTES/COMMENTS

_Interrogatory Responses_

---

If transmission is incomplete, please call 210/340-8448

***Confidentiality Notice:*** This faxed message and any accompanying documents are confidential and legally privileged. If the reader is not the intended recipient, you are notified that any use, disclosure, dissemination, distribution, or copying of this is prohibited. This fax is intended only for the use of the person named above. If you have received this in error, please notify us immediately to arrange for its return to us, or its destruction.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER                    )        CIVIL NO. 5:18-CV-00911-XR

V.                               )

TOLTECA ENTERPRISES INC.,
DBA THE PHOENIX RECOVERY
GROUP                            )

### DEFENDANT'S RESPONSES AND OBJECTIONS TO INTERROGATORIES

        Defendant makes the following responses and objections to the Plaintiff's First Set of
Interrogatories.

                              S/Tom Clarke
                              TBN 04318600
                              8026 Vantage Dr. #105
                              San Antonio, TX 78230
                              210/340-8448
                              210/348-7946 fax
                              tclarkeatty7@aol.com

                              Attorney for Defendant

### CERTIFICATE OF SERVICE

        I certify that a copy has been served on Benjamin Bingham, Plaintiff's Attorney, by fax to
210/224-0141 on January 14, 2019.

                              S/Tom Clarke


                              Interrogatory Responses & Objections

General Objection: Defendant objects to the definition of "Plaintiff" as being overbroad and
because no class action has been certified.

Objection to the language about the terminology "If you voluntarily surrender possession of the
collateral specified herein, you could still owe additional monies after the money received from
the sale of the collateral is deducted from the total amount you owe". That is not in any letter
from the Defendant to Sadie Hackler. Therefore, the definition of "form letter" is erroneous.

/2

All interrogatories about or on "form letter" is therefore erroneous and objected to as being false, misleading and inaccurate.

Object to the definition of "new worth" as being incorrect and misleading. Net worth is the value of all assets minus all liabilities and that amount is contended to be reflected on the Defendant's tax returns. Defendant contends it is not fair market value but book value.

1. Object as overbroad, unduly burdensome, not relevant or likely to lead to admissible evidence and as premature as no class exists and no class has been certified and this case is not class viable anyway.

Subject thereto,

Letter sent to Plaintiff to notify her of her debt owed her creditor.

Unknown as to whether any similar letter sent anyone else and quantity unknown and not readily ascertainable.

Don't know about any other letters or identities of any consumer.

Would show that this case is not class worthy and therefore the matters inquired about are objectionable and premature and in any event inquiring about the matter would be unduly expensive and time consuming to research for which a protective order would be needed concerning cost and invading confidential business practices, identities, and methods of conduction business. Object as being irrelevant, overbroad, unduly burdensome, object as not being reasonably calculated to lead to the discovery of admissible evidence, object as being a fishing expedition.

2. Too vague and speculative to answer and also there are no other complaints about the Defendant's letter. Therefore, unable to answer.

3. No ascertainable class; class claims are ambiguous and vague; insufficient redressability due to Defendant's meager net worth; not superior to individual cases; too many variables so common questions of law and fact do not exist; overbroad and unduly burdensome to research; identities are private information; not every consumer collection matter includes any collection fees; statute of limitations issues may exist on claims; negative to very small net worth so not class viable. Object as being irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4. Insufficient information at this time to respond to this interrogatory and it is objected to as being overbroad, unduly burdensome; irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, premature since no class has been certified and this case is not class worthy in any event due to problems of ascertainability and Defendant's net worth which is between negative to at most $45,000.

13

5. Object as being overbroad, unduly burdensome, irrelevant, premature as no class exists or has been certified, object as not being reasonably calculated to lead to the discovery of admissible evidence, object as being unduly invasive of Defendant's privacy and that of their clients (the creditors), object as the creditors are not parties to this lawsuit and their information is private; object as Defendant's creditors are not parties and Defendant has no permission to divulge their identities and object as Defendant is not required to create a list and therefore this is an improper interrogatory. Defendant would be needing a protective order on this.

6. Defendant's net worth is between a negative $60,000 to + $45,000. Documents: 2016 and 2017 tax returns and any other documents Brian Boyd CPA has on the company's financial condition. 2018 documents are not prepared yet.

7. Subject to any analysis of Brian Boyd CPA, assets minus liabilities.

8. Will supplement.

9. Will supplement.

10. Object as being unduly invasive of the private business of the Defendant and not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Object as the shareholders are not parties to this lawsuit.

You are not entitled to know who the shareholders are. On proper requests, will disclose the corporate officers however.

11. Will supplement.

12. Will supplement.

13. Will supplement.

*14*

**Thomas A. Clarke**
Attorney & Counselor at Law

8026 Vantage Drive                                     210/340-8448
Suite 105                                              210/348-7946 Fax
San Antonio, Texas 78230

---

FAX SHEET

TO: _Benjamin Bingham_

FAX #: _210/224-0141_     DATE: _1-12-19_

RE: _Hackler v Toltera_

---

☐ URGENT        ☐ FOR REVIEW      ☐ PLEASE COMMENT        ☐ PLEASE REPLY

NOTES/COMMENTS

_RFA responses_

---

If transmission is incomplete, please call 210/340-8448

*Confidentiality Notice:* This faxed message and any accompanying documents are confidential and legally privileged. If the reader is not the intended recipient, you are notified that any use, disclosure, dissemination, distribution, or copying of this is prohibited. This fax is intended only for the use of the person named above. If you have received this in error, please notify us immediately to arrange for its return to us, or its destruction.

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER                           )           CIVIL NO. 5:18-CV-00911-XR

V.                                      )

TOLTECA ENTERPRISES INC.,
DBA THE PHOENIX RECOVERY
GROUP                                   )

Defendant makes the following responses to the Plaintiff's Requests for Admission.

> S/Tom Clarke
> TBN 04318600
> 8026 Vantage Dr. #105
> San Antonio, TX 78230
> 210/340-8448
> 210/348-7946 fax
> tclarkeatty7@aol.com

> Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy has been served on Benjamin Bingham, Plaintiff's Attorney, by fax to 210/224-0141 on January 12, 2019.

> S/Tom Clarke

Responses to Requests for Admissions

1. Admit.

2. Admit.

3. Probably. Research continues on that.

4. Admit.

5. Unable to admit or deny due to insufficient information. Otherwise, denied.

6. Admit.

16

7. Admit.

8. Denied.

9. Denied.

17

Thomas A. Clarke
Attorney & Counselor at Law

8026 Vantage Drive                                  210/340-8448
Suite 105                                           210/348-7946 Fax
San Antonio, Texas 78230

---

FAX SHEET

TO: _Benjamin Bingham_

FAX #: _210/224-0141_   DATE: _1-14-19_

RE: _Hackler v Toltecn_

---

☐ URGENT        ☐ FOR REVIEW        ☐ PLEASE COMMENT        ☐ PLEASE REPLY

NOTES/COMMENTS

_Production responses_

---

If transmission is incomplete, please call 210/340-8448

*Confidentiality Notice:* This faxed message and any accompanying documents are confidential and legally privileged. If the reader is not the intended recipient, you are notified that any use, disclosure, dissemination, distribution, or copying of this is prohibited. This fax is intended only for the use of the person named above. If you have received this in error, please notify us immediately to arrange for its return to us, or its destruction.

18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER                          )        CIVIL NO. 5:18-CV-00911-XR

V.                                     )

TOLTECA ENTERPRISES INC.,
DBA THE PHOENIX RECOVERY
GROUP                                  )

## DEFENDANT'S RESPONSES AND OBJECTIONS TO

## THE REQUESTS FOR PRODUCTION

Defendant makes the following responses and objections to the Plaintiff's Requests for Production of Documents.

S/Tom Clarke
TBN 04318600
8026 Vantage Dr. #105
San Antonio, TX 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy has been served on Benjamin Bingham, Plaintiff's Attorney, by fax to 210/224-0141 on January 14, 2019.

S/Tom Clarke

Production Responses & Objections

General Objection: Defendant objects to the definition of "Plaintiff" as being overbroad and because no class action has been certified.

Objection to the language about the terminology "If you voluntarily surrender possession of the collateral specified herein, you could still owe additional monies after the money received from the sale of the collateral is deducted from the total amount you owe". That is not in any letter

*19*

from the Defendant to Sadie Hackler. Therefore, the definition of "form letter" is erroneous.

All inquiries about or on "form letter" is therefore erroneous and objected to as being false, misleading and inaccurate.

Object to the definition of "new worth" as being incorrect and misleading. Net worth is the value of all assets minus all liabilities and that amount is contended to be reflected on the Defendant's tax returns. Defendant contends it is not fair market value but book value.

1.  Object as overbroad, unduly burdensome, not relevant or likely to lead to admissible evidence. Object as being a fishing expedition. Object as being oppressive and disproportionate to the needs of this case.

2.  Will produce the file on Ms. Hackler.

3.  Will produce the file on Ms. Hackler.

4.  Will produce any documents Defendant has received or sent to Ms. Hackler's creditor.

5.  Will produce any documents in Defendant's possession custody or control from any credit reporting agency on Ms. Hackler.

6.  No list exists. Object to creating one.

7.  None known other than the letter to Ms. Hackler.

8.  This information is on file with the Texas Secretary of State. You may obtain it there.

9.  Object as Defendant is not claiming attorney fees in this case. Therefore, irrelevant.

10. Subject to a confidentiality agreement and a protective order as per the WDTX the Defendant will produce its 2016 and 2017 tax returns.

Do not have any audited statements from Brian Boyd CPA for the Defendant and object to creating one since it is not required to be created.

11. Same answer as 10, above.

12. None known.

13. Object as being overbroad, outside the 1 year relevant time period, object as being unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

20

14. Object as being overbroad, outside the 1 year relevant time period, object as being unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections, if the underlying contract between the creditor and consumer allows for collection of agency fees, then it is possible that such a fee would be included in the principal amount owed the creditor.

15. Object to the extent any such document does not exist; object as being overbroad, oppressive, unduly burdensome, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence; object as being a fishing expedition.   Object as 2018 tax return not ready yet; a confidentiality and protective order will be necessary on this; subject to the objections, will produce 2016 and 2017 tax returns and if there are any other documents responsive will seek to get and produce them unless same are otherwise subject to these objections or do not exist.

16.  Will supplement.

17.  Will produce whatever Ms. Hackler's creditor sent Defendant on the debt claim.

2|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

**TO: DEFENDANT, TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP,** by and through its attorney, Tom Clarke at the Law Offices of Tom Clarke, 8026 Vantage Dr., Ste. 105, San Antonio, Texas 78230.

PLEASE TAKE NOTICE that you are hereby notified and required to respond to the following Interrogatories, Requests for Production of Documents, and Requests for Admissions propounded by Sadie Hackler, Plaintiff herein, through her attorneys of record, within thirty (30) days from service hereof in accordance with the provisions of Rule 33, 34 and 36, et seq., of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories, Requests for Documents and Requests for Admissions are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## INSTRUCTIONS

In answering these Interrogatories, Requests for Production of Documents and Requests for Admissions, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories, Requests for Production Documents and Requests for Admissions, in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible,

---

PLAINTIFF'S SECOND SET OF INTERROGATORIES

22

specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories, Requests for Production of Documents and Requests for Admissions, may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. Further, in each such instance, please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases that require you to refer to the "Definitions" section of this document provided herein below.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

> (a)   the nature of the document (e.g., letter, memorandum, contract, etc.);
> (b)   the author or sender of the document;
> (c)   the recipient of the document;
> (d)   the date the document was authored, sent, and/or received; and
> (e)   the reason such document is allegedly privileged.

Unless otherwise stated, each Interrogatory pertains to the time period beginning January 2009, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory, Requests for Production of Documents and Requests for Admissions, should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, e-mails, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines,

---

publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents: includes Automated Universal Dataforms (AUD) used in the credit reporting industry. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

2. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

3. "Concerning" means related to, about, in connection with.

4. "Identify" means that you should state:

    (a)    any and all names, legal, trade or assumed;
    (b)    all addresses used;
    (c)    all telephone and tele-fax numbers used; and, if applicable:
    (d)    brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and
    (e)    employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.
    (f)    Title, type or category of document

5. "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

6. "Plaintiff" or "Plaintiffs" refers to Sadie Hackler for herself and all others similarly situated.

7. "Putative Class" refers to the putative class described in Plaintiff's Amended Complaint filed in this case.

8. "Complaint" means the most recent complaint or amended complaint filed in this case.

9. "You" refers to defendant Tolteca Enterprises, Inc. d/b/a Phoenix Recovery Group, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the

---

24

broadest sense.   "You" includes any of your sister companies or related entities, whether or not separately incorporated.   You may also be referenced herein simply as "Defendant".

10.   The "relevant time period is from August 31, 2017 through the last day of trial of this case. All discovery requests are restricted to the relevant time period unless a different time is specified in a particular request.

11.   "Factual" means concerned with what is actually the case, rather than interpretations of or reactions to it.

12.   "Consumer" as used herein has the same meaning as defined in 15 U.S.C. §1692a(3);

13.   "Debt" as used herein has the same meaning as defined in 15 U.S.C. §1692a (5);

14.   "Debt collector" as used herein has the same meaning as defined in 15 U.S.C. §1692a (6);

15.   "Communications" as used herein has the same meaning as defined in 15 U.S.C. §1692a (2);

16.   "Form letter" means a standardized letter to deal with frequently occurring matters.

17.   "Initial communication letter" means any documents sent to a consumer pursuant to 15 U.S.C. 1692g (a).

18.   "Net worth" means the book value of Defendant.


## INTERROGATORIES

1.   With respect to the letter attached to the Complaint as Exhibit 1, please:

   (a) State how many of the letters of the same or similar content were sent to consumers debtors during the relevant time period (count repeated letters sent to the same household as separate letters sent);

   (b) Identify each consumer to whom the same or similar letter was sent during the relevant time period;

   (c) State how many consumers were sent more than one letter of the same or similar content during the relevant time period;

25

(d) State why you deleted the "in writing" phrase that was in your demand letters in the past. **(See Exhibit X attached hereto, compared to Exhibit 1 attached to Plaintiff's Complaint)**

2. State what efforts you made prior to answering Plaintiff's First set of Interrogatories on January 14, 2019 to determine whether letters similar to that attached as Exhibit 1 to Plaintiff's Complaint were sent to other persons during the relevant time period.

3. State all the reasons that you claim a class is unascertainable in this case.

4. State why and when you decided to drop the "in writing" phrase you used in your initial communication letters in December of 2014 (compare Exhibit 1 to Plaintiff's Complaint to Exhibit X attached hereto).

5. State whether you have compared the effectiveness of your collection efforts for any time period before and after you took the "in writing" out of your initial collection letters.

Respectfully submitted,

**LAW OFFICE OF BILL CLANTON, P.C.**
926 Chulie Dr.
San Antonio, Texas 78216
(210) 226-0800 Telephone
(210) 338-8660 Facsimile

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

By: /s/ Benjamin R. Bingham
        BENJAMIN R. BINGHAM

26

State Bar No. 02322350
ben@binghamandlea.com
WILLIAM M. CLANTON
State Bar No. 24049436
bill@clantonlawoffice.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify by my signature below that on February 26, 2019, I have caused a true and correct copy of the above and foregoing to be served by e-mail and U.S. First Class Mail on the following:

Tom Clarke
Tclarkeatty7@aol.com
LAW OFFICES OF TOM CLARKE
8026 Vantage Dr., #105
San Antonio, Texas 78230

*COUNSEL FOR DEFENDANT*

/s/ Benjamin R. Bingham
BENJAMIN R. BINGHAM
WILLIAM M. CLANTON

PLAINTIFF'S SECOND SET OF INTERROGATORIES

27

Thomas A. Clarke
Attorney & Counselor at Law

8026 Vantage Drive                                    210/340-8448
Suite 105                                             210/348-7946 Fax
San Antonio, Texas 78230

_____

FAX SHEET

TO: _Bob Bingham 210/224-0141_____

FAX #: _B. Clampton 210/338-8660_ DATE: _3-24-19___

RE: _____Hackler_____

_____

☐ URGENT          ☐ FOR REVIEW        ☐ PLEASE COMMENT      ☐ PLEASE REPLY

NOTES/COMMENTS

_____Discovery responses_____

_____

_____

_____


If transmission is incomplete, please call 210/340-8448

*Confidentiality Notice:* This faxed message and any accompanying documents are confidential and legally privileged. If the reader is not the intended recipient, you are notified that any use, disclosure, dissemination, distribution, or copying of this is prohibited. This fax is intended only for the use of the person named above. If you have received this in error, please notify us immediately to arrange for its return to us, or its destruction.

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER                    )        CIVIL NO. 5:18-CV-00911-XR

V.                               )

TOLTECA ENTERPRISES INC.,
DBA THE PHOENIX RECOVERY
GROUP                            )

### DEFENDANT'S RESPONSES AND OBJECTIONS TO

### THE SECOND SET OF INTERROGATORIES

Defendant makes the following responses and objections to the Plaintiff's Second Set of Interrogatories.

S/Tom Clarke
TBN 04318600
8026 Vantage Dr. #105
San Antonio, TX 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com

Attorney for Defendant

### CERTIFICATE OF SERVICE

I certify that a copy has been served on Benjamin Bingham, Plaintiff's Attorney, by fax on March 26, 2019.

S/Tom Clarke

General Objection: Object ot the definition of relevant time period since the relevant time period would be   1 year from the date Plaintiff received the letter of which she complains; not all the way up to the end of this lawsuit.

1.  Object since these interrogatories are premature because the matter of whether this case is a viable class action has not been determined and this discovery is not ripe for response.  Judge Rodriguez stated that the threshold issue of net worth should be tackled first before delving into class issues.



29

Further object as being unduly burdensome.

2. Same response as above.

3. Not class worthy due to insufficient net worth of Defendant. Also, the matter of ascertainability is premature.

4. A mistake occurred. Defendant confused a consumer's right to verbally dispute a debt with a written dispute.

5. Object: vague, ambiguous, not limited to the one year limitation period of the FDCPA, too open ended and unrestricted to a time period, "any time period" is too overbroad and would be unduly burdensome, calls for speculation, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, object as being oppressive and harassing; in any event the question cannot be answered. So the response is that no study has been or can be conducted. Defendant would contend that the presence of absence of the "in writing" phrase is immaterial. Anyway, it is impossible to determine if there was, could be, or might be a difference in effectiveness. Therefore, the interrogatory cannot be answered any better than as stated herein in this response and in light of these objections. Subject thereto, Defendant believes that no comparison can be made and there are too many other variables such as the nature and quality of the debt; the ability of the consumer to pay or enter into a reasonable settlement plan; the willingness of the creditor to settle; whether the debt amount includes reletting charges, apartment damages, the security deposit, and accelerated rent charges, etc. Finally, no such study has been or could be conducted.

30