# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § § § | |
| *Plaintiff*, | § § | |
| *v.* | § § | Civil Action No. SA-18-CV-911-XR |
| TOLTECA ENTERPRISES, INC. DBA THE PHOENIX RECOVERY GROUP, | § § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered Plaintiff's Motion for Class Certification (docket no. 30) and Defendant's Response to Plaintiff's Motion (docket no. 35). For the following reasons, the Motion is GRANTED.

### I.   Factual Background

This case is brought under the Federal Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges that her former landlord turned over to Defendant a debt owed to the landlord for repairs. Docket no. 1 at 2. Plaintiff alleges that Defendant's initial communication with her on June 5, 2018 (the "Form Letter") failed to conform to FDCPA's § 1692g requirement that the letter inform her of her right to dispute in writing the alleged validity of the debt. *Id.* at 3. Plaintiff further alleges the Form Letter did not accurately state the amount of the debt sought to be collected, as the letter stated a "Total Due" amount as well as a "one-time agency collection fee" without disclosing whether that fee is included in the "Total Due" amount. *Id.* at 4. Plaintiff alleges that this failure to disclose impairs her, and putative class members' ability to assess the validity of the

debt and that the letters are thus misleading and violate the FDCPA's requirement to inform the consumer-debtor of the "amount due." *Id.; see* §§ 1692g(a)(1), 1692e(2)(A), 1692e(10).

## II. Class Certification

Plaintiff seeks to certify a class defined as:

All persons in the United States and its territories who, within the year preceding the filing of this suit, were sent an initial communication letter by Defendant that:

- Had these words in this order: "If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid."

- Regardless of whether the letter contained the words "in writing" and "written request," the letter included the statement "Your balance may reflect a one-time agency collection fee."

- The class does not include persons who, prior to the date the action is certified to proceed as a class, either (1) provided Defendant with a notice of a bankruptcy filing, (2) commenced an action in any court against Defendant alleging violation of the FDCPA, (3) signed a general release of claims against Defendant, (4) is a judge assigned to this case or is a member of such judge's staff or immediate family, or (5) Defendant can demonstrate that the Form Letter was not received by the addressee.

Docket no. 30 at 3.

Defendant opposes the certification, alleging that any award in this case "would only generate a miniscule amount for class members" because of Defendant's purported low net worth. Thus, Defendant argues, a class action is not "viable for lack of redressability" and is therefore not a superior method of adjudication. Docket no. 35 at 1. Defendant further argues that information on class membership is not easily obtainable. *Id.* at 3.

### A. Article III Standing

In the Fifth Circuit, "[s]tanding is an inherent prerequisite to the class certification inquiry.

2

*Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001). Although certification might be a more straightforward issue, the Court must decide standing first because standing "determines the court's fundamental power even to hear the suit." *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (holding that the district court erred by not demanding a showing of standing before certifying a class).

The constitutional minimum for standing requires three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, plaintiffs must have suffered an injury in fact – an "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* "Second, there must be a causal connection between the injury and the conduct complained of . . . ." *Id.* Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561.

In this case, Defendant questions whether plaintiff has suffered a real injury-in-fact. Docket no. 35 at 5. Defendant further questions whether Plaintiff has standing "when there [is] no meaningful relief [that will] result in this case." *Id.* Thus, Defendant argues that Plaintiff falls short of the first and third *Lujan* elements: injury-in-fact and redressability.

First, Plaintiff here has suffered an alleged harm sufficient to satisfy the injury-in-fact requirement, as Plaintiff "has alleged specific statutory provisions that were violated and has also stated what statutory provisions entitle her to relief." *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2012 WL 12861080, at *3 (W.D. Tex. Jan. 17, 2012). Specifically, Plaintiff has alleged a violation of 15 U.S.C. §§ 1692(g)(4)-(5), 1692e(2)(A), and 1692e(10). Docket no. 1 at 3-4.[1]

---

[1] Though Defendant does not raise the second element of standing, causation, Plaintiff's alleged injury-in-fact is "fairly traceable" to Defendant's alleged statutory violation. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016).

3

The Fifth Circuit recently affirmed standing in an FDCPA case by noting that "'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.'" *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1547). Among those circumstances, the Fifth Circuit noted, are "cases where a statutory violation creates the 'real risk of harm.'" *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549). In that case, the risk of financial harm caused by an inaccurate credit rating constituted a "real risk of harm" created by a statutory violation. *Id; see also Tejero v. Portfolio Recovery Assoc., LLC*, No. A-16-CA-767-SS, 2017 WL 3217101, at *4 (W. D. Tex. July 27, 2017) (finding that the alleged failure to mark a debt as disputed was an injury-in-fact). Here, too, the Plaintiff might be subject to a "real risk of harm" from the failure to inform her of the right to dispute in writing the alleged validity of the debt, as well as the failure to properly inform Plaintiff of the amount owed. Further supporting Plaintiff's standing, the FDCPA provides for statutory damages upon a debtor collector's violation of the statute. *See* 15 U.S.C. § 1692(k)(a) (2011).

Second, as to redressability, this Court could provide Plaintiff with the relief she desires by ordering Defendant to pay her the requested statutory damages, a remedy which is available to her pursuant to § 1692k. Therefore, it is likely that Plaintiff's injury would be "redressed by a favorable decision." *Lujan*, 504 U.S. at 560. The Court thus concludes that Plaintiff has standing. The fact that the Defendant may have few assets to pay any judgment in this case does not affect Plantiff's or the putative class members' standing.

### B. Ascertainability

Defendant next argues that information on potential class members is not easily ascertainable. Docket no. 35 at 3. The Fifth Circuit has interpreted Rule 23 to contain an implied prerequisite of ascertainability, noting that "[i]t is elementary that in order to maintain a class

action, the class sought to be represented must be adequately defined and clearly ascertainable." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 n.3 (5th Cir. 2007) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (declining to certify a class of "residents of this State active in the peace movement")). A putative class exists "if its members can be ascertained by reference to objective criteria . . . ." *Brown v. Mid-America Apartments, LP*, 1:17-CV-307-RP, 2018 WL 3603080, at *10 (W.D. Tex. May 22, 2018).

Here, members of the class can be ascertained by reference to objective criteria, namely by identifying those to whom Defendant mailed the allegedly defective Form Letters. Docket no. 30-1 at 101. Defendant's own contention that they are "in contact with the (outside) vendor to determine who received a letter" undermines its own argument that such information is unascertainable. Docket no. 35 at 3.

### C. Rule 23: The Legal Standard

Class certification is governed by Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The decision to certify is within the broad discretion of the district court, though that discretion must be exercised within the framework of Rule 23. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100-01 (1981)). To obtain class certification, a party must first satisfy Rule 23(a)'s four threshold requirements of numerosity, commonality, typicality, and adequacy of representation. *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). The party must additionally satisfy the requirements of either Rule 23(b)(1), (2), or (3). *Id.* The party seeking certification bears the burden of establishing that the requirements of Rule 23 have been met. *Id.*

### D. Rule 23(a) Threshold Requirements

    *i. Numerosity*

To satisfy the numerosity element, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). No minimum number of plaintiffs is required to maintain a suit as a class action, but generally the numerosity element is met if the potential number of plaintiffs exceeds forty. *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). The number of class members is not the determinative question, as the focus is on "whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 n. 11 (5th Cir. 2000) (quoting *Philips v. Joint Legis. Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981)). Accordingly, the court may consider a number of other factors, including the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim. *Zeidman v. Ray McDermott & Co.*, 651 F.2d 1030, 1038-39 (5th Cir. 1981) (noting that common-sense assumptions can support a finding of numerosity).

In this case, Defendant concedes that "numerosity can be established." Docket no. 35 at 3. This comports with the "common-sense assumption" of numerosity given Defendant's use of a preprinted Form Letter and the likely "geographical dispersion" of the class given Defendant's serving clients in the United States, Canada, Puerto Rico, and Mexico. Docket no. 30 at 8; *see Chapman v. Worldwide Asset Mgmt., LLC*, No. 04-C-7625, 2005 WL 2171168, at *2 (N.D. Ill. Aug. 30, 2005) (finding numerosity when the defendant used a preprinted standardized debt collection letter). Given those common-sense assumptions and Defendant's concession that numerosity is met, this Court finds the numerosity element satisfied.

### ii. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). The element aims to determine "whether there is a need for combined treatment

6

and a benefit to be derived therefrom." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). The threshold of commonality is not high. *Id.* Rather, the commonality test is met when there is "at least one issue whose resolution will affect all or a significant number of the putative class members." *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982). The interests and claims need not be identical. *Id.* The element "requires only that resolution of the common questions affect all or a substantial number of the class members." *Jenkins*, 782 F.2d at 472.

Here, the commonality element is satisfied. The main substantive issue of the case will be whether the letter failed to inform debtors of their right to dispute in writing the alleged validity of the underlying debt, as well as whether the letter was misleading in its stated "amount due." Defendant concedes that "[t]he form letter does appear to present a common thread of failing to inform the consumer that a written dispute would be the method for a consumer to dispute the debt…." Docket no. 35 at 3.[2] Regarding the agency collection fee issue, Defendant further notes that it "would show there may be variables on that which defeats the commonality element. This continues to be researched, however." *Id.* Defendant has presented the Court with no such research since filing its Opposition in June 2019.

In the Fifth Circuit, "The most widely accepted tests for determining whether a collection letter contains false, deceptive, or misleading representatives are *objective* standards based on the concepts of the 'least sophisticated consumer' or the 'unsophisticated consumer.'" *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (emphasis added).

---

[2] In its argument against commonality, Defendant notes that "[O]ral disputes are honored by Defendant and Defendant does not notify the credit reporting agencies . . . that the consumer is disputing the debt." Docket no. 35 at 3-4. However, "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Miller v. Mackey Int'l Inc.*, 452 F.2d 424, 427 (5th Cir. 1971).

Because that test is objective, the same analysis will apply to every putative member of this class; no subjective inquiries will be required. All of the putative class members purportedly suffered the same type of harm in that Defendant sent them all the same allegedly misleading letter. Since several common issues of law and fact exist, and since the threshold of commonality is not high, the Court finds that the commonality requirement is satisfied.

### iii. Typicality

Pursuant to Rule 23(a)(3), a class may be certified only if the "claims or defenses of the representative parties are typical of the claims or defense of the class." FED. R. CIV. P. 23(a)(3). "Like commonality, the test for typicality is not demanding. It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1990) (quoting *Lightbourn v. Cty of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)). When determining whether typicality is satisfied, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class." *Id.*

In this case, Plaintiff argues her claims are typical of and identical to the other class members. Docket no. 30 at 10. Defendant concedes "Plaintiff's letter may very well be typical because the letter is a form letter." Docket no. 35 at 4. The Court agrees. Plaintiff's theories of liability and relief are identical for all class members. Because Plaintiff's claim is that the Form Letter itself is objectively misleading, only one analysis will be dispositive of all other class members' claims. No facts or circumstances would render Plaintiff's claim atypical from other class members' claims. If the Form Letter is misleading for one, it is misleading for all.

*iv. Adequacy of Representation*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The rule "mandates an inquiry into the zeal and competence of the representative's counsel and into the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982). To certify a class, the court must find that class counsel is "qualified, experienced, and generally able to conduct the proposed litigation." *N. Am. Acceptance Corp. v. Amall, Golden & Gregory*, 593 F.2d 642, 644 (5th Cir. 1979). Additionally, "the class representatives [must] possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129-30 (5th Cir. 2005) (quoting *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 482-83 (5th Cir. 2001)). Differences between named plaintiffs and class members do not necessarily make the plaintiffs inadequate representatives. *Mullen*, 186 F.2d at 625-26. The named plaintiffs are only inadequate if those differences create conflicts between the named plaintiffs' interests and the class members' interests. *Id.*

Here, the Court finds that Plaintiff has satisfied the adequacy requirement. Plaintiff's counsel has certified to being involved in numerous class actions in the past, including four in this district. Docket no. 30 at 11-12. This demonstrates that counsel is "qualified, experienced, and generally able to conduct the proposed litigation." *N. Am. Acceptance Corp.*, 593 F.2d at 644. Further, Plaintiff's counsel certifies that they have "impressed upon her (Plaintiff), in writing, the responsibilities of a class representative." Docket no. 30 at 13. And finally, there are no apparent conflicts of interest between Plaintiff and potential class members; the interests of such parties would be aligned, as the parties would all have the same incentive: proving that the Form Letter

violated the FDCPA. For these reasons, the Court finds that Plaintiff satisfies the "adequacy of representation" requirement.

Having found that Plaintiff has met the requirements of Rule 23(a), the Court now turns to the requirements of Rule 23(b).

### E. Rule 23(b)

After satisfying the prerequisites of Rule 23(a), a claimant must then establish that her class action can be maintained under either Rule 23(b)(1), (2), or (3). FED. R. CIV. P. 23(b). Here, Plaintiff contends that her class should be certified under Rule 23(b)(3).

To certify a class under Rule 23(b)(3), the Court must determine that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The purpose of Rule 23(b)(3) is to identify those actions in which certification of a class "would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Courts typically address the predominance and superiority elements separately. *See, e.g. Gene & Gene*, 541 F.3d at 326.

#### i. Predominance

The predominance inquiry requires courts "to consider how a trial on the merits would be conducted if a class were certified." *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003) (citation and internal quotation marks omitted). The inquiry "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the

class from degenerating into a series of individual trials." *Gene & Gene*, 541 F.3d at 326. Rule 23(b)(3)'s predominance requirement is "far more demanding" than the commonality requirement of 23(a) because the predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* (quoting *Amchem*, 521 U.S. at 623-24).

Here, there is a fairly simple set of facts, and Plaintiff seeks only statutory damages under one statute. Docket no. 30 at 5. The predominant substantive issue that will control the outcome of the case is whether the Form Letter was misleading under the FDCPA, both in the letter's omission of the "written dispute" language and the inclusion of the "one-time agency collection fee" language. Docket no. 1 at 3-4. Because the applicable test is objective, the determination of whether the Form Letter is misleading will apply to every member of the class. *Taylor*, 103 F.3d at 1236.  If the Form Letter is found not to be misleading, then no individual – neither Plaintiff nor any other class member – will be entitled to relief under the FDCPA. Alternatively, if the Form Letter is indeed found to be misleading, then every recipient of the letter will be entitled to relief under the FDPCA, regardless of whether the recipient was actually misled by the letter.

Another substantive issue that will control the outcome of the case is whether a class member received the letter or fits into one of the five exceptions Plaintiff includes in her proposed class definition. Determining both will not entail cumbersome individualized analysis but rather routine administrative processing of objective data. Defendant purports that going through the 612 active accounts during the prior year would take one person 10 to 15 hours and "if it was two people, maybe . . . half that." Docket no. 30-1 at 103.

The Court finds that such an amount of time should not prevent the certification of a class, in light of the FDCPA's clear remedial goals of eliminating abusive debt collection practices, ensuring that debtor collectors who abstain from such practices are not disadvantaged, and

promoting consistent state action to protect consumers. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); *see also Macarz v. Transworld Sys.*, 193 F.R.D. 46, 57 (D. Conn. 2000) ("Should a debt collection company as large and sophisticated as Transworld be able to avoid class action liability by mere fact of inadequate record-keeping, the Congressional purpose behind the statute would indeed be thwarted").

> ii.  Superiority

In addition to the predominance requirement, Plaintiff must also establish that the class action is "superior to other available methods for fairly and efficiently adjudicating the controversy. FED. R. CIV. P 23(b)(3). The superiority requirement is "fact specific and will vary depending on the circumstances of any given case." *Robertson v. Monsanto Co.*, 287 F. App'x 354, 361 (5th Cir. 2008). Though Defendant concedes many of the above class certification requirements, Defendant takes issue with the superiority element, arguing that because of Defendant's low net worth and the FDCPA special damages cap, a "class action is a waste of time and resources and is not a superior method to redress an injury to anyone." Docket no. 35 at 3.

Nonetheless, this Court concludes that a class action is a superior method of adjudication. Most importantly, the superiority of FDCPA class action claims is apparent in the language of the statute. "The language of the FDCPA governing the recovery in class actions is an indication that Congress views the availability of the class action procedure as an integral part of the enforcement regime." *Barnett v. Experian Info. Sols.*, No. Civ.A.2:00CV175, 2004 WL 4032909, at *5 (E.D. Tex. Sept. 30, 2004); *see* 15 U.S.C. § 1692k(a)(2)(B).

In finding that a class action is a superior method, this Court finds that the purportedly low available recovery weighs in *favor* of a class action rather than against it, as Defendant argues. For one, § 1692k provides for class action recovery "without regard to a minimum individual

recovery." 15 U.S.C. § 1692k(a)(2)(B). Moreover, the policy underlying class actions is "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)). Without the class action mechanism in this case, there would be little incentive for an individual class member to file his or her own claim, and even if that class member wanted to, she might be unable to hire competent counsel for representation due to the low possible recovery. And finally, any class members that wish to pursue their own lawsuit could opt out. For these reasons, the Court finds unpersuasive Defendant's assertion that a class action is not superior because class members would get either nothing or a mere $.05.[3]

Other factors, none of which Defendant disputes in its Response, demonstrate the superiority of a class action suit. For one, the facts of the case suggest uniform evidence would be needed to establish liability across the class; if each class member received the same letter, the issue at trial would solely be whether that letter was misleading with regard to all class members. Next, many claimants might not even be aware that their statutory rights may have been violated and that they are potentially entitled to relief. This is especially true in this case, where the issue is whether the letter is misleading. Recipients of the letter, especially those who are uneducated and thus arguably those the FDCPA is intended to protect the most, might not have even realized that the letter potentially misstated the law.

---

[3] Courts have even found a class action appropriate when the defendant's net worth was negative. *See, e.g. Warcholek v. Med. Collections Sys., Inc.*, 241 F.R.D. 291, 295-96 (N.D. Ill. 2006) ("It is likely that this conduct would go otherwise unchallenged if a class was not certified because the value of the individual claims in this case is likely not large enough to justify individual prosecution in most cases.").

The Court finds that Plaintiff has met her burden of meeting the requirements of Rule 23(a) and 23(b)(3). For that reason, the Court finds that certification of Plaintiff's FDCPA claim against Tolteca is appropriate.

### III.    Conclusion

The Court finds that Plaintiff has standing and that she has met the burden of satisfying the requirements of Rule 23(a) and (b)(3). Accordingly, the Court GRANTS the Plaintiff's Motion for Class Certification and CERTIFIES the following class:

All persons in the United States and its territories who, within the year preceding the filing of this suit, were sent an initial communication letter by Defendant that:

- Had these words in this order: "If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid."

- Regardless of whether the letter contained the words "in writing" and "written request," the letter included the statement "Your balance may reflect a one-time agency collection fee."

- The class does not include persons who, prior to the date the action is certified to proceed as a class, either (1) provided Defendant with a notice of a bankruptcy filing, (2) commenced an action in any court against Defendant alleging violation of the FDCPA, (3) signed a general release of claims against Defendant, (4) is a judge assigned to this case or is a member of such judge's staff or immediate family, or (5) Defendant can demonstrate that the Form Letter was not received by the addressee.

It is so ORDERED.

SIGNED this 9th of September, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE