IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED;<br>　　　*Plaintiff,*<br><br>v.<br><br>TOLTECA ENTERPRISES, INC.,<br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-18-CV-00911-XR |

## ORDER ON SUMMARY JUDGMENT

On this date, the Court considered Plaintiff Sadie Hackler's Motion for Summary Judgment on Liability (ECF No. 38). After careful consideration, the Court GRANTS summary judgment as to liability in favor of Plaintiff for the reasons stated below.

### BACKGROUND

Plaintiff Sadie Hackler leased a home in San Antonio, Texas. After Plaintiff moved out of the rental property, the landlord claimed Plaintiff caused damage to the home. The landlord alleged the cost of the repairs exceeded the amount of Plaintiff's security deposit and attempted to charge Plaintiff for the additional expenses, which Plaintiff disputed. Subsequently, the landlord turned the disputed debt over to Defendant Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group for collection. In June 2018, Plaintiff received a letter from Defendant attempting to collect the debt allegedly owed to the landlord. The letter represented the first communication Plaintiff received from Defendant regarding collection efforts. ECF No. 38-1.

Shortly thereafter, Plaintiff filed this lawsuit alleging that Defendant's letter failed to conform to the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. Specifically, Plaintiff

1

alleges the letter failed to conform to FDCPA's "in writing" requirement because it failed to notify Plaintiff of her right to make a written dispute of the debt by excluding the "in writing" language. Plaintiff also alleges the letter violated FDCPA's "amount due" requirement because the letter states a total amount due that may also include a one-time agency collection fee without clarifying the amount of the collection fee or if it is included in the total due.

Defendant filed its Answer (ECF No. 6), and Plaintiff successfully moved for class certification. ECF Nos. 30, 36. Plaintiff now moves for summary judgment as to liability, asking this Court to find Defendant liable for violations of FDCPA Sections 1692g(a)(4), 1692g(a)(5), and 1692g(e)(2)(A). ECF No. 38 at 7. Defendant has failed to respond.

## DISCUSSION

I. **Legal Framework**

   a. **Summary Judgment Standard**

The Court will grant summary judgment if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). Thus, a genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). Once the moving party meets this burden, the nonmoving

party must "go beyond the pleadings" and designate competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams*, 465 F.3d at 164; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). If the nonmoving party does not respond to a motion for summary judgment, summary judgment may be entered against them if appropriate. *Fields v. S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). However, even where the nonmoving party has failed to respond, "[a] motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The moving party must still meet its burden or else "the court may not grant the motion, regardless of whether any response was filed." *Id.* at 1279.

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Mere conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, and hearsay evidence (unless within a recognized exception) are not competent summary judgment evidence. *Walker v. SBC Servs., Inc.*, 375 F. Supp. 2d 524, 535 (N.D. Tex. 2005) (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)). When ruling on a motion for summary judgment, the Court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v.*

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55. However, when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence, then the court may consider the fact as undisputed," and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, Civil Action No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "The court also considers 'evidence supporting the moving party that is uncontradicted and unimpeached.'" *Gordon v. Acosta Sales & Mktg., Inc.*, No. SA-13-CV-662-XR, 2014 WL 7339117, at *3 (W.D. Tex. Dec. 22, 2014), *aff'd*, 622 F. App'x 426 (5th Cir. 2015) (quoting *Reeves*, 530 U.S. at 151).

### b. The Fair Debt Collection Practices Act

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Because "Congress clearly intended the FDCPA to have a broad remedial scope," the FDCPA "should therefore be construed broadly and in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (internal citations and quotations omitted). "The FDCPA is a strict liability statute, in which a single violation is sufficient to establish liability" for a debt collector. *Alanis v. Nationstar Mortg. LLC*, No. SA-18-CV-00138-OLG, 2018 WL 5733198, at *14 (W.D. Tex. Sep. 4, 2018), *report and recommendation adopted*, No. CV SA-18-CA-138-OLG, 2018 WL 6252527 (W.D. Tex. Nov. 20, 2018); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997) ("A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA.")

To state an FDCPA claim, a plaintiff must show: "(1) that he was the object of collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the

FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA." *Douglas v. Select Portfolio Servicing, Inc.*, No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015). As relevant here, the FDCPA imposes several requirements for debt collectors when giving notice of debt to a consumer. *See* 15 U.S.C. § 1692g(a). The FDCPA also prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When evaluating debt communication for potential deception, the "unsophisticated" or "least sophisticated" consumer standard is applied. *Mahmoud v. De Moss Owners Ass'n*, 865 F.3d 322, 330 (5th Cir. 2017) (citing *Taylor*, 103 F.3d at 1236). This requires the Court to "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004). The unsophisticated consumer standard does not, however, relegate the debtor to the "very last rung on the [intelligence or] sophistication ladder." *Id.* (quoting *Taylor*, 103 F.3d at 1236).

Whether a letter is deceptive, misleading, or unfair to an unsophisticated consumer is generally a fact question. *Carter v. First Nat. Collection Bureau, Inc.* 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) (citing *Gonzalez v. Kay*, 577 F.3d 600, 605–06 (5th Cir. 2009)). A court may decide this question as a matter of law "only when 'reasonable minds' cannot differ as to whether a letter would be deceptive, misleading, or unfair to the unsophisticated consumer." *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *4 (W.D. Tex. June 24, 2016) (citing *Gonzalez*, 577 F.3d at 606–07). "A plaintiff's mere claim of confusion is not enough to withstand a motion for summary judgment. Rather, a plaintiff must demonstrate that the letter's language unacceptably increases the level of confusion." *Salinas v. R.A. Rogers, Inc.*, No. SA-18-CV-733-XR, 2019 WL 2465325, at *4 (W.D. Tex. June 13, 2019) (citing *Sims v. GC Servs. LP*,

5

445 F.3d 959, 963 (7th Cir. 2006)). This standard not only protects consumers from deceptive trade collection practices, but also protects debt collectors from the liability of "bizarre or idiosyncratic consumer interpretations of collection materials." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Taylor*, 103 F.3d at 1236).

## II. Application

It is undisputed in this case that, for the purposes of FDCPA, Plaintiff is a consumer, Defendant is a debt collector, and the collection activity at issue was for a consumer debt. ECF No. 1 at 6; ECF No. 6 at 3. The sole question then is whether the Court may find as a matter of law that Defendant engaged in an act or omission in violation of the FDCPA. Plaintiff alleges that Defendant's June 5, 2018 letter (ECF No. 38-1) violated both the "in writing" and "amount of the debt" requirements of FDCPA. It is undisputed that this letter was Defendant's initial communication with Plaintiff, and Defendant has not claimed that it provided any further written notice to Plaintiff within five days of the letter. ECF No. 1 ¶ 12; ECF No. 6 ¶ 12.

### a. Plaintiff's "In Writing" Claim

The FDCPA requires a debt collector, either in its initial communication to the consumer or by written notice within five days of the initial communication, to provide both "a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer…" and "a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5) (emphasis added). If the consumer notifies the debt collector <u>in writing</u> within the thirty-day period described in Section 1692g(a) that the debt or any portion of the debt is disputed,

6

then the debt collector "shall cease collection of the debt" until the debt collector obtains certain verification of the debt. *See* 15 U.S.C. § 1692g(b). Debtors can only trigger the rights under subsections (a)(4) and (a)(5) through written dispute. *See Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011) (citing *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005)). Thus, district courts considering the issue have consistently held that "a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing." *See, e.g.*, *Osborn*, 821 F. Supp. 2d at 870 (collecting cases); *Bland v. Alco Collections, Inc.*, No. CV 16-822-SDD-RLB, 2018 WL 278739, at *3 (M.D. La. Jan. 3, 2018) (finding defendant failed to comply with subsections (a)(4) and (a)(5) by omitting the "in writing" requirement).

> Here, Defendant's letter to Plaintiff stated:
>
> If you dispute the validity of this debt within 30 days, from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid. At your request, we will provide you with the name and address of the original creditor if different from the current creditor.

ECF No. 38-1.

Although the letter contains information about a debt dispute procedure and about requesting the name and address of the original creditor, it does not inform Plaintiff that these requests must be made in writing. As a matter of law, the letter fails to comply with the statutory notice requirements of Section 1692g(a)(4) and (a)(5). *See Osborn*, 821 F. Supp. 2d at 869–70 (S.D. Tex. 2011) (holding the defendant's letter which informed the plaintiff that she could request verification of the alleged debt but failed to state that the request had to be in writing did not fully comply with the statutory requirement).

### b. Plaintiff's "Amount of the Debt" Claim

Under FDCPA a debt collector must also, in its initial communication to the consumer or by written notice within five days of the initial communication, inform the consumer of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). Additionally, Section 1692e's prohibition on "any false, deceptive, or misleading representation" in connection with debt collection includes "false representation of…the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). "[E]ven an unintentional misrepresentation of an amount of debt can violate § 1692e(2)(A)." *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 723 (S.D. Tex. 2012) (collecting cases). Thus, a clear and accurate statement of the total due is required in every debt collection letter. *See Gomez*, 2016 WL 3562148, at *6. However, a failure to itemize the amount of debt in every instance is not required, and courts must engage in a "context-specific inquiry" to determine whether a debt collector's failure to itemize "is misleading or deceptive." *Id.* at *8.

Here, Defendant's letter to Plaintiff twice lists the "Total Due" as $590.00: once at the top of the letter, and once at the bottom on the detachable payment slip. ECF No. 38-1. The body of the letter also states that the balance "may reflect a one-time agency collection fee." *Id.* The letter does not specify what portion, if any, of the $590.00 "Total Due" is attributable to the collection fee. *Id.* Plaintiff argues that because the letter does not disclose whether this agency collection fee is in fact included or how much the fee is, the letter fails to inform the consumer of the "amount of the debt" in violation of Sections 1692g(a)(1) and 1692e(2)(A). ECF No. 38 at 5. Plaintiff contends that Defendant's failure to disclose whether a collection fee was part of the amount due and the amount of the collection fee leaves consumers "impaired in their ability to knowledgeably assess the validity of the debt, and so would be misled by the debt letters." ECF No. 38 at 5–6. According to Plaintiff, she and the class are "left without sufficient information to be able to make

8

an intelligent, informed choice about their next step forward because the debt collector has concealed from them the individual components of their overall debt." ECF No. 38 at 6.

Here, the Court finds Plaintiff has met her summary judgment burden to show that Defendant's letter "unacceptably increases the level of confusion" for an unsophisticated consumer. *Salinas*, 2019 WL 2465325, at *4. In some cases, "reasonable minds can differ as to whether an unsophisticated consumer" would be misled by a letter that conceals individual components of the overall debt. *See Gomez*, 2016 WL 3562148, at *26–27; *see also Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004). But here, Defendant has failed altogether to refute Plaintiff's claim and supporting evidence that the letter was was deceptive or misleading. *See Gomez*, 2016 WL 3562148, at *23 (failure to itemize may be immaterial where the origin of the debt is known or the category of the debt is irrelevant). Unlike in the cases discussed by *Gomez*, where the debt collector successfully argued any misleading statement was immaterial because "a dollar due is a dollar due," Defendant has proffered no evidence to clarify the basis of the collection fee or the true and total amount due. Thus, it is appropriate for the Court to find as a matter of law that Defendant's letter was misleading as to the amount of the debt in violation of Section 1692e(2)(A).[1]

## CONCLUSION

For the reasons stated above, the Court finds Defendant liable for violations of Sections 1692g(a)(5), 1692g(a)(5), and 1692e(2)(A) of the FDCPA. Plaintiff's Motion for Summary Judgment on Liability (ECF No. 38) is GRANTED.

---

[1] Plaintiff is at times unclear whether she is alleging Defendant's "amount in debt" violations run afoul of Section 1692(a) or Section 1692e(2)(A) or both. In either case, Plaintiff only prays that the Court grant summary judgment as to liability for violation of 1692e(2)(A). *See* ECF No. 38 at 7.

This Court previously GRANTED Plaintiff's Unopposed Motion to Extend Deadline to Submit Proposed Scheduling Order (ECF No. 37). Under the Court's Order, the deadline for the parties to confer and submit a proposed scheduling order is suspended until 14 days after the expiration of the time within which class members may opt out of the class. As a basis for her Motion to Extend, Plaintiff indicated to the Court that she intends to file a motion to shift the costs of notice to the class from Plaintiff to Defendant and to approve the form of the notice and the method of disseminating the notice to the class. Accordingly, Plaintiff is ORDERED to submit such a motion within thirty (30) days of this Order.

It is so ORDERED.

SIGNED this 11th day of December, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE