UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER, on behalf of herself ) SA-18-CV-911-XR
and all others similarly situated

v. )

TOLTECA ENTERPRISES INC., dba
THE PHOENIX RECOVERY GROUP )

### TOLTECA'S MOTION TO VACATE, SET ASIDE AND RECONSIDER THE SUMMARY JUDGMENT ORDER & TO DISMISS FOR LACK OF JURISDICTION

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") who would show as follows.

1. This is a class action case brought against PRG.

2. Plaintiff sued for herself and as class representative.

3. PRG's counsel of record reviewed the American Collection Association's December 2019 magazine that set out the top 10 cases affecting the debt collection industry. In that issue, the ACA magazine contained an article on a recent 7th Circuit opinion that is exactly like the case before this Court in that:

   a. The case is a class action;

   b. The debt collector omitted the phrase "in writing" to the consumer-debtor in the dunning letter sent to the consumer;

   c. The Plaintiff and class alleges FDCPA violations.

The opinion in case No. 17-3162, *Paula Casillas v. Madison Avenue Associates Inc.*, United States Court of Appeals for the Seventh Circuit is attached..

4. In this case before the Court, summary judgment on liability was granted on

12/11/2019 (Doc. #39). At the time, defense counsel was not aware of the 7th Circuit case in *Casillas*.

5. The summary judgment on liability concerns a form letter that omitted the terminology "in writing" from the dunning letter PRG sent to the Plaintiff. It also alluded to a collection fee without clarifying the amount of the collection fee or if it was included in the debt.

6. Following the logic and analysis of the 7th Circuit opinion in *Casillas* the summary judgment as to the form letter which omitted "in writing" should be vacated, set aside and reconsidered because there is "no harm, no foul". The *Casillas* Plaintiff sustained no injury in fact and therefore had no standing. Similarly and for the same reasons, Plaintiff Hackler sustained no injury in fact and none was shown in the motion for summary judgment and none was found in the Order for Summary Judgment on Liability.

Consequently, Plaintiff Hackler has no standing. Therefore, this Court does not have any jurisdiction and PRG has no liability to Ms. Hackler, the Plaintiff and to the class.

Furthermore, the issue of standing is a jurisdictional requirement and jurisdictional defects can be raised at anytime. In any event, the summary judgment on liability is interlocutory and not a final judgment can is subject to being challenged.

7. Regarding the claim about the collection fee, it is not a foregone conclusion that a collection fee is the same as the omission of the "in writing" language as a form letter matter. Not every consumer-debtor is assessed a collection fee thus there is no class commonality.

8. Also, the 7th Circuit opines that "harm" must be pleaded and proved. Whether "harm" occurred is a genuine issue of material fact in Plaintiff Hackler's case which means that Plaintiff has not established liability as a matter of law.

9. Plaintiff Hackler has the initial burden of proof to demonstrate the absence of a

genuine issue of material fact. *Celotex Corp. v. Carrett,* 477 U.S. 317, 323 (1986); *Adams v. Travelers Indem. Co.,* 465 F. 3d 156, 163 (5th Cir. 2006). Plaintiff Hackler did not carry her burden to show the absence of any material fact.

10. All Plaintiff Hackler has shown is that she received an incomplete letter which is insufficient to establish federal jurisdiction.

11. Revisting the collection fee, a mere $50, is a trivial matter not amounting to any real harm either. *See, Goodrick v. Cavalry Portfolio Svcs. LLC,* No. CIV 12-1822 PHX, 2013 U.S. Dist. Lexis 11717, 2013 WL 4419321 (Dist. Ariz. Aug. 19,2013)(noting that failure to itemize is not actionable under the FDCPA); *Donohue v. Quick Collect Inc.,* 592 F.3d 1027, 1034 (9th Cir. 2010);   In any event, there is no demonstrable proof Plaintiff Hackler was harmed by PRG's purported failure to 1) state the "in writing" mechanism to dispute or verify a debt; or, 2) to itemize the $50 collection fee, which PRG asserts is trivial and immaterial[1]; and 3) there is no showing that the total amount due stated on the letter to Plaintiff is inaccurate. Plaintiff was told there was a $50 agency fee on her account statement. Thus, the "total due" is accurately stated to Plaintiff Hackler. (*See, Exhibits, attached).*

12. Additionally, PRG did mark her debt as a disputed item with the credit bureaus. So Ms. Hackler obtained no less protection than had she been informed to do so through a written dispute. The lack of "in writing" is immaterial. Plaintiff sustained no harm, real or theoretical.

Any mistakes PRG did were of no real consequence and was nothing more than a "bare procedural violation" . *Spokeo v. Robins,* 136 S. Ct. 1540, 1549 (2016). Plaintiff Hackler has not shown a sufficient basis for federal question jurisdiction.

---

[1] In the Fifth Circuit, it is a question of fact as to whether an unsophisticated consumer would perceive a debt collection letter as deceptive or misleading. *Carter v. First Nat. Collectoin Bureau Inc.,* 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015).

In the Hackler case the rationale of "no harm, no foul" and *de minimis no curat lex* (the law will not redress trifling matters), should apply to justify overturning the summary judgment.

13. In support hereof, the declaration of Eric Allen is attached which shows that Ms. Hackler's account was marked disputed and she received the statement of account which showed the agency fee of $50 and the total due amount (which is the same total due as on the letter Ms. Hackler received). The declaration supports the notion of no harm and immateriality of the Plaitniff's contentions for herself and all others similarly situated.

WHEREFORE, Defendant PRG asks the Court to reconsider its summary judgment on liability and vacate and set aside the summary judgment because Plaintiff lacks standing and sustained no concrete injury despite a hypertechnical claim of a FDCPA statutory violation. Furthermore, on reconsideration and vacating and setting the summary judgment aside, the Court should dismiss Plaintiff's lawsuit with prejudice for want of jurisdiction, lack of standing, lack of a concrete injury in fact and dismiss the class action.

S/Tom Clarke
Texas Bar No. 04318600
8026 Vantage Dr., Suite 105
San Antonio, Texas 78230
210/340-8448
210/348-7946 fax
tclarkeatty7@aol.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been e-filed with the Court's CM/ECF electronic filing system which will give electronic notice to the Plaintiff's attorneys of record on December 23, 2019.

S/Tom Clarke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated | ) SA-18-CV-911-XR |
| v. | ) |
| TOLTECA ENTERPRISES INC., dba THE PHOENIX RECOVERY GROUP | ) |

**ORDER**

The Court grants the Defendant's motion to reconsider the summary judgment on liability and upon reconsideration finds that the summary judgment should be and is vacated and set aside and further finds that the Plaintiff has no standing therefore this Court dimisses this case for lack of jurisdiction with prejudice.

Signed _____.

_____
Xavier Rodriguez, U.S. District
Court Judge