UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, AND RECONSIDER THE SUMMARY JUDGMENT ORDER & TO DISMISS FOR LACK OF JURISDICTION (ECF. NO. 41)**

Plaintiff and Court-Appointed Class Representative Sadie Hackler ("Hackler") responds as follows to Defendant's Motion to Vacate Set Aside and Reconsider the Summary Judgment and to Dismiss for Lack of Jurisdiction ECF. No. 41.

1. Hackler alleges two violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), one for failing to include in Defendant's collection letters the statutory language mandated by 15 U.S.C.§1692g, and a second claim for not accurately stating the amount of debt claims due, a violation of 15 USC §1692e.

2. The case was filed on August 31, 2018. ECF No. 1.

3. Defendant filed a Motion to Dismiss with its Answer on October 29, 2018 ECF No. 6. Defendant did not raise an issue with Hackler's standing in its initial Motion to Dismiss.

4. Hackler responded to the Motion to Dismiss on November 13, 2018. ECF No. 8.

5. On January 7, 2019, the Court denied the Motion to Dismiss by text order.

6. On April 4, 2019 Hackler moved for a summary judgment on liability. ECF No.18.

7. Defendant never responded to the motion for summary judgment and there was no ruling on it by May 22, 2019.

8. On May 22, 2019, Hackler, in connection with her class certification motion, moved to withdraw her motion for summary judgment on liability. ECF No. 31. The motion to withdraw was granted without opposition.

9. On June 28, 2019 Defendant filed its response to the motion to certify and raised the issue of Hackler's standing. ECF No. 35 at 5.

10. On September 9, 2019, the Court granted Hackler's motion to certify a class action on the same two claims that Hackler had alleged more than a year before. ECF No. 36.

11. In its order granting class certification, the Court specifically and at length addressed the issue of Hackler's standing to pursue the FDCPA claims in a section entitled "Article III Standing", which directly addressed Defendant's standing arguments. ECF No. 36.

12. In finding that Plaintiff had standing to pursue her FDCPA claims, the Court relied on Fifth Circuit law and cited *Sales v. Advanced Recovery Sys., Inc.*, 865 F. 3d 246, 250 (5th Cir. 2017), an FDCPA case, and other opinions from district courts within the Fifth Circuit.

13. On September 30, 2019, after the Court granted class certification, Hackler once again filed her motion for summary judgment on liability. ECF No. 38.

14. Defendant did not respond to the motion for summary judgment on liability.

15. On December 11, 2019 the Court granted Hackler's motion for summary judgment on liability. ECF No. 39.

16. On December 20, 2019, Hackler moved to have the class notice approved and to shift the costs of sending notice to the Defendant, summary judgment having been established.

17. The next day, December 21, 2019, Defendant filed its Motion to Vacate, Set Aside and Reconsider, ECF No. 41, and in the same document, its Motion to Dismiss. As the basis for both motions, Defendant cited one Seventh Circuit case *Casillas v. Madison Avenue Associates*, 926 F. 3d 329 (7th Cir 2019).

18. The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of the judgment at issue. *Valles v. Frazier*, Civil Action No. SA-08-CA-501-XR, 2009 U.S. Dist. LEXIS 91133, at *2-3 (W.D. Tex. 2009) (internal citations omitted).

19. The real "judgment at issue" challenged by Defendant is the Court's finding that Hackler has Article III standing to pursue her FDCPA claims. That finding was made in the Court order granting class certification on September 9, 2019. Therefore, Defendant's motion for reconsideration is not timely under Rule 59(e). Further, Defendant did not timely seek interlocutory appeal of the class certification decision under Rule 23(f),

so Defendant's attempt to end run around the requirements of Rule 23(f) should not be condoned.

20. Even, assuming Defendant's motions were timely filed, a district court still has considerable discretion to grant or to deny a motion under Rule 59(e). The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *Valles v. Frazier*, 2009 U.S. Dist. LEXIS 91133 at *3-4. (Internal citations and quotations omitted).

21. Hackler respectfully suggests that Defendant has not and cannot meet any of the elements necessary to prevail on a Rule 59(e) motion. There is no "intervening change in controlling law". Defendant's Seventh Circuit case is not controlling on this Court. This Court correctly addressed the standing issue in the context of controlling Fifth Circuit law[1], which happens to be in line with precedent for at least six other circuits: The Second Circuit[2], the Third Circuit[3], the Fourth Circuit[4], the Sixth Circuit[5], the Eighth Circuit[6] and the Ninth Circuit.[7]

---

[1] *Sayles v. Advanced Recovery Sys.*, 865 F.3d 246, 250 (5th Cir. 2017).
[2] *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016).
[3] *Long v. SEPTA*, 903 F.3d 312, 320-325 (3d Cir. 2018) (FCRA case finding standing on one of two claims).
[4] *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 346 (4th Cir. 2017).
[5] *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 753-756 (6th Cir. 2018) (construing a form letter without the "in writing" requirement of 15 U.S.C. 1692g) and finding risk of harm sufficient to confer standing).
[6] *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 959 (8th Cir. 2019); cf: *Auer v. Trans Union, Ltd. Liab. Co.*, 902 F.3d 873 (8th Cir. 2018) (finding no standing).
[7] *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017) (On Remand from the Supreme Court of the United States. D.C. No. 2:10-cv-05306-ODW-AGR, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635, 2016 U.S. LEXIS 3046 (U.S., May 16, 2016); *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1043 (9th Cir. 2017); *Nayab v. Capital One Bank USA*, 942 F.3d 480, 490 (9th Cir. 2019).

22.     Defendant has made no effort to prove the second element available to support reconsideration, that there is new evidence previously not available. Defendant does produce a Declaration of Eric Allen, Defendant's operations manager, which attached a letter purporting to "validate Hackler's dispute of her alleged debt. However, the October 10, 2018 letter itself shows that the information provided to Hackler was provided to her only after she hired lawyers and had filed this suit on August 31, 2018. That is not new evidence; it is only evidence to support Hackler's claim that the initial letter sent to her by Defendant violated the FDCPA because it didn't give to Hackler the information that was given to her only after she filed this case- that she was being charged an unauthorized $50.00 "agency fee".  Confirmation of the Plaintiff's allegations shouldn't be the basis for a claim of "newly discovered evidence".

23.     Finally, there is no manifest error of law or manifest injustice suggested by Defendant. Defendant is headquartered in San Antonio, and the bulk of its business is in Texas. Requiring that Defendant remain bound by Fifth Circuit law is not manifest injustice of law or fact.

## REQUEST FOR RELIEF

Hackler, for herself and for the class she represents, requests that the Court deny Defendant's motion for reconsideration and motion to dismiss, or alternatively, allow Hackler to amend her original complaint before dismissing the case based on alleged lack of Article III standing. Hackler prays for general relief.

Respectfully submitted,

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By:  */s/ Benjamin R. Bingham*
       BENJAMIN R. BINGHAM
       State Bar No. 02322350

**LAW OFFICE OF BILL CLANTON, P.C.**
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

By:  */s/ William M. Clanton*
       WILLIAM M. CLANTON
       State Bar No. 24049436

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I certify by my signature below that on December 23, 2019, a true and correct copy of the above and foregoing was served through the Court's Electronic Case Noticing System on all counsel of record.


 */s/ Benjamin R. Bingham*
BENJAMIN R. BINGHAM