UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SADIE HACKLER, on behalf of herself ) SA-18-CV-911-XR
and all others similarly situated

v. )

TOLTECA ENTERPRISES INC., dba
THE PHOENIX RECOVERY GROUP )

**TOLTECA'S REPLY TO PLAINTIFF'S RESPONSE TO VACATE, SET ASIDE
AND RECONSIDER THE SUMMARY JUDGMENT
ORDER & TO DISMISS FOR LACK OF JURISDICTION**

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") who would show as follows.

1. Plaintiff cites the Court to the case of *Sayles v. Advanced Recovery Systems Inc.,* 865 F.3d 246 (5th Cir. 2017) for the proposition that Plaintiff Hackler and putative class members have Article III standing and can show a concrete injury in fact. The case is not persuasive and inapposite.

2. The *Sayles* opinion stated that the consumer-debtor had standing because the FDCPA violation was more than a "bare procedural" violation since the failure to communicate to the credit bureaus that Sayles disputed the debt posed a real risk of harm in that Sayles' credit rating could be adversely affected. The debt collector in Sayles knew that Sayles disputed the debt but failed to disclose the known dispute information to the credit bureaus in violation of FDCPA 15 U.S.C. §1692e(8) which requires communicating that a debt is disputed to the credit reporting agencies (credit bureaus). The statute prohitbits,

"Communicating or threatening to communicate to any person credit information which

1

is known or should be known to be false, including the failure to communicate that a disputed debt is disputed."

3. Since a negative mark on someone's credit rating can lead to denials of credit or higher interest rates on loans or financing, the consumer does face the real prospect of financial injury. Consequently, there is a link between the failure to communicate that a debt is disputed with the risk of harm to the consumer.

4. The scenario for Article III standing depicted in the *Sayles* case does not exist in the Hackler case. Hackler's debt was marked disputed with the credit reporting agencies (credit bureaus). *See,* declaration of Eric Allen. (Doc. #41, Exhibit 2). Plaintiff Hackler faces no risk of harm for a technical failure to specify the "in writing" component of disputing a debt. There was "no harm, no foul".

5. Therefore, the *Sayles* opinion is distinguishable on the facts and does not support Article III standing for Hackler because *she has no standing due to not being exposed to any real harm.*[1]

6. Hackler is seeking relief for herself and a purported class that should not be countenanced for lack of standing due to a lack of a concrete injury in fact. Although the 7th Circuit case of *Casillas* is not a 5th Circuit case, it should be followed because 1) the opinion got it right; 2) Hackler and others similarly situated can only show an incomplete letter that did not link to any real risk of harm to her and any class member; and, 3) the total amount due which included a $50 collection fee, was accurate; thus, there is "no harm, no foul" also.

---

[1]If Hackler is permitted to amend to bolster any claim of harm then PRG should be allowed a fair opportunity to depose her and conduct discovery on the claim.

7. Hackler's lawsuit and class action should be dismissed for lack of standing due to no concrete injury in fact. The case of *Spokeo v. Robins,* 136 S. Ct. 1540 (2016) does not allow a Plaintiff to have Article III standing for a mere procedural violation divorced from any concrete harm.

8. Hackler was not harmed by any technical violation of the FDCPA. She and any putative class members similarly situated sustained no injury in fact that is concrete. The omission of the "in writing" statement did not and could not hurt Hackler or any class member when the debt was marked "disputed" with the credit bureaus. And, the failure to itemize on the dunning letter is immaterial and no harm occurred when the total amount due was accurate.

Hackler, and all others similarly situated, have not shown any affect on their credit score due to lack of the "in writing" statement on how to dispute a debt; and due to the lack of itemization breaking down the total due on the dunning letter. All Hackler and any others can muster is a conjectural, hypothetical and speculative claim of injury. That is not enough to show a real "case" or "controversy" required for Article III standing by a litigant. Hackler and all others similarly situated as Hackler, have not satisfied the injury in fact requirement for redress in a federal court. The mere hypertechnical violation of the FDCPA not linked to a real risk of harm does not get any such litigant over the standing hurdle. This is the lesson of the well reasoned and correct 7th Circuit opinion in *Casillas.*

WHEREFORE, PRG asks that the summary judgment be overturned as being manifestly unjust since Plaintiff Hackler did not sustain a concrete injury in fact and lacks standing herein. The Hackler case including any class action should be dismissed with prejudice.

S/Tom Clarke  
Texas Bar No. 04318600  
8026 Vantage Dr., Suite 105  
San Antonio, Texas 78230  
210/340-8448  
210/348-7946 fax  
tclarkeatty7@aol.com  
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that the foregoing has been e-filed with the Court's CM/ECF electronic filing system which will give electronic notice to the Plaintiff's attorneys of record on December 24, 2019.

S/Tom Clarke