UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated | ) SA-18-CV-911-XR |
| v. | ) |
| TOLTECA ENTERPRISES INC., dba THE PHOENIX RECOVERY GROUP | ) |

**TOLTECA'S RESPONSE OPPOSING PLAINTIFF'S MOTION TO APPROVE THE FORM OF NOTICE; THE METHOD OF PROVIDING NOTICE; AND TO SHIFT COST OF NOTICE TO DEFENDANT TOLTECA**

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group ("PRG") who responds and objects to Plaintiff's motion on the form of notice to class members; the method of providing notice, and to shift notice costs to Defendant. Defendanat opposes the Plaintiff's motions. (D) oc. #40)

1. Defendant Tolteca Enterprises Inc., responds and objects to the Plaintiff's motion as follows.

2. Fundamentally Tolteca would object on the basis that Plaintiff has no standing as there was no concrete injury in fact as has been explained in Tolteca's Motion to Vacate the Summary Judgment on Liability (Doc 41) and Reply challenging Article III standing. (Doc. #43).

3. Fundamentally, Tolteca would object to any notice and shifting of costs of notice since Plaintiff's motion for summary judgment which purports to establish liability is subject to being set aside and vacated as more fully explained in Document #41 and 43).

4. In the event the Court does set aside and vacate the summary judgment in this cause due to the Plaintiff not having Article III standing, then *ipso facto* the class must be dissolved.

Without an existing class, no notice is needed.

5. Tolteca objects to the statement that "PRG has identified you as a member of the class because it says it sent you a letter containing these phrases,

"If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid".

Objection 1. Plaintiff, not PRG, is the party claiming that the notice recipient has been identified.

Objection 2. Any alleged class member must show a concrete injury in fact and not just a bare procedural omission of the terminology "in writing". Actual non theoretical harm needs to be shown to have any class membership.

Objection 3. The terms "your balance may reflect a one time agency collection fee." Again there must be a showing of harm which will not exist if the total amount due is accurate as there is no legal requirement that there be any itemization of the balance.

Objection 4. The alleged class member must have received the quoted notice letter from PRG within 1 year of June 5, 2018. Only such persons can be part of the class.

Plaintiff's notice form fails to specify the eligible time period of one year from June 5, 2018. This is because the FDCPA has a one (1) statute of limitations. June 5, 2018 is the date of the letter that Plaintiff claims violated the FDCPA.

6. Shifting of costs is not required. The general rule is the Plaintiff shall bear the cost of notice. Defendant objects to being required to pay the costs of class notice or to engage in the work to determine the class members, their addresses, and to get the notice letters to a bulk mailer. Those

are costs for the Plaintiff to bear.

      7. The court should require that a class member's identifying information be kept private.

      WHEREFORE, Tolteca (PRG) makes the above objections and that the objections be sustained, Tolteca asks that the proposed order not be granted and that the cost of notiee be exclusively borne by Plaintiff. Each class member's identifying information should be kept private and protected from unauthorized disclosure.

                                     S/Tom Clarke
                                       Texas Bar No. 04318600
                                       8026 Vantage Dr., Suite 105
                                       San Antonio, Texas 78230
                                       210/340-8448
                                       210/348-7946 fax
                                       tclarkeatty7@aol.com
                                       Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I certify that the foregoing has been e-filed with the Court's CM/ECF electronic filing system which will give electronic notice to the Plaintiff's attorneys of record on January 4, 2020.

                          S/Tom Clarke