**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SADIE HACKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED; <br> *Plaintiff*, | § § § § § | SA-18-CV-00911-XR |
| v. | § § § | |
| TOLTECA ENTERPRISES, INC., <br> *Defendant*. | § § § | |

## ORDER

On this date, the Court considered Defendant's Motion to Vacate, Set Aside, and Reconsider the Summary Judgment Order (ECF No. 41), Plaintiff's Response (ECF No. 42), and Defendant's Reply (ECF No. 43). The Court also considered Plaintiff's Motion to Approve Form of Notice to the Class Members (ECF No. 40), and Defendant's Response (ECF No. 44). After careful consideration, the Court issues the following Order.

## BACKGROUND

After moving out of a leased home in San Antonio, Texas in 2017, Plaintiff Sadie Hackler's landlord attempted to charge her for additional expenses he claimed from damage she allegedly caused to the home. Plaintiff disputed the charge, and the landlord turned the debt over to Defendant Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group for collection. Defendant sent its first communication to Plaintiff in the form of a letter dated June 5, 2018, attempting to collect the debt allegedly owed to the landlord. ECF No. 38-1.

Plaintiff filed suit on August 31, 2018, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). ECF No. 1. Specifically, Plaintiff claimed that

1

Defendant's letter failed to conform to FDCPA's "in writing" and "amount due" requirements. *See* 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), and 1692e(2)(A). Defendant filed its Answer (ECF No. 6), combined with a Motion to Dismiss. ECF No. 6. The Court denied the motion to dismiss by text order, which noted that an answer and motion to dismiss should not be combined in one document and that the basis for Defendant's motion was outside of Plaintiff's pleadings and not appropriate in a Rule 12(b)(6) motion. *See* Text Order dated January 7, 2019. Plaintiff moved for class certification (ECF No. 30), Defendant filed its response in opposition under seal (ECF No. 34-1), and the Court granted Plaintiff's motion and certified the class on September 9, 2019. ECF No. 36.

Plaintiff moved for partial summary judgment as to liability on September 30, 2019. ECF No. 38. Defendant failed altogether to respond. This Court granted partial summary judgment in favor of Plaintiff on December 11, 2019, finding Defendant liable for violations of Sections 1692g(a)(4), 1692g(a)(5), and 1692e(2)(A) of the FDCPA. ECF No. 39. In the Court's order granting partial summary judgment, the Court ordered Plaintiff to file a motion to approve the form of notice to the class within 30 days. *Id.* Plaintiff did so by filing her present motion (ECF No. 40) on December 20, 2019. The next day, Defendant filed its motion to vacate, set aside and reconsider the summary judgment order and to dismiss for lack of jurisdiction. ECF No. 41. Both motions are now ripe for review.

## DISCUSSION

### I.    Legal Standards

There is no "motion to vacate," "set aside," or "reconsider" under the Federal Rules of Civil Procedure. Defendant does not specify under what what Rule or standard it seeks relief,

but the Court construes its motion as one brought under Rule 54(b).[1]  Rule 54(b) provides that "any order or other decision…that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action…and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).  "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear," it "would appear to be less exacting that that imposed by Rules 59 and 60."  *See Valles*, 2009 WL 4639679, at *2 (quoting *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)).  Nevertheless, similar considerations under those rules may inform a court's analysis, and whether to grant such a motion "rests within the discretion of the court."  *Dos Santos*, 651 F. Supp. 2d at 553.  The considerations under Rules 59(e) and 60(b)—which may inform a court's less exacting analysis under Rule 54(b)—include whether altering, amending, or vacating a judgment is necessary to (1) correct a manifest error of law or fact, (2) account for newly discovered evidence, or (3) accommodate an intervening change in controlling law.  *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

---

[1] "Motions for reconsideration" are typically construed as either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b), depending on when it was filed.  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).  If the motion is filed within the deadline set out in Rule 59(e)—28 days—it is considered under Rule 59(e); if not, it must be treated as a motion filed under Rule 60(b).  *Id.* However, Rules 59(e) and 60(b) both only apply to a "judgment."  An order on partial summary judgment is not a "judgment" reviewable under these rules, but an interlocutory order reviewed under Rule 54(b).  *See Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985) (holding Rule 60(b) does not apply to a motion to vacate summary judgment on the issue of liability alone, which is "plainly interlocutory"); *see also Valles v. Frazier*, No. SA-08-CA-501-XR, 2009 WL 4639679, at *2 (W.D. Tex. Nov. 30, 2009) ("A court considers an interlocutory order pursuant to Rule 54(b).")

## II.     Analysis

### a.   Motion to Vacate, Set Aside, and Reconsider

Defendant moves the Court to vacate, set aside, and reconsider the grant of partial summary judgment in favor of Plaintiff, and to dismiss Plaintiff's case in its entirety because she lacks Article III standing.   Defendant's urge for reconsideration is premised entirely on his argument that Plaintiff suffered "no concrete injury despite a hypertechnical [sic] claim of a FDCPA statutory violation."  ECF No. 41 at 4.  Defendant puts forward three arguments for why Plaintiff suffered no injury sufficient to confer standing.

First, Defendant argues for the application of a Seventh Circuit opinion which found a plaintiff had sustained no injury and therefore had no standing to pursue a claim that a debt collector violated FDCPA's "in writing" requirement.  *Id.* ¶ 6 (citing *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019)).   Under that case, Defendant argues, the Court should find "no harm, no foul" as to Defendant's "in writing" violation; and should also extend the logic of *Casillas* beyond its holding to also find no harm as to Defendant's "amount due" violation.  ECF No. 41.

Defendant also argues that that "[w]hether 'harm' has occurred is a genuine issue of material fact in Plaintiff Hackler's case which means that Plaintiff has not established liability as a matter of law."  *Id.* ¶ 8.   Defendant argues that Plaintiff failed to meet her initial burden on summary judgment to demonstrate the absence of any genuine issue of material fact.  ¶ 9.

Finally, Defendant makes several new factual arguments for why Plaintiff lacks standing. As to the "in writing" violation, Defendant argues that Defendant marked Plaintiff's disputed item with the credit bureaus, and so there was no harm in failing to inform her that her dispute should have been made in writing.  ECF No. 41 ¶ 12.  According to Defendant, "[a]ny mistakes

[they] did were of no real consequence." *Id.*  As to the "amount due" violation, Defendant asserts that the collection fee of $50 "is a trivial matter not amounting to any real harm," and that Plaintiff was told there was a $50 agency fee on her account statement.  ECF No. 41 ¶ 11.  To support these factual claims, Defendant submitted with its Motion to Vacate the declaration of Eric Allen, an operations manager for Defendant ("the Allen declaration").  ECF No. 41-2.

Plaintiff responds that this Court has already found Plaintiff has standing in its order granting class certification (ECF No. 36).  Thus, according to Plaintiff, the "judgment" Defendant is challenging is actually the Court's order granting class certification, and that such a challenge is untimely and an inappropriate attempt to avoid the requirements of Rule 23(f), which governs an appeal from an order granting class certification.  ECF No. 42 ¶ 19.  Plaintiff argues in the alternative, even if Defendant's arguments are considered timely, that Defendant fails to meet any of the elements necessary to prevail on a Rule 59(e) motion—namely, an intervening change in controlling law, new evidence not previously available, or the need to correct a clear or manifest error or to prevent injustice.  *Id.* ¶ 20 (citing *Valles*, 2009 WL 4639679, at *3).  Applying these factors, Plaintiff contends there has been no intervening change in controlling law, as the Seventh Circuit case Defendant relies on is not new and is not binding.  ECF No. 42 ¶ 21.  Plaintiff also responds that the only evidence Defendant presents—the Allen declaration—is not "newly discovered evidence."  *Id.* ¶ 22.  And, Plaintiff concludes, there is no error of law or manifest injustice suggested by Defendant or present in this case to justify altering the previous grant of partial summary judgment.  *Id.* ¶ 23.

The Court agrees with Plaintiff that Defendant's motion should be denied.  The Court does not here apply the "more exacting" requirements of Rule 59(e) to Defendant's motion, which is properly construed as one brought under Rule 54(b).  *See supra* n.1.  Nevertheless, the

Court in its discretion finds no reason to vacate or alter its order granting partial summary judgment in favor of Plaintiff. Defendant provides no explanation for its complete failure to raise any of its arguments regarding Plaintiff's injury before now. Defendant did not raise these arguments in opposition to class certification,[2] did not appeal class certification under Rule 23(f), and did not even attempt to respond to Plaintiff's motion for partial summary judgment. The Seventh Circuit case Defendant cites was published on June 4, 2019. *Casillas*, 926 F.3d 329. This was before Defendant filed its opposition to Plaintiff's class certification motion, and well before Plaintiff even moved for partial summary judgment. *See* ECF Nos. 34 (filed June 27, 2019), 38 (filed September 30, 2019). Defendant's motion states that "defense counsel was not aware of" the *Casillas* opinion at the time partial summary judgment was granted, and that defense counsel found the case in a magazine in December 2019. ECF No. 41 ¶¶ 3–4. Defendant's initial failure to conduct legal research and later discovery of a non-binding opinion from outside of the Fifth Circuit will not prompt this Court to revise its grant of partial summary judgment in Plaintiff's favor.

Neither is the Court persuaded by Defendant's conclusory statement that Plaintiff failed to meet her summary judgment burden on the issue of harm. The Court has already found Plaintiff has standing and has adequately shown injury-in-fact. *See* ECF No. 36 at 3 ("Plaintiff here has suffered an alleged harm sufficient to satisfy the injury-in-fact requirement, as Plaintiff 'has alleged specific statutory provisions that were violated and has also stated what statutory provisions entitle her to relief.'") (quoting *Boles v. Moss Codilis*, No. SA-10-CV-1003-XR, 2012 WL 12861080, at *3 (W.D. Tex. Jan. 17, 2012)). As the Court has previously stated, Plaintiff

---

[2] In its opposition to Plaintiff's motion for class certification, Defendant raised a one-sentence argument on Plaintiff's standing based on lack of injury-in-fact. ECF No. 35 ¶ 20 ("Defendant calls her standing into question as to whether she has a real 'injury in fact'."). Despite the conclusory nature of Defendant's argument, the Court addressed both the injury-in-fact and redressability prongs of Article III standing in its order granting class certification. ECF No. 36 at 3–4.

has shown that she "might be subject to a 'real risk of harm' from the failure to inform her of the right to dispute in writing the alleged validity of the debt, as well as the failure to properly inform Plaintiff of the amount owed." ECF No. 36 at 4. Both Supreme Court and Fifth Circuit precedent support the proposition that Article III standing exists where the violation of a statutory right "creates the 'real risk of harm.'" *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017) (quoting *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016)). FDCPA's "in writing" requirement gives consumers certain rights but only if they make their dispute <u>in writing</u>. 15 U.S.C. 1692g(b) ("If the consumer notifies the debt collector <u>in writing</u> within the thirty-day period…") (emphasis added). Failure to inform the consumer that their dispute must be in writing can result in the "real risk of harm" that the consumer will forfeit their dispute rights. Similarly, a debt collector's failure to itemize the total amount due through a letter that conceals individual components of the overall debt can results in the "real risk of harm" of an unacceptable level of confusion for an unsophisticated consumer. *See* ECF No. 39 at 8–9 (discussing Plaintiff's "amount of the debt" claim and concluding she has met her summary judgment burden). Plaintiff indeed met her summary judgment burden; it is Defendant who failed altogether to meet its burden to show that genuine issues of material fact existed by failing to file a response.

Finally, the newly raised factual issues also do not convince the Court to revise its grant of partial summary judgment on liability. Defendant provides no explanation for why it did not present its only piece of evidence (the Allen declaration) at any time before partial summary judgment was granted. Even if the declaration were timely, it fails to raise a genuine issue of material fact.

The declaration contains two facts: that Plaintiff knew a $50 agency fee was included in her "amount due" because Defendant sent her an account statement which noted this in handwriting, and that Defendant notified the credit bureaus that Plaintiff's debt was disputed. Even if these facts were taken as true, they are not material or sufficient to defeat summary judgment as to Defendant's FDCPA liability. The only contested element of Plaintiff's FDCPA claims against Defendant is whether Defendant "engaged in an act or omission prohibited by the FDCPA." *See Douglas v. Select Portfolio Servicing, Inc.*, No. CIV.A. 4:14-1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015) (defining the elements an FDCPA claim); *see also* ECF No. 39 at 6 ("It is undisputed in this case that, for the purposes of FDCPA, Plaintiff is a consumer, Defendant is a debt collector, and the collection activity at issue was for a consumer debt… The sole question then is whether the Court may find as a matter of law that Defendant engaged in an act or omission in violation of the FDCPA.").

Defendant acknowledges that its letter to Plaintiff was "incomplete," that it "omitted the terminology 'in writing'," and that it "alluded to a collection fee without clarifying the amount of the collection fee or if it was included in the debt." ECF No. 41 ¶ 5. The fact that Plaintiff's debt was (eventually)[3] marked as disputed with credit bureaus does not relieve Defendants from strict liability under FDCPA for their "in writing" or "amount due" violations. And the fact that Defendant (at some point)[4] sent Plaintiff an account statement, which noted in handwriting that

---

[3] The evidence submitted by Defendant only shows that Defendant sent Plaintiff a letter in October 2018 to inform her that her debt had been marked disputed with the credit bureaus. This was well after Defendant's initial communication with Plaintiff in June 2018, and after Plaintiff had already filed the present lawsuit. Even though it is immaterial to Defendant's "in writing" violation, this evidence, without more, doesn't even support what Defendant is claiming—that Defendant marked the debt as disputed even though Plaintiff did not submit her dispute "in writing." It may, as Plaintiff points out, bolster her claim and show that Defendant did not mark her debt as disputed with the credit bureaus until Plaintiff initiated a federal lawsuit.

[4] The account statement is dated June 1, 2018, but Defendant presents no evidence about how or when this statement was allegedly sent to Plaintiff. If the statement was not sent with the initial communication or within five days, then it provides absolutely no help to Defendant in meeting the requirements of FDCPA. *See* 15 U.S.C. § 1692g(a)

the total amount due included a $50 agency fee, does not mean that Defendant's initial communication to Plaintiff—which must strictly comply with FDCPA—did not "unacceptably increase the level of confusion" for an unsophisticated consumer, in violation of the FDCPA. *See Salinas v. R.A. Rogers, Inc.*, No. SA-18- CV-733-XR, 2019 WL 2465325, at *4 (W.D. Tex. June 13, 2019).

As stated above, Plaintiff met her summary judgment burden to show Defendant's letter violated FDCPA's "in writing" requirement and that the letter's "amount due" violated FDCPA's prohibition on false, deceptive, or misleading statements in connection with debt collection. When the summary judgment burden shifted to Defendant, it failed to respond altogether. Because Defendant's present motion fails to convince the Court that there is any reason to alter its previous grant of partial summary judgment in favor of Plaintiff, Defendant's motion is **DENIED**.   And because Plaintiff has shown sufficient injury-in-fact to confer Article III standing, Defendant's motion to dismiss for lack of jurisdiction is also **DENIED**.

      b.  <u>Motion to Approve Form</u>

Plaintiff moves this Court to (1) approve the form of notice to the class members, (2) approve the method of providing notice to the class, and (3) shift the cost of notice to Defendant. ECF No. 40.  Plaintiff attaches to her motion the proposed notice to class members.  In addition to approving the notice, Plaintiff requests that the Court order Defendant to (i) prepare the notice list and make representations to the Court that the notice list is complete and accurate, (ii) send notice by regular, first class mail to the last known address of the class members, using its pre-existing association with a mass-mailer that can mail the notices, update addresses through the United States Post Office, and resend notices that are returned after the first mailing, (iii) make

---

(imposing requirements on debt collectors for "the initial communication" or "[w]ithin five days" of the initial communication).

certifications or representations to the Court that the class notice has been disseminated, and (iv) bear the costs of notice to the class members.

Defendant opposes Plaintiff's motion.  ECF No. 44.  First, Defendant restates arguments contained in its Motion to Vacate and urges that no class notice will be necessary if the partial summary judgment were set aside.  As stated above, the Court denies Defendant's motion to vacate, and the grant of partial summary judgment on liability remains intact.  Defendant also objects to specific statements in Plaintiff's notice, argues that the class may only include members who received a qualifying letter within one year of June 5, 2018, and opposes "being required to pay the costs of class notice or to engage in the work to determine the class members, their addresses, and to get the notice letters to a bulk mailer."  *Id.* ¶ 6.

The Court finds that Plaintiff's proposed notice complies with Rule 23(c)(2)(B).  *See* FED. R. CIV. P. 23.  The Court also notes that the proposed notice's description of the certified class as including persons who received a letter from Defendant "after August 31, 2017" accurately describes the class certified by this Court's previous order.  ECF No. 36.  Finally, the Court assumes that Defendant in this case holds the information necessary to identify the class members.  Therefore, it is **ORDERED** that the parties confer and submit a joint advisory outlining a proposed plan to provide notice to the class members **within 30 days** of this order. The parties should endeavor to agree on Plaintiff's proposed notice to the class and any changes thereto.  The joint advisory must include (i) the parties' plan to ascertain the names and contact information for all class members, (ii) the total number of class members, if available at the time of filing, (iii) the total estimated cost of providing notice to the class, and (iv) any agreement among the parties as to the allocation of the cost of notice among the parties.  Plaintiff's Motion to Approve (ECF No. 40) will be **HELD IN ABEYANCE** until the filing of the joint advisory.

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Vacate (ECF No. 41).  The parties are **ORDERED** to submit a joint advisory proposing a plan for notice to the class as described above within 30 days.  Plaintiff's Motion to Approve (ECF No. 40) is **HELD IN ABEYANCE** until the joint advisory is filed.

It is so **ORDERED**.

**SIGNED** this 27th day of April, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE