IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED; *Plaintiff*, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-18-CV-00911-XR |
| v. | | |
| TOLTECA ENTERPRISES, INC., *Defendant*. | | |

## ORDER

On this date, the Court considered Plaintiff Sadie Hackler's Motion to Approve Form of Notice to the Class Members (ECF No. 40), Defendant's Response (ECF No. 44), and Plaintiff's Advisory to the Court (ECF No. 46).  After careful consideration, the Court issues the following order.

## BACKGROUND

After moving out of a leased home in San Antonio, Texas in 2017, Plaintiff Sadie Hackler's landlord attempted to charge her for additional expenses he claimed from damage she allegedly caused to the home.  Plaintiff disputed the charge, and the landlord turned the debt over to Defendant Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group ("Defendant") for collection.  Defendant sent its first communication to Plaintiff in the form of a letter dated June 5, 2018, attempting to collect the debt allegedly owed to the landlord.  ECF No. 38-1.

Plaintiff filed the present suit on August 31, 2018, alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA").  ECF No. 1.  Specifically, Plaintiff claimed that Defendant's letter failed to conform to FDCPA's "in writing" and "amount due" requirements. *See* 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), and 1692e(2)(A).  Defendant filed its Answer (ECF

No. 6), combined with a Motion to Dismiss.  ECF No. 6.  The Court denied the motion to dismiss

by text order, which noted that an answer and motion to dismiss may not be combined in one

document and that the basis for Defendant's motion was outside of Plaintiff's pleadings and

therefore not appropriate in a Rule 12(b)(6) motion.  *See* Text Order dated January 7, 2019.

Plaintiff moved for class certification (ECF No. 30), Defendant filed its response in opposition

under seal (ECF No. 34-1), and the Court granted Plaintiff's motion and certified the class on

September 9, 2019.  ECF No. 36.

Plaintiff moved for partial summary judgment as to liability on September 30, 2019.  ECF

No. 38.  Defendant did not respond.  This Court granted partial summary judgment in favor of

Plaintiff on December 11, 2019, finding Defendant liable for violations of Sections 1692g(a)(4),

1692g(a)(5), and 1692e(2)(A) of the FDCPA.  ECF No. 39.  In that order, the Court ordered

Plaintiff to file a motion to approve the form of notice to the class within 30 days.  *Id.*  Plaintiff

timely did so by filing her present motion (ECF No. 40) on December 20, 2019.  The next day,

Defendant filed a Motion to Vacate, Set Aside, and Reconsider the Summary Judgment Order.

ECF No. 41.  The Court denied Defendant's motion on April 27, 2020.  ECF No. 45.

In the Court's April 27 order, the Court held the present motion in abeyance.  The Court

found that Plaintiff's proposed notice to the class complied with Rule 23(c)(2)(B), and further

ordered the parties to confer and submit a joint advisory outlining a proposed plan to provide notice

to the class members.  *Id.* at 10.  The Court ordered that "[t]he parties should endeavor to agree on

Plaintiff's proposed notice to the class and any changes thereto," and that the joint advisory include

"(i) the parties' plan to ascertain the names and contact information for all class members, (ii) the

total number of class members, if available at the time of filing, (iii) the total estimated cost of

providing notice to the class, and (iv) any agreement among the parties as to the allocation of the

cost of notice among the parties." *Id.*  The parties were ordered to submit their advisory within 30

days.  Plaintiff filed an Advisory (ECF No. 46) on May 27, 2020.

### DISCUSSION

### I.      Legal Standards

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure.  Rule

23(c)(3) prescribes that for "any class certified under Rule 23(b)(3)…the court must direct to class

members the best notice that is practicable under the circumstances."  FED. R. CIV. P. 23(c)(2)(B).

Such notice may be made by U.S. mail, electronic means, or any other appropriate means.  *Id.*  The

notice must, in plain language, state:

> i.      the nature of the action;
> ii.     the definition of the class certified;
> iii.    the class claims, issues, or defenses;
> iv.     that a class member may enter an appearance through an attorney if the member so desires;
> v.      that the court will exclude from the class any member who requests exclusion;
> vi.     the time and manner for requesting exclusion; and
> vii.    the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

Rule 23(d) "vests power in the district court to order one of the parties to perform the tasks

necessary to send notice" to a class.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).

District courts have the authority to order a defendant "to perform tasks…that are necessary to the

sending of notice" and to "require a defendant's cooperation in identifying the class members to

whom notice must be sent."  *Id.* at 355.  But, "[t]he general rule must be that the representative

plaintiff should perform the tasks, for it is he who seeks to maintain the suit as a class action and

to represent other members of his class."  *Id.* at 356.  The Supreme Court in *Eisen v. Carlisle &*

*Jacquelin* "noted the general principle that a party must bear the 'burden of financing his own

suit,'" and so has observed that "ordinarily there is no warrant for shifting the cost of the representative plaintiff's performance of" tasks necessary for class notice "to the defendant." *Oppenheimer Fund*, 437 U.S. at 356 (citing *Eisen*, 417 U.S. 156, 179 (1974)).

## II.    Application

Plaintiff moves this Court to (1) approve the form of notice to the class members, (2) approve the method of providing notice to the class, and (3) shift the cost of notice to Defendant. ECF No. 40.

### a.    Form of Notice

Plaintiff attaches her proposed notice to class members to her motion.  ECF No. 40-1. Defendant objected to specific statements in that proposed notice, arguing that the class may only include members who received a qualifying letter within one year of June 5, 2018.  ECF No. 44. According to Plaintiff's Advisory, Defendant appears to have withdrawn these objections, and agrees to the form of notice.  ECF No. 46 ¶ 2 (stating Defendant agreed to allow Plaintiff's counsel to contact Defendant's bulk mailer regarding estimated cost of mailing notice "with no changes suggested by Defendant.").

The Court previously found that Plaintiff's proposed notice complies with Rule 23(c)(2)(B).  ECF No. 45 at 10 (citing FED. R. CIV. P. 23).  In consideration of the parties' agreement as to the form of notice to the class members, Plaintiff's motion to approve the form of notice is **GRANTED**.

### b.    Method and Cost of Providing Notice

In addition to approving the form of notice, Plaintiff asks this Court to order Defendant to: (a) prepare the notice list and make representations to the Court that the notice list is complete and accurate; (b) send notice by regular, first class mail to the last known address of the class members,

using its pre-existing association with a mass-mailer that can mail the notices, update addresses through the U.S. Postal Service, and resend notices that are returned after the first mailing; (c) make certifications or representations to the Court that the class notice has been disseminated; and (d) bear the costs of notice to the class members.  ECF No. 40.  In Defendant's response, it objects to "being required to pay the costs of class notice or to engage in the work to determine the class members, their addresses, and to get the notice letters to a bulk mailer."  ECF No. 44 ¶ 6.  The Court ordered the parties to confer and submit a joint proposed plan to provide notice to the class members, including any agreements on the allocation of costs.  ECF No. 45.  Plaintiff's Advisory states that "Defendant agreed to allow Plaintiff's attorneys to directly contact Defendant's bulk mailer to determine how many of the form letters were sent during the one-year class period"— i.e., to determine the number of class members—"and the estimated cost of sending the notice."[1] ECF No. 46 ¶ 2.  The advisory further states that "[r]egardless of the cost of mailing the notice, Defendant opposes shifting the costs to Defendant."  *Id.* ¶ 3.

Defendant is correct that the "general rule is the Plaintiff shall bear the cost of notice." ECF No. 44 ¶ 6; *see Oppenheimer Fund*, 437 U.S. at 356.  Plaintiff, nonetheless, argues that "many district courts have placed notice costs on the class action defendant once the defendant's liability has been established."  ECF No. 40 ¶ 6.  Thus, because Plaintiff has already prevailed on partial summary judgment as to liability, she argues this Court should ignore the general rule and shift the cost of notice to Defendant.  Plaintiff relies on a Ninth Circuit case and other district court cases that are not binding on this Court.  *Id.* (citing *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1143 (9th Cir. 2009)).  Even in those cases, it is soundly within the district court's discretion

---

[1] At present, Plaintiff's counsel is waiting for a response from Defendant's bulk mailer, and "will update the Court as soon as the mailer responds with specific information concerning the class size and costs of notice."  ECF No. 46 ¶¶ 2–3.

whether to shift notice costs to a defendant in any particular case. *See, e.g.*, *Hunt*, 560 F.3d at 1144.

Here, the Court declines to use its discretion to shift the burden of notice to Defendant. Plaintiff has not supplied, and the Court has not found, any cases within the Fifth Circuit doing so. The Court sees no reason to "stray too far from the principle…that the representative plaintiff should bear all costs relating to sending of notice because it is [she] who seeks to maintain the suit as a class action." *Oppenheimer*, 437 U.S. at 359. The Court will therefore **GRANT IN PART AND DENY IN PART** Plaintiff's motion as to the method of providing notice—Plaintiff's proposed method is approved, but it is Plaintiff who must perform the tasks and bear the burden of providing notice. The Court **DENIES** Plaintiff's motion to shift costs to Defendant.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Approve Form of Notice to the Class Members (ECF No. 40) is **GRANTED IN PART AND DENIED IN PART**.

1. The form of notice (ECF No. 40-1) is approved.

2. By no later than **June 29, 2020**, Plaintiff will compile a list of all class members, including the name and last known mailing address of each member. Plaintiff may use information provided by Defendant's bulk mailer, and Defendant is directed to facilitate this exchange of information as necessary.

3. By no later than **July 13, 2020**, Defendant shall review the list of class members and certify to the Court that it is complete and correct according to Defendant's records.

4. By no later than **July 27, 2020**, Plaintiff shall transmit the list of class members to a bulk mailing service—either Defendant's bulk mailer, or another mailer of Plaintiff's choice—with instructions that the approved class notice is to be mailed by U.S. mail in an envelope addressed to each person on the class list no later than **August 24, 2020**. With respect to notices mailed and returned, Plaintiff shall also instruct its mailing vendor to update the address of the class member using the U.S. Postal Service address update procedures and send the notice to all class members whose addresses are updated by no later than **September 7, 2020**. Alternatively, the bulk mailer selected by Plaintiff may

desire to, and is permitted to, update addresses through the U.S. Postal Service prior to the first mailing, in which event no second mailing will be required.

5.  By no later than **September 21, 2020**, Plaintiff shall certify to the Court that the mailings to the class members have been completed in accordance with this order.

6.  All costs of compiling the list and of printing and mailing the notices shall be born by Plaintiff.

The Court previously granted Plaintiff's unopposed motion for extension of time to file a proposed scheduling order. ECF No. 37; Text Order dated October 2, 2019. In granting that order, the Court suspended the deadline for the parties to submit a joint proposed scheduling order until 14 days after the expiration of the time within which class members may opt-out of the class. *Id.* Therefore, Plaintiff is **ORDERED** to file an advisory with the Court no later than **July 27, 2020**, which notifies the Court of the date by which a class member's request for exclusion must be received. *See* ECF No. 40-1 ¶ 4. The parties must, without further direction of the Court, confer and submit a proposed scheduling order no later than **14 days** after that opt-out deadline. *See* ECF No. 7.

It is so **ORDERED**.

**SIGNED** this 28th day of May, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE