UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated | ) Civil Action No. 5:18-CV-00911-XR |
| v. | ) |
| TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP | ) |

**TOLTECA'S ADVISORY TO THE COURT ON THE MATTER OF
THE CLASS PERIOD IN THIS CASE AND MOTION TO MODIFY
THE CLASS NOTICE TO REFLECT THE CLASS PERIOD OF ONE YEAR**

Now comes Tolteca Enterprises Inc., dba The Phoenix Recovery Group to advise the Court that Defendant did oppose the form of the class notice. (Doc #44). Defendant also advises the Court that the form of the notice the Court has approved is incorrect since it does not specify the one (1) year class period.

Defendant objected to Plaintiff's notice form because it did not set forth the relevant class period of one (1) year. (Doc. #40-1) Defendant's Objection #4 stated:

> "Objection 4. The alleged class member must have received the quoted notice letter from PRG within 1 year of June 5, 2018. Only such persons can be part of the class. Plaintiff's notice form fails to specify the eligible time period of one year from June 5, 2018." (Doc. #44).

Because of Defendant's objections, the Court ordered the parties to confer and submit a joint advisory about their discussions on the form of the class notice. (Doc. # 45). The parties complied and conferred on or about May 12, 2020. Defendant's counsel did have a discussion with Plaintiff's lawyers about the relevant class period. Pursuant to that discussion, the parties agreed to specify a one (1) year time period for eligibility in the class, beginning August 31, 2017

to August 31, 2018. This was a minor deviation from Defendant's assertion that the one year class period begin in June 2017. The compromise was agreed upon and that is what is significant here. The Court's Order, Doc. 47, is incorrect. The Court's Order incorrectly states that Defendant withdrew its objections to the form of the notice. Defendant did not drop its objection nor waive them in any way. What actually happened is that the lawyers agreed on the class period starting August 31, 2017 to end on August 31, 2018. The lawyers then agreed to issue a *Joint Advisory* to the Court reflecting these concerns Defendant's counsel wanted in the Joint Advisory; namely,

    a. Limiting the class period to August 31, 2017 to August 31, 2018;

    b. Defendant opposing shifting noticing costs from Plaintiff to Defendant; and,

    c. A statement that Defendant does not waive its right to appeal the class certification order or the partial summary judgment order.

In other words, the parties adopted and implemented Defendant's objection about the one (1) year limitation period to have membership in the class. *See,* Doc. #46, filed 6/27/2020, which clearly specified in Paragraph 2 that the class period would be that one (1) year period of time.[1]

Consequently, the original form of the notice (Doc. # 40-1) is *not correct and was not agreed on by the parties.* That notice set out in Doc. #40-1 is defective because it fails to incorporate the one (1) year class period of August 31, 2017 to August 31, 2018. Defendant insists on that being in the notice and Plaintiff's lawyers agreed to include that in the notice.

---

[1] The Advisory did state that Defendant continued to object to shifting the cost of class notice and it did state that Defendant was not waiving any appellate rights.

The notice form must include the eligibility period of one (1) year beginning August 31, 2017 ending August 31, 2018. Notice form Doc. 40-1 does not incorporate that proviso.

The Court's Order incorrectly states that, "According to Plaintiff's Advisory, Defendant appears to have withdrawn these objections, and agrees to the form of notice". It is true that Defendant has permitted Plaintiff's lawyers to contact Defendant's bulk mailer to search for possible class members provided the search is confined to netting members who may have received the deficient letter during the time period of August 31, 2017 to August 31, 2018.

But this was not supposed to be "Plaintiff's Advisory" what was supposed to be filed was a *Joint Advisory*. Doc. 46 did not do that and it did not contain the language that the parties "jointly advise the court....". *See,* Exhibit 1, the document that was supposed to have been filed and which Defendant did approve as to form.

As a result of the parties conference, there was supposed to be a *Joint Advisory* which included the matters Defendant wanted included, e.g., a one year class eligibility period; a statement that Defendant opposed cost shifting of the notice; and that Defendant was not waiving any appellate rights as to class certification and the summary judgment on liability for purported FDCPA violations.

Why a *Joint Advisory* was not filed is something the Court might want to have explained or to issue a show cause order for an explanation.

In conclusion the Court's Order (Doc. 47) is incorrect in these respects:

1. That Defendant withdrew its objections to the form of the class notice. No objections were withdrawn; they were actually agreed to stating the one year class period;

2. That the form of the class notice as set out in Doc. 40-1 is a mistake and should not be

approved and must be revised to set forth the one year class period. The approval of Doc. 40-1 must be set aside and the class notice must be modified to reflect the one (1) year class period of August 31, 2017 to August 31, 2018.

Believing that there would be a *Joint Advisory* Defendant gave Plaintiff's counsel the go ahead to file a *Joint Advisory* with the Court. (Doc. #46). These features were to be in the Joint Advisory: 1) a one year class period; 2) opposition to cost shifting to Defendant; and, 3) a statement that Defendant's appellate rights were not waived. Defendant did agree that Plaintiff would contact the bulk mailer with the parameters of August 31, 2017 to August 31, 2018.

In conclusion, Defendant advises the Court that the notice form (Doc. 40-1) is not correct. The Order of approval should be set aside and the notice form should be reformed to state the one year class period. The class notice form must state that to be a class member, the member must have received the letter that is the basis of the Complaint within the one (1) year time period of August 31, 2017 to August 31, 2018.

WHEREFORE, the notice form should be revised.

> S/Tom Clarke
> Texas Bar No. 04318600
> 8026 Vantage Dr., Suite 105
> San Antonio, Texas 78230
> 210/340-8448
> 210/348-7946 fax
> Attorney for Tolteca Enterprises Inc., dba
> The Phoenix Recovery Group

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing has been e-filed on May 29, 2020 with the Court's CM/ECF electronic filing system which will give electronic notice to Plaintiff's counsel, Benjamin Bingham and Bill Clanton.

      S/Tom Clarke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated | ) Civil Action No. 5:18-CV-00911-XR |
| v. | ) |
| TOLTECA ENTERPRISES INC., DBA THE PHOENIX RECOVERY GROUP | ) |

### ORDER ON THE MOTION TO SET ASIDE THE APPROVAL OF THE CLASS NOTICE

The Court finds that the form of the notice as set forth in Document #40-1 is defective and not what the parties agreed upon. The notice form should not have been approved. The notice form shall state the that the class period began August 31, 2017 and ended on August 31, 2018.

The notice form must be revised to reflect that the class period begins August 31, 2017 and ends August 31, 2018.  Only those persons who received the letter that is the basis of Plaintiff's Complaint during that time period may be included in the class action. Plaintiff's counsel is ordered to revise the class notice form and to provide the re-drafted notice to the Court and opposing counsel.

IT IS SO ORDERED.

Signed on _____, 2020.

_____
UNITED STATES DISTRICT COURT
JUDGE