UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
"ADVISORY TO THE COURT ON THE MATTER OF
THE CLASS PERIOD IN THIS CASE AND MOTION TO MODIFY
THE CLASS NOTICE TO REFLECT THE CLASS PERIOD OF ONE YEAR"**

Plaintiff and Class Representative Sadie Hackler, by and through her counsel of record, responds to Defendant's "Advisory to the Court on the Matter of the Class Period in this Case and Motion to Modify the Class Notice to Reflect the Class Period of One-Year" (ECF No. 48) and shows:

1. To put Defendant's latest pleading in context:

    a. The Complaint in this case was filed August 31, 2018.

    b. Over a year ago Plaintiff moved to certify a class of consumers who had been sent Defendants collection letter "within the year preceding the filing of the suit". (ECF No. 30; Ex. 1[1]).

    c. Defendant did not object to Plaintiff's proposed definition of the class.

---

[1] For ease of reference, only the relevant page(s) of the cited ECF documents are attached as Exhibits.

    d. The Court certified a class consisting of "All persons in the United States and its territories who, **within the year preceding the filing of this suit…**" (ECF No. 36, p.14; Ex. 2). (emphasis added)

    e. Plaintiff then moved the Court to approve the form of notice which described the class as those who received the letter "**after August 31, 2017**" (ECF No. 40, 40-1; Ex. 3). (emphasis added)

    f. Without citation to any authority, Defendant objected to the August 31, 2017 starting date for the class period. Defendant contended the limitations period should run from the date stated on Plaintiff's letter, June 5, 2017, rather than a year preceding the filing of the Complaint. (ECF No. 44, p. 2; Ex. 4)

    g. The Court considered Defendant's objection and rejected it, finding that "the proposed notice's description of the certified class as including persons who received a letter from Defendant "after August 31, 2017" accurately describes the class certified by this Court's previous order.", citing ECF No. 36. (ECF No. 45, p. 10; Ex. 5)

    h. Pursuant to the Court's order concerning dissemination of the class notice, the attorneys for the parties conferred. They agreed that the August to August time frame was the correct limitations period, rather than the June to June period asserted by Defendant.

    i. The parties did not discuss changing the actual form of the Court approved notice to articulate the class period as being "August 31, 2017 to August 2018" instead of "after August 31, 2017". In Plaintiff's mind, after Defendant conceded that the June to June date was incorrect, there was no reason to change the notice period contained in the class certification order and the order approving the notice. The certification order already confines the class to the one-year period as did the order approving the form of notice. Further, Plaintiff does not and has never proposed to send the class notice to people not in the Court-defined one-year class and Plaintiff has never asserted that the class period is longer than one-year preceding the filing of the complaint.

2. All that said, the class notice proof has not yet "gone to press" and Plaintiff has no objection to including the August 31, 2017 to August 31, 2018 language instead of the "after August 31, 2017" language.

Respectfully submitted,

LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie
San Antonio, TX 78216
(210) 226 0800 Telephone
(210) 338 8660 Facsimile

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile

BY:  */s/ Benjamin R. Bingham*
     BENJAMIN R. BINGHAM
     State Bar No. 02322350
     ben@binghamandlea.com
     WILLIAM M. CLANTON
     State Bar No. 24049436
     bill@clantonlawoffice.com

*COUNSEL FOR PLAINTIFF*


# CERTIFICATE OF SERVICE

I certify by my signature below that on June 1, 2020, I have caused a true and correct copy of the above and foregoing to be served on all counsel of record through the Court's Electronic Filing Noticing System.

Tom Clarke
Tclarkeatty7@aol.com
LAW OFFICES OF TOM CLARKE
8026 Vantage Dr., #105
San Antonio, Texas 78230

*COUNSEL FOR DEFENDANT*

 */s/ Benjamin R. Bingham*
   WILLIAM M. CLANTON
   BENJAMIN R. BINGHAM

Form Letter does not include certain notices required by the FDCPA, nor does is accurately state the amount of the debt sought to be collected. The letter at issue is attached to the Bingham Declaration as Exhibit 1, submitted herewith.

The heart of the contested issue in this case concerns the "superiority" requirement of Rule 23(b)(3), i.e. whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." See, Rule 23(b)(3). At the heart of the superiority dispute lies the class action cap of the FDCPA, which limits damages in a FDCPA class action to the lesser of $500,000 or 1% of the defendant's net worth. See, 15 U.S.C. §1692k (a)(2). In unsworn discovery response Defendant claims its net worth is "negative 60 to positive 45K". See Bingham Decl. Ex. B, handwritten page 13 and 14). Defendant therefore declares that a class action is not "viable" because its net worth is allegedly so small. See, Defendant's Answer and Motion to Dismiss (Doc. #6.)

However, because the FDCPA specifically sanctions class actions "without regard to a minimum individual recovery", 15 U.S.C. §1692k(a)(2), a small or even negative net-worth is not determinative of class superiority. As discussed below, Courts regularly focus on the "superiority" requirements of Rule 23 (b)(3) rather than the damage cap of the FDCPA and have consistently held that a class action is superior to any other method of resolving many small claims, even where the defendant has small or even negative net worth.

**(2)   A statement defining the class plaintiff seeks certified, including its geographical and temporal scope.** This action is brought on behalf of a class consisting of all persons in the United States and its territories, who, within the year proceeding the filing of the suit, were sent an initial communication letter by Defendant that:

MOTION FOR CLASS CERTIFICATION                              Page 2 | 22


EXHIBIT 1

The Court finds that Plaintiff has met her burden of meeting the requirements of Rule 23(a) and 23(b)(3). For that reason, the Court finds that certification of Plaintiff's FDCPA claim against Tolteca is appropriate.

### III.    Conclusion

The Court finds that Plaintiff has standing and that she has met the burden of satisfying the requirements of Rule 23(a) and (b)(3). Accordingly, the Court GRANTS the Plaintiff's Motion for Class Certification and CERTIFIES the following class:

All persons in the United States and its territories who, within the year preceding the filing of this suit, were sent an initial communication letter by Defendant that:

- Had these words in this order: "If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid."

- Regardless of whether the letter contained the words "in writing" and "written request," the letter included the statement "Your balance may reflect a one-time agency collection fee."

- The class does not include persons who, prior to the date the action is certified to proceed as a class, either (1) provided Defendant with a notice of a bankruptcy filing, (2) commenced an action in any court against Defendant alleging violation of the FDCPA, (3) signed a general release of claims against Defendant, (4) is a judge assigned to this case or is a member of such judge's staff or immediate family, or (5) Defendant can demonstrate that the Form Letter was not received by the addressee.

It is so ORDERED.

SIGNED this 9th of September, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

EXHIBIT
2

## NOTICE OF CLASS CERTIFICATION

1. This notice **IS NOT A LAWSUIT AGAINST YOU**, it is a Court approved notice to advise you that there is a lawsuit pending that may affect your rights.

2. For herself and others, Sadie Hackler sued Tolteca Enterprises, dba Phoenix Recovery Group (PRG), for violations to the Federal Fair Debt Collection Practices Act (FPCPA).The Court in the Western District of Texas, San Antonio Division has certified that the case against PRG may proceed as a class action and has granted summary judgment for the class as to PRG's liability on two FDCPA claims.

3. The Court has certified a class of persons to whom PRG sent a letter after August 31, 2017 that contained the words in bold below; PRG has identified you as a member of the class, because it says it sent to you a letter containing these phrases:

   **"If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid."**

   and/or

   **"Your balance may reflect a one-time agency collection fee."**

4. The Court will exclude from the class any member who request exclusion. To exclude yourself from the class, you need to send a letter or email to the attorneys appointed as "Class Counsel" (not to the Court) and it must clearly and specifically request that you be excluded from the class. Your request for exclusion must be <u>received</u> by Class Counsel by no later than noon, CST on **[DATE]**. To send requests for exclusion or for answers to questions, write (don't call) Class Counsel at:

   William M. Clanton
   926 Chulie Dr. San Antonio Texas, 78216
   Bill@clantonlawoffice.com

   and/or

   Ben Bingham
   319 Maverick Street San Antonio, Texas 78212
   ben@binghamandlea.com and/or jennifer@binghamandlea.com

5. You may enter an appearance through your own attorney if you so desire. If you exclude yourself, you will need to pursue your claims by yourself or with your own attorney. If you exclude yourself from the class, Class Counsel cannot represent you.



EXHIBIT 3

Without an existing class, no notice is needed.

5. Tolteca objects to the statement that "PRG has identified you as a member of the class because it says it sent you a letter containing these phrases,

"If you dispute the validity of this debt within 30 days from receipt of this notice, we will mail verification of the debt to you. If you do not dispute the validity of this debt within 30 days, from receipt of this notice, we will assume it is valid".

Objection 1. Plaintiff, not PRG, is the party claiming that the notice recipient has been identified.

Objection 2. Any alleged class member must show a concrete injury in fact and not just a bare procedural omission of the terminology "in writing". Actual non theoretical harm needs to be shown to have any class membership.

Objection 3. The terms "your balance may reflect a one time agency collection fee." Again there must be a showing of harm which will not exist if the total amount due is accurate as there is no legal requirement that there be any itemization of the balance.

Objection 4. The alleged class member must have received the quoted notice letter from PRG within 1 year of June 5, 2018. Only such persons can be part of the class.

Plaintiff's notice form fails to specify the eligible time period of one year from June 5, 2018. This is because the FDCPA has a one (1) statute of limitations. June 5, 2018 is the date of the letter that Plaintiff claims violated the FDCPA.

6. Shifting of costs is not required. The general rule is the Plaintiff shall bear the cost of notice. Defendant objects to being required to pay the costs of class notice or to engage in the work to determine the class members, their addresses, and to get the notice letters to a bulk mailer. Those

EXHIBIT 4

certifications or representations to the Court that the class notice has been disseminated, and (iv) bear the costs of notice to the class members.

Defendant opposes Plaintiff's motion. ECF No. 44. First, Defendant restates arguments contained in its Motion to Vacate and urges that no class notice will be necessary if the partial summary judgment were set aside. As stated above, the Court denies Defendant's motion to vacate, and the grant of partial summary judgment on liability remains intact. Defendant also objects to specific statements in Plaintiff's notice, argues that the class may only include members who received a qualifying letter within one year of June 5, 2018, and opposes "being required to pay the costs of class notice or to engage in the work to determine the class members, their addresses, and to get the notice letters to a bulk mailer." *Id.* ¶ 6.

The Court finds that Plaintiff's proposed notice complies with Rule 23(c)(2)(B). *See* FED. R. CIV. P. 23. The Court also notes that the proposed notice's description of the certified class as including persons who received a letter from Defendant "after August 31, 2017" accurately describes the class certified by this Court's previous order. ECF No. 36. Finally, the Court assumes that Defendant in this case holds the information necessary to identify the class members. Therefore, it is **ORDERED** that the parties confer and submit a joint advisory outlining a proposed plan to provide notice to the class members **within 30 days** of this order. The parties should endeavor to agree on Plaintiff's proposed notice to the class and any changes thereto. The joint advisory must include (i) the parties' plan to ascertain the names and contact information for all class members, (ii) the total number of class members, if available at the time of filing, (iii) the total estimated cost of providing notice to the class, and (iv) any agreement among the parties as to the allocation of the cost of notice among the parties. Plaintiff's Motion to Approve (ECF No. 40) will be **HELD IN ABEYANCE** until the filing of the joint advisory.

