IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiff*,<br><br>v.<br><br>TOLTECA ENTERPRISES, INC.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-18-CV-00911-XR |

## ORDER

On this date, the Court considered Defendant Tolteca Enterprises, Inc.'s Advisory to the Court on the Matter of the Class Period in this Case and Motion to Modify the Class Notice to Reflect the Class Period of One Year (ECF No. 48) and Plaintiff Sadie Hackler's Response (ECF No. 49). The Court will **GRANT IN PART** and **DENY IN PART** Defendant's motion.

On May 29, 2020, this Court issued an order which granted in part and denied in part Plaintiff's Motion to Approve Form of Notice to the Class Members (ECF No. 40). *See* ECF No. 47 ("the Class Notice Order"). The Class Notice Order approved Plaintiff's proposed form of notice (ECF No. 40-1) but denied Plaintiff's request to shift the cost of notice to Defendant and ordered Plaintiff to effect notice to the class with the assistance of Defendant in accordance with the order. ECF No. 47 at 6–7.

In its present motion, Defendant asserts that the Court's Class Notice Order was incorrect because it states that Defendant withdrew its objections to the form of the notice. ECF No. 48 at 2. Defendant previously objected to the form of notice because the notice "fail[ed] to specify the eligible time period of one year from June 5, 2018" for class membership.[1] ECF No. 44 at 2.

---

[1] Defendant seemingly believed that the class membership was defined by the one-year statute of limitations running from the date of the letter Plaintiff received, June 5, 2018. *Id.* That is not the case. The class includes "[a]ll

The Court noted that the proposed notice accurately described the class as including persons who received a letter from Defendant "after August 31, 2017"—that is, "within the year preceding the filing of this suit." ECF No. 45 at 10. The Court further ordered the parties to confer on the form of notice and submit a joint advisory outlining a proposed plan for notice to the class members. *Id.* Plaintiff submitted an advisory which stated Defendant had "no changes suggested" for the form of notice. ECF No. 46 ¶ 2. Accordingly, in the Court's Class Notice Order, the Court approved the proposed form of notice and noted that "Defendant appears to have withdrawn" its objections to the language describing the class. ECF No. 47 at 4. Defendant now argues "Defendant did not drop its objection nor waive them in any way," but rather that a "compromise was agreed upon" and "the lawyers agreed on the class period starting August 31, 2017 to end on August 31, 2018." ECF No. 48 at 2.

Defendant further claims the approved class notice (ECF No. 40-1) "is defective because it fails to incorporate the one (1) year class period of August 31, 2017 to August 31, 2018." ECF No. 48 at 2. Defendant "insists on that being in the notice." *Id.* Finally, Defendant claims that, in accordance with the Court's previous order for the parties to confer, they did so and agreed upon a joint advisory, but that Plaintiff instead submitted Plaintiff's Advisory. ECF No. 48 at 3–4. Defendant suggests "the Court might want to have explained or to issue a show cause order for an explanation" as to why the advisory was not filed jointly. *Id.* at 3. Defendant requests that the Court set aside the approval of the class notice in the Class Notice Order and order the notice be reformed to state the one-year class period from August 31, 2017 to August 31, 2018. *Id.* at 4.

---

persons…who, within the year preceding the filing of this suit" were sent a qualifying letter by Defendant. ECF No. 36 at 14 (certifying the class). Plaintiff filed this suit on August 31, 2018. ECF No. 1. Thus, in an April 27, 2020 order, the Court noted "that the proposed notice's description of the certified class as including persons who received a letter from Defendant 'after August 31, 2017' accurately describes the class" certified by this Court. ECF No. 45 at 10.

Plaintiff responds that the class notice "has not yet 'gone to press'" and concedes that she has no objection to modifying the language of the notice to include "the August 31, 2017 to August 31, 2018 language instead of the 'after August 31, 2017' language."[2]  ECF No. 49 at 2.

Accordingly, the Court **GRANTS IN PART** Defendant's motion and **ORDERS** Plaintiff to revise the language in the previously approved class notice to reflect the agreed upon one-year class period of August 31, 2017 to August 31, 2018.  Plaintiff shall provide the modified class notice to Defendant; if further revisions are requested by either party, the parties are **ORDERED** to confer and attempt to reach an agreement on the form of notice.

The Court notes Defendant "compromised" on its objection to the language in the class notice rather than "withdrawing" that objection.  Nevertheless, it is clear that the parties have agreed that the certified class includes those who received a qualifying letter from Defendant between August 31, 2017 and August 31, 2018.  Therefore, the Court **DENIES** Defendant's request to set aside the Court's Class Notice Order.  The parties must continue to comply with the Class Notice Order, including all deadlines originally set out therein, or request an extension of time to do so.

It is so **ORDERED**.

**SIGNED** this 2nd day of June, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the present motion may have been resolved or narrowed if Defendant had complied with the requirement to confer with opposing counsel in a good-faith attempt to resolve the matter by agreement.  *See* Local Rule CV-7(i).  The parties are advised that failure to comply with Rule CV-7(i) may result in the Court refusing to hear or denying a non-dispositive motion that fails to include the required certificate of conference.  *Id.*