UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § § § | |
| Plaintiff, | | |
| V. | § § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § § § | |
| Defendant. | | |

## UNOPPOSED MOTION TO ENTER JUDGMENT

Plaintiff and Class Representative Sadie Hackler files this Unopposed Motion to Enter Judgment and shows:

### Grounds for Relief

1. On August 31, 2018, this Federal Fair Debt Collection Practices Act ("FDCPA") case was filed.

2. On September 9, 2019, the Court certified this case to proceed as a class action. (ECF #36)

3. On December 11, 2019, the Court granted to the class a partial summary judgment and adjudged Defendant liable for each of the two FDCPA violations as asserted by Plaintiff. (ECF # 39).

4. On February 11, 2021, the parties filed a stipulation of fact, stipulating that 1% of Defendants net worth is $3,600. (ECF # 57).

5. On April 28,2021, the parties filed a stipulation that the named plaintiff Sadie Hackler is entitled to an award of $1,000 in statutory damages under the FDCPA[1] and the class is entitled to a separate award of $3,600 under the FDCPA.[2] (ECF #59).

6. There are no longer any factual issues for a trier of fact to decide, except for attorneys fees and expenses pursuant to Local Rule CV-7.

**7.** The parties need the Court to determine an amount for attorney's fees and non-taxable Costs (expenses) for Class Counsel. The parties have been negotiating those issues for months, and will continue to do so, but they may ultimately need the Court's assistance.

8. The parties therefor request that the Court enter a judgment for the class and against the Defendant for statutory damages of $1,000 for Plaintiff Sadie Hackler plus $3,600 for the class.

9. The certified class consists of over 13,800 people. Obviously, there is no feasible way to distribute $3,600 to 13,800 people. Class Counsel requests that the judgment provide that from the first $3,600 collected from the judgment, whether by way of settlement or otherwise, Class Counsel disburse it to Texas RioGrande Legal Aid as a *cy pres* distribution. This has ordered at least three times in FDCPA and FCRA class actions in this district. See, *Munoz v. Burke* Civil Action No. 5:05-cv-00223-WRF (ECF #40) (FDCPA case); *King v United SA Federal Credit Union*, Civil Action No. 5:09-cv-00937-NSN (ECF #31) (FCRA case); *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, (ECF #84); 2011 U.S. Dist. LEXIS 104466 (W.D. Tex. 2011) (FDCPA case).

---

[1] See, 15 U.S.C. §1692k (a) (2) (A).
[2] See, 15 U.S.C. §1692k (a) (2) (B).

10.     "The equitable doctrine *of cy pres* ensures that undistributed or unclaimed funds are put to their 'next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class.'" *Duncan v. JPMorgan Chase Bank, N.A.*, Civ. No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663, 2016 WL 4419472, at *17 (W.D. Tex. May 24, 2016) (quoting *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 474 (5th Cir. 2011) (citation omitted)). A *cy pres* distribution is appropriate "only when it is not feasible to make further distributions to class members." *Klier*, 658 F.3d at 475 (internal quotation marks omitted) (citation omitted). "It is infeasible to make further distributions when (1) remaining class members cannot be identified or chose not to participate; (2) the claim amounts are too small to make individual distributions economically viable, and/or (3) the class members' damages claims are fully satisfied by the initial distribution." *Duncan*, 2016 U.S. Dist. LEXIS 122663, 2016 WL 4419472, at *17 (citing *Klier*, 658 F.3d at 475 & n.15)." *In re Convex Comput. Corp. Sec. Litig.*, No. 3:91-CV-1563-S, 2020 U.S. Dist. LEXIS 58507, at *3 (N.D. Tex. 2020).

## Certificate of Conference

11.     Defendant does not oppose this motion nor the form of judgment submitted with the motion, per email from Defendant's counsel on May 28, 2021

## Request for Relief

Plaintiff requests that the Court enter a judgment substantially in the form of Exhibit A, and order Class Counsel to submit their fee application in accordance with Local Rule CV-7 (j).

Respectfully submitted,

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By: */s/ Benjamin R. Bingham*
      BENJAMIN R. BINGHAM
      State Bar No. 02322350

LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

By: */s/ William M. Clanton*
      WILLIAM M. CLANTON
      State Bar No. 24049436

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify by my signature below that on May 28, 2021, a true and correct copy of the above and foregoing was served through the Court's Electronic Case Noticing System on all counsel of record.

      */s/ Benjamin R. Bingham*
      BENJAMIN R. BINGHAM