UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

**Class Counsel's Motion for
Attorneys' Fees and Reimbursement of Expenses**

Pursuant to F.R.Civ.P. 54(d) and Local Rule CV-7 (j) Bingham & Lea, P.C., and Law Office of William Clanton (Class Counsel) make this motion for attorneys' fees and shows:

**Background - Why the Issue has not been Resolved**

1.      This motion is made after the case has been pending for nearly 3 years, and after several months of negotiations with the attorney for Defendant.  On several occasions Class Counsel provided their hours, rates, timesheets, and expense receipts to defense counsel, but the parties have been unable to agree to a reasonable fee to be paid by the judgment Defendant.[1]

2.      The attorneys first discussed settlement of the case in the federal courthouse parking lot after the initial status conference on January 24, 2019. After that

---

[1] On May 28, 2021 the Court has entered judgment for the certified class and against Defendant Tolteca Enterprises, Inc. on two Federal Fair Debt Collection Practices Act ("FDCPA") claims. ECF # 63.

discussion and after considering Defendant's plea of poverty, on the very next day Mr. Bingham emailed to Defendant's counsel a copy of the motion and order Judge Furgeson signed approving a FDCPA "limited fund" class settlement in another poverty case, *Maria Munoz v. Edward T. Burke & Associates, P.C.* Civil Action No. 5:05-cv-00223-WRF (ECF #39, 40). At that point, the case had been pending for 6 months and could have settled for approximately $20,000 "all in". Not until July of 2020, twenty-two months into the case did Defendant make an offer to settle the case. That offer was only of nuisance value, only to the named Plaintiff and only after the class certification motion had been granted, the summary judgment on Defendant's liability had been granted, Defendant's motion to reconsider had been denied and the Court had ordered notice of the certification disseminated to the class. See Ex. 1, Bingham Decl. ¶ 3.  The parties entertained mediation on the attorney fee issue, but in November 2020, Defendant revoked its consent to mediation and sent its first discovery requests to Plaintiff. Plaintiff answered Defendant's discovery concerning fees, hours, rates, etc. first informally, then formally. To date, the parties have been unable to agree to a reasonable amount of attorneys' fees and expenses that Defendant would pay to Class Counsel.

## Statutory Basis for Attorneys' Fee Award

3.     The FDCPA provides for recovery from the debt collector Defendant "in the case of any successful action to enforce the forgoing liability, the costs of the action, together with reasonable attorney's fees as determine by the court." 15 U.S.C. 1692K (a) (3).

4.     Because congress chose the "private attorney general "mechanism of enforcement of the FDCPA, several circuits have held that it is mandatory to award

attorney's fees the successful plaintiff in an FDCPA action.   See, e.g., *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008); *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164 (7th Cir. 1997); *Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989).* The Fifth Circuit is generally in alignment with the other federal circuits but has held that "special circumstances" or "extreme facts" may justify an "exceedingly narrow" exception and allow the Court to deny or reduce fee requests in an FDCPA case. See, e.g. *Davis v. Credit Bureau of the* South, 908 F.3d 972, 976 (5th Cir. 2018) (special circumstances justified denial of attorney's fees where "the extreme facts" of the case showed that plaintiff and her counsel engaged in bad faith and fraudulent conduct, described at *Davis v. Credit Bureau of the S., Inc.*, No. 2:16-cv-22-JRG-RSP, 2017 U.S. Dist. LEXIS 142597 (E.D. Tex. 2017)).

## Summary of the Fees and Expenses

5.       Ben Bingham of the firm of Bingham & Lea, P.C. is requesting fees for 172.7 hours at $500 per hour, for a total of $86.350. The firm of Law Office of Bill Clanton is requesting fees for 44.7 hours at $350 per hour, for a total of $15,645. The total fee request is $101,995. See, Ex. 1-A, 2-A.

6.       Class Counsel also request reimbursement of out-of-pocket expenses in the amount of $8,071.86, which is the cost of mailing the certification notice to the 13,844 class members and filing and service fees. See, Ex. 1-B.

## Fee Analysis

7.       The Fifth Circuit requires district courts to use the "lodestar method" to determine the reasonableness of attorneys' fees in class action suits. *In re High Sulfur Content Gasoline Products Liab. Litig.*, 517 F.3d 220, 228 (5th Cir. 2008). The lodestar

method is a two-step process used to determine the amount of reasonable attorneys' fees. The court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by an appropriate hourly rate in the community for such work. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir. 1993). See also *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Once the lodestar amount has been calculated, the Court examines the amount and may increase or decrease the lodestar fee using the *Johnson* factors. *Shipes*, 987 F.2d at 319-20. See also *Hensley*, 461 U.S. at 433 n.3.

8.     In *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit provided twelve factors for evaluating attorney's fees in a statutory fee award, or "fee-shifting" cases like this case. The *Johnson* factors are intended to ensure "a reasonable fee." *Johnson*, 488 F.2d at 717-20. A court's *Johnson* analysis "need not be meticulously detailed to survive appellate review." *In re High Sulfer Content,* 517 F. 3d at 228. Even though the *Johnson f*actors must be addressed to ensure that the resulting fee is reasonable, not every factor need be necessarily considered. *Batchelder v. Kerr-McGee Corp.*, 246 F. Supp. 2d 525, 531 (N.D. Miss. 2003). The twelve *Johnson* factors are each discussed below.

9.     ***Johnson* factor 1**. **The time and labor required**. The time and labor required in this case is reflected by the detailed time entries on the timesheets of Bingham, Ex. 1-A and Clanton Ex. 2-A.  In large part, the time incurred in this case was driven by the tactics and strategy of the Defendant. Defendant filed a motion to dismiss the case. ECF #6 Defendant refused to participate in good faith discovery. See ECF #27, 27-1. For example, in December of 2018 Defendant was requested to admit that there

were more than 40 persons to whom the FDCPA form letter was sent. ECF 27-1 p.9. Defendant refused to admit that the letter was sent to more than 40 people. Only after the Plaintiff proved numerosity by other circumstantial evidence in support of Plaintiff's motion for class certification did the Defendant concede that "numerosity is satisfied" because "possibly more than 10,000 people had been sent the offending letter. ECF 34-1. (The actual number turned out to be 13,884 people on the class member list). Defendant opposed certification of the class. ECF #34-1. Defendant moved to vacate the order granting summary judgment on liability. ECF #41, (Response at ECF #42, Reply at ECF #43). Defendant filed other "motions to set aside" prior orders or pleadings, see ECF #48, seeking to set aside ECF 47 and 46; ECF#55. Except for one small dollar offer made to the named Plaintiff (only) in July of 2020, after the class was certified, Defendant made no effort to try to settle the case. See Ex 1, Bingham Decl. ¶ 3. When the only issue left was attorneys' fees, Defendant agreed to mediation with FDCPA expert attorney Manny Newburger ECF #55, but then Defendant withdrew its consent to mediation and no mediation has occurred.  In short, a substantial portion of the time in this case has been incurred in response to the way Defendant has defended the case. For Class Counsel, this is a contingent fee case. Class Counsel is not motivated to incur more hours than are necessary to move the case along given the risk that those hours may not in the end be compensable or collectible from Defendant.

10. The Fifth Circuit recognized a basic reality of consumer litigation in *McGowan v. King, Inc.,* 661 F.2d 48, 51 (5th Cir. 1981), stating the following:

> "The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one; its protraction resulted from the stalwart defense. And although Defendants are not required to yield

an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost."

11.     **Class Counsel rates are reasonable for this type of case**. Mr. Bingham's hourly rate is $500 per hour. In 2010 Judge Nowak approved an hourly rate of $400 per hour for Mr. Bingham. *King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 617 (W.D. Tex. 2010). In 2012 this Court approved an hourly rate 0f $400 for Mr. Bingham. *Boles v Moss Codilis*, Civil Action 5:10-cv-01003-XR (ECF #84). In two more recent cases in this district, $500 per hour was approved for Mr. Bingham. *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663 (W.D. Tex. 2016); (FCRA case); *Welsh v. Navy Federal Credit Union Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018) (involving GAP insurance). In 2017, Magistrate Judge Chestney, after considering the State Bar of Texas Rate Sheet, together with other factors, found that $625 per hour is a reasonable hourly rate for class action attorneys with more than 20 years' experience and $475 per hour reasonable for attorney with 10-20 years' experience. *City of San Antonio v. Hotels.com, L.P.*, No. 5-06-CV-381-OLG, 2017 U.S. Dist. LEXIS 58384 at *37 (W.D. Tex. 2017). Mr. Bingham's rate is substantially below the rates found reasonable by Magistrate Judge Chestney for attorneys of similar experience. Likewise, Mr. Clanton's rate of $350 per hours has been approved in this district and is well below the rates found reasonable by Magistrate Judge Chestney. See, *Welsh v. Navy Federal Credit Union Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018) (approving Mr. Clanton at $350 per hour). See Ex. 1, Bingham Decl. ¶ 4-6, 9-13.

12.    **The Hours invested in the case by Class Counsel are reasonable**. Class Counsel has carefully reviewed its time records and exercised billing judgment in eliminating any duplicative or otherwise non-compensable work. Class Counsel represents that the hours invested by them into this case were necessary and reasonable. Especially considering Defendant's initial and continuing claim of poverty, Class Counsel did not invest in this case any time that was not thought to be totally necessary.    See Ex. 1 and 2.

13.    **Whether the lodestar should be increased or decreased**.  Class Counsel do not seek an enhancement of the lodestar.

14.    *Johnson* **factor 2: The novelty and difficulty of the case.** Except that it is a class action case, this was not a particularly novel or difficult case for an experienced consumer law attorney. Novel to the area of class action litigation is the defense tactic of trying to "pick off" the named plaintiff to try to moot the class action allegations. Defendant's counsel did indeed announce his intent to make a Rule 68 offer of judgment to the named Plaintiff but was dissuaded from doing so with a copy of this Court's opinion in the *Boles* case.[2] In addition to other discovery disputes where there should have been none, a time-consuming difficulty in this case was gathering the information to prove the numerosity requirement for class certification. In discovery, Defendant refused to admit that the form letter had been sent to more than 40 people. See Ex. 1, Bingham Decl. ¶ 3 and ECF #23. It took substantial to gather enough circumstantial evidence from other cases on Pacer, prior deposition testimony discovered on Pacer, and other sources to

---

[2] *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2011 U.S. Dist. LEXIS 104466 (W.D. Tex. 2011).

make a convincing case of numerosity. Only after Plaintiff had proved circumstantially the numerosity requirement did Defendant finally stipulate that there were "more than 10,000" people in the class. The actual number of class members turned out to be 13,844. The class period was only one year, so Defendant was on average sending out 1,153 letters per month but would not admit more than 40 letters were sent. See, ECF #23,34.  This and other examples of Defendant's obstructive and dilatory tactics are set out Ex.  A and A-1.

15.    *Johnson* **factor 3: The skill required to perform the legal service adequately.**  This factor is somewhat addressed in paragraph 9 a. above. Most attorneys and litigators have not handled class action cases and so do not have the skill or experience to pursue cases on a class-wide basis. This Court has already found Mr. Bingham and Mr. Clanton adequate to serve as class counsel. *Hackler v. Tolteca Enters.*, Civil Action No. SA-18-CV-911-XR, 2019 U.S. Dist. LEXIS 226145 at*12-13, (W.D. Tex. 2019). See the credentials of Class Counsel at Exhibits 1-C and 2.

16.    *Johnson* **factor 4: The preclusion of other employment because of the acceptance of this case.** Class Counsel does not assert that the acceptance of this case precluded employment in other cases in any unusual manner. Due to the length of time this case has been pending, the case turned out to involve much more than expected, but not so much as to preclude other work.

17.    *Johnson* **factor 5: The customary fee for similar work in this community.**  The fees charge by Mr. Bingham and Mr. Clanton are customary in this community for similar work. As stated above, the hourly rates have been approved in this district. As stated below, the aggregate fees sought in this case are lower than in several

similar cases, including the $105,000 in fees approved by this Court in the *Boles* case. The fees sought now are higher in some old FDCPA class cases in this district. See Ex. 1, Bingham Decl. ¶ 9-13.

18.     ***Johnson* factor 6: Whether the fee is fixed or contingent.** In this case, the fee is wholly contingent. Ms. Hackler is not obligated to pay Class Counsel anything. Because it is a contingent fee and the case was filed almost 3 years ago, it will be even more time before Class Counsel finds out whether it will be paid.

19.     Courts consistently recognize that the risk of receiving little or no recovery, while investing time and money into a case, is a substantial factor in an award of attorneys' fees. See, *King v United SA FCU*, 744 F. Supp. 2d 607, 615 (W.D. Tex. 2010). Unlike defense counsel who presumably is paid regularly, Class Counsel has been working on this case without payment for almost three years. Class Counsel has also invested $8,071.86 in out-of-pocket expenses.

20.     ***Johnson* factor 7: Time limitations imposed by the client or circumstances.** Except that this case has been pending for almost 3 years, Class Counsel does not assert that this case presented any unusual time limitations imposed by the client or the circumstances.

21.     ***Johnson* factor 8: The amount involved, and the results obtained.** The most critical factor in determining the reasonableness of the fee award is the degree of success obtained. *King v United SA FCU*, 744 F. Supp. At 616-617 (citations omitted).

22.     The amount of statutory damages in an FDCPA class action is capped at the lesser of $500,000 or 1% of the Defendant's net worth, and individual statutory

damages are capped at $1,000. Therefore, the amount involved in this case was not great, but Class Counsel achieved 100% of the amount allowed by the FDCPA statute.

23.    More importantly, after this case filed, Defendant revised its form letter to comply with the FDCPA statue and address the two specific complaints made in this case. See Ex. 1, Bingham Decl. ¶ 19.   The case also produced two opinions addressing consumer standing in FDCPA cases, the class certification requirements in FDCPA class cases, and in particular the "superiority" of class actions in low or no net worth cases. *Hackler v. Tolteca Enters.*, Civil Action No. SA-18-CV-911-XR, 2019 U.S. Dist. LEXIS 226145 (W.D. Tex. 2019); *Hackler v. Tolteca Enters.*, No. SA-18-CV-00911-XR, 2019 U.S. Dist. LEXIS 213219 (W.D. Tex. 2019).

24.    ***Johnson* factor 9: The experience, reputation, and ability of the attorneys.**   The experience, reputation and ability of the attorneys is addressed elsewhere in this application and in Exhibits 1-C and 2.

25.    Regarding Mr. Bingham, for 22 years, since 1999, he has been rated "A-V Pre-eminent" by the Martindale-Hubble attorney rating organization. For several years he has been named a "Super Lawyer" by the *Superlawyers* publication. He has been the lead or co-lead counsel in approximately 30 class action cases, including several in this federal district. See, e.g. *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2011 U.S. Dist. LEXIS 104466 (W.D. Tex. 2011) (FDCPA case); *Munoz v. Burke*, Civil Action No. 5:05-cv-00223-WRF (FDCPA case);  *King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 617 (W.D. Tex. 2010) (FCRA case); *Duncan v. JPMorgan Chase Bank*, *N.A.*, No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663 (W.D. Tex. 2016);

(FCRA case); *Welsh v. Navy Federal Credit Union*, No. 5:16-CV-1062-DAE, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018) (involving GAP insurance).

26.     *Johnson* **factor 10: The undesirability of the case.** As an individual case**, t**his case was not undesirable for most FDCPA practitioners, but to pursue it as a class action is a different matter. To pursue this case as a class action means a much larger time investment, with more dollars and time at risk of non-collection. Since day one, Defendant has been claiming poverty and not offering any meaningful settlement options. Nonetheless, having filed the case as a class action, Class Counsel felt ethically bound to pursue the case to the end as a class action.

27.     *Johnson* **factor 11: The nature and length of the professional relationship with the client.** Neither Mr. Bingham nor Mr. Clanton had represented Ms. Hackler before this case, but they have now been representing her for just short of three years.

28.     *Johnson* **factor 12: Awards in similar cases.** This Court presided over the case most like this case:  *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR.  *Boles* was another FDCPA form letter case defended by an attorney with little FDCPA or class action experience. Like this case, in *Boles* there was a motion to dismiss, a contested class certification, lots of discovery and Court ordered notice to the class. When in settled 19 months after filing, the Court approved the settlement including awarding approximately $105,000 in fees to Mr. Bingham and Mr. Hervol, with Mr. Bingham's fee then $400 per hour. (ECF #84). See Ex. 1, Bingham Decl. ¶ 9.

29.     Several other awards in similar cases in this Federal District are set out in Exhibit 1 (Bingham Decl. ¶ 9-13).

30.   **Costs and Nontaxable Expenses.**  As part of their attorney's fees, Class counsel seeks to recover out-of-pocket expenses that they incurred and would not have incurred but for this litigation. The expenses total $8,071.86 and consist of $7,569.86 for printing and postage incurred in mailing the class notice (paid ½ by Bingham & Lea and ½ by Mr. Clanton) and $402 for filing plus $100 for the service of the Complaint, paid by Bingham & Lea. See Ex. 1, Bingham Decl. ¶ 15-16 and Ex. 1-B (invoice for postage/mailing of class notice).

## Certificate of Conference

31.   Counsel for both parties conferred by telephone on June 4, 2021, concerning this application, but "agreed to disagree" on an amount for a reasonable fee and expense award.

Wherefore, premises considered, Class Counsel request awards of:

(1) $90,234.93 to Bingham & Lea, P.C. ($86,350 fees + 3,784.93 (1/2 of class notice expense) + $100 for service of Complaint), plus $402 in taxable costs, and

(2) $19,429.93 to Law Office of William Clanton ($15,645 fees + $3,784.93 (1/2 of class notice expense)

(3) Class Counsel prays for any other general relief to which it may be entitled.

Respectfully submitted,

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By: _/s/ Benjamin R. Bingham_____
      BENJAMIN R. BINGHAM
      State Bar No. 02322350

LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com

By: _/s/ William M. Clanton_____
      WILLIAM M. CLANTON
      State Bar No. 24049436

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify by my signature below that on June 11, 2021, a true and correct copy of the above and foregoing was served through the Court's Electronic Case Noticing System on all counsel of record.

_/s/ Benjamin R. Bingham_____
BENJAMIN R. BINGHAM

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

## Declaration of Ben Bingham
## in Support of Class Counsel's Application for Attorneys' Fees and Expenses.

My name is Benjamin (Ben) R. Bingham.  I am one of the attorneys appointed Class Counsel in this case. I make this declaration in support of Class Counsel's the application for fees and reimbursement of expenses incurred in the successful prosecution of this case.

### Background

1.      In approximately 25 years of class action litigation and over 35 class cases, this is the first time that a reasonable fee could not first be negotiated with defense counsel.[1]

2.      I expected this case to settle early in the litigation. The case involved a form letter which did not comply with the FDCPA in two obvious respects. Form letter class actions are common under the FDCPA. In my experience, which includes more than

---

[1] Negotiated fee settlements are still subject to court approval, and courts are not bound by the parties' agreements. F.R.Civ.P. 23 (h).

fifteen FDCPA and FCRA class actions in many parts of the country, these "statutory" cases, where facts are few and liability is clear, settle reasonably soon after filing. Typically, defense counsel will try to minimize the costs incurred by either party and enter early settlement negotiations.

3.      That was not the case here. Defense counsel in this case had what appeared to be simply his personal opinions why a class action under the FDCPA was "not viable". (ECF #6,34).   Defendant failed to comply with basic discovery[2], resisted certification, filed a motion to reconsider the summary judgment on liability, which was really a second or third attack on standing. Defendant would not cooperate in assembling the class member notice[3] and failed to timely certify to the Court the completeness and correctness of the list of class members. (ECF #52). Despite the initial scheduling order (ECF #12) that required Defendant to respond to Plaintiff's settlement offer by January 21, 2019, Defendant made its first offer in July of 2020, after the case was certified, after the summary judgment on liability, after Defendant's motion to reconsider the summary judgment order had been denied, and after the Court ordered that the notice of certification be disseminated to the class members. The offer made then was a "soft" offer in a nominal amount, made only to the Ms. Hackler and not to the class.

---

[2] For example, see Motion to Compel at ECF #23. Further, defense Counsel had to be persuaded with cases cites and summaries sent to him to (1) produce the insurance policy required to be produced under Rule 26, (2) produce a 30 (b) (6) witness who had some knowledge of the case and the facts related to it. Defendant refused to admit that there were more than 40 people to who the form letter was sent. See, ECF #23. Only after the class certification motion was filed did Defendant concede that the letter was sent to more than 10,000 people. (The actual number was over 13,800 people).

[3] Defendant and the bulk mailer it used refused to cooperate per the Courts order concerning compiling the list of class members with addresses. (ECF 47) Class Counsel finally had to turn to another bulk mailer to get the class notice out on time.

---

**Basis for Opinions, Opinions**

4.      I have been licensed to practice law in Texas since 1983, almost 38 years. I am a principal in the San Antonio law firm of Bingham & Lea, P.C. I am licensed in this federal district and the 5th Circuit Court of Appeals, among other federal districts. My full credentials are set out in the *curriculum vitae* of Bingham & Lea, P.C., attached hereto as Exhibit 1-C. I have practiced law in San Antonio, Texas since 1986. My practice has always been litigation, and primarily involving debtors, creditors, and consumers.  As a result of such practice, I am familiar with the attorney fee rates customary charged by attorneys in this locality. In my opinion, my customary rate of $500 per hour[4] and Mr Clanton's customary rate of $350 per hour are reasonable in San Antonio for attorneys of our tenure and experience in consumer class action litigation. He and I have worked together on individual and class action cases for about 4 years and continue to work together on other class action cases.

5.      In addition to my own experiences, my opinion concerning the reasonableness of the fees charged by myself and Mr. Clanton is based upon several other things. First, these rates have been negotiated with opposing lawyers and approved by the courts in other cases. See, e.g. *Welsh v. Navy Federal Credit Union*[5] ($500 for Mr. Bingham, $350 for Mr. Clanton). *Duncan v. JP Morgan Chase Bank*[6]  ($500 for Mr.

---

[4] I am currently representing one client/friend in two cases in Probate Court No. 2 in Bexar County, Texas and charging a fee of $300 per hour. The fee was set by Court order in 2017, and without my prior knowledge, but due to my lack of probate experience and the client, I accepted the engagement, which continues as of now. I am also currently prosecuting a class action case in the District of Oregon, where my hourly rates is $575 per hour.

[5] *Welsh v. Navy Federal Credit Union Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, ECF 38, 45, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018)

[6] *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663 at *42 (W.D. Tex. 2016)

Bingham, and co-counsel Mr. Hervol). Further, I have considered the reported rates in the State Bar of Texas 2015 Hourly Rate Sheet[7] (last year reported, 6 years ago) and the 2017-2018 United States Consumer Law Attorney Fee Survey Report[8] I have also considered Magistrate Judge Chestney's fee rate analysis in *City of San Antonio v. Hotels.com, L.P.*, No. 5-06-CV-381-OLG, 2017 U.S. Dist. LEXIS 58384 (W.D. Tex. 2017). The rates sought by Class Counsel are well below the "market rates" determined by Judge Chestney in 2017 for attorneys with similar years of experience, including class action experience. Finally, I have considered factors set out in the Texas Disciplinary Rule of Professional Conduct 1.04 concerning the reasonableness of the requested fees, as well as the similar "*Johnson* factors."[9]

6.     Defendant's choices have consequences. This fact that was repeatedly pointed out to defense counsel by both Mr. Bingham and Mr. Clanton with warnings that Defendants positions and proposed actions would increase Plaintiff's attorneys' fees. Accordingly, in my opinion, the hourly rates sought by Class Counsel for the hours invested in this case are reasonable in this locality and were necessarily incurred in the prosecution of this case. Also, the cumulative amount of attorneys' fees sought by Class counsel is reasonable given all the facts and circumstances of this case, awards in similar cases, and the guiding law and referenced fee surveys.  See *Infra* ¶ 9-13.

---

[7]

https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182

[8] https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf.

[9] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

**Time Records**

7.      While this is a contingent fee case,[10] I have kept contemporaneous time records reflecting my work on this case. Attached hereto as Exhibit 1-A is my "pre-bill" reflecting the time and tasks that I performed on the date reflected in the pre-bill. I personally record my time, daily in most instances. My time records are then submitted to our accounting person, who enters the time. Once a month we review our pre-bill from the prior month and make any necessary corrections or additions. For contingent fee cases like this one, the time and expenses are not billed or invoiced to the client since the client is not obligated to pay the bill. The time records are maintained to prepare any fee application. Only if there is a recovery is the time invoiced and the invoice paid from the settlement or collection proceeds.

8.      Since nearly three years ago, on July 17 of 2018 when I first started work on this case, through June 2, 2021, I have recorded 172.7 hours on this case at $500 per hour for a total of $86,350. That averages about 5 hours per month.[11] Mr. Clanton has recorded 44.7 hours, or about 1.25 hours a month since this case began. About 32 of my hours (18% of my total hours) came after settlement discussions reached an impasse on April 23, 2021.

**Fees in other similar cases**

9.      *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR is the case most similar to this case.   *Boles* was another FDCPA form letter case defended by an attorney with little FDCPA or class action experience. Like this case, in Boles there was

---

[10] Our agreement with Ms. Hackler is attached hereto as Exhibit 1-D.

[11] Ms. Jennifer McLaughlin, a paralegal in my office spent many, many hours on the telephone and in emails answering questions from some of the 13,800+ class members after the notice was sent out, but we are not seeking compensation for her commendable efforts.

a motion to dismiss, a contested class certification, lots of discovery and Court ordered notice to the class. When in settled 19 months after filing, the Court approved[12] the settlement including an award of $105,000 in fees to Mr. Bingham and Mr. Hervol, with Mr. Bingham's fee then $400 per hour. (ECF #84).

10.    In 2010 in *King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 617 (W.D. Tex. 2010) Magistrate Judge Nowak approved a total fee of $240,000 and hourly fees of $400 per hour for Mr. Bingham in an FCRA class action case.

11.    In the FCRA class action case of *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB (W.D. Tex. 2016), Judge Biery awarded Class Counsel fees of $1,749,900 and approved Mr. Bingham's hourly rate of $500. (ECF #85, 93,94).

12.    In another consumer case that Mr. Clanton and I prosecuted, the Court approved a total fee for Class Counsel of $160,000, and approved Mr. Bingham's hourly rate of $500 and Mr. Clanton's hourly rate of $350. *Welsh v. Navy Federal Credit Union*, No. 5:16-CV-1062-DAE, ECF 38, 45, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018).

13.    In a recent "out-of-district" case that involved the same "in writing" FDCPA violation as in this case and about 8,900 class members, the court approved attorneys' fees of $220,000, paid to two firms. *Macy v. Gc Servs.*, Civil Action No. 3:15-cv-819-DJH-CHL, ECF #s 87-1 and 91, 2020 U.S. Dist. LEXIS 105473 *5-6 (W.D. Ky. 2020). The *Macy* case was settled about 4 years after it was commenced. It involved an interlocutory

---

[12] Even in a settlement of a class action where the parties have agreed on an amount of attorneys' fees, the Court still has an independent duty to review and approve the attorneys' fees requested by class counsel. *In re: High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008), *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011); *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 U.S. Dist. LEXIS 227456 at *47 (W.D. Tex. 2018); F.R.Civ.P. 23(h).

appeal after class certification was granted, but still had only 91 ECF entries on the docket sheet.

14.     Conversely, I have been involved in two class cases where the fee was substantially lower than in this case, but these cases were more than fifteen years ago. *Munoz v Burke*, Civil Action 5:05-cv-00223-WRF W.D. Tex. 2006 ECF# 39 ($32,500 in 2005 FDCPA class action); *Jancik v. Account Services, Inc*. Civil Action No. 5-04—cv-00097- WRF (W.D. Tex. 2004) ECF #18 (Aggregate fees of $20,000 in FDCPA form letter class case that was quickly settled in 2004).

## Expenses and Costs

15.     Expenses incurred by the firms are also recorded on the "pre-bill" and total $8,071.86. The expenses consist only of the costs of printing and mailing the class notice, and the fees for filing and serving the Complaint.  We do not charge for internal copies or other expenses that we consider overhead of the firm. We do not charge for online research because we pay a flat monthly fee for the service and consider the charge ordinary overhead. The expenses (aka non-taxable costs) for which we seek reimbursement are actual out-of-pocket expenses paid by Class Counsel that relate directly to the case and would not have been incurred but for the case. The expenses and the mailing invoice are attached as Exhibit 1-B.

16.     The costs of printing and mailing the class notice to the 13,844 class members was $7,569.86, or about 55 cents per piece. In my experience in about 30 class action settlements, this is a very reasonable cost. In my experience, class action attorneys generally estimate the costs of printed/mailed notice at $1 per notice. Because the notice in this case did not describe a settlement, it was shorter than most notices and less costly.

In the *Duncan vs. JPMorgan Chase* settlement, the pro rata cost notice and class administration was $1.37 per claimant. *Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB, (ECF #65) (W.D. Tex. 2016). In this case the printer/mailer was Data& Mailing Resources of Houston, LP. Mr. Clanton had used this mailer in the past and returned to using it because of its reasonable costs. The mailing expense of $7,569.86 has been paid in full, with me and Mr. Clanton each paying one-half on our business credit cards. We request an award of $7,569.86 as part of the non-taxable expense considered as attorneys' fees under Federal Rule 54. In my opinion, based on my experience, this is a reasonable expense for the services provided.

17.     My firm also paid $100 for service of the complaint, and request reimbursement as part of the attorneys' fees award.

18.     My firm also paid the filing fee of $402 and requests that it be taxed as taxable costs.

### Defendant has Changed its Practices.

19.     In addition to securing the maximum relief available in a FDCPA class action, I have confirmed that Defendant changed its practice after this suit was filed. It appears to no longer demand the $50 "collection fees" requested of Ms. Hackler and the other 13,844 other class members. The new version of the initial demand letter also includes the FDCPA required language about the availability of the right of consumers to make a written disputes to Defendant about alleged debts.

### Billing Judgment

20.     After the class was certified and the summary judgment on liability granted, Class counsel moved to shift the costs of notice to the defendant. (ECF # 40) That motion

was only partially successful. (ECF #47). However, the Fifth Circuit has noted that "a party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim." *Hoenninger v. Leasing Enters.*, No. A-14-CV-798- LY, 2021 U.S. Dist. LEXIS 27166, at *16 (W.D. Tex. 2021) citing *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003). Therefore, I have not reduced the hours spent on that motion. I have compared my time sheets to Mr. Clanton's timesheets. I find no substantial overlap in time nor too many conferences between Class Counsel. Mr. Clanton has only 44.7 hours into this case in nearly three years. Therefore, I have not reduced either his or my time based on duplication of efforts.  On June 4, 2021, I conferred with the attorney for Defendant and asked whether he had any concern about duplication of efforts. He had no specific concern at that time. However, we have decided not to bill for paralegal time in this fee application, most of which was answering questions from class members after the class notice went out.

### Fees for Fee Applications

21.　To nudge the settlement discussion along, back on February 21, 2021, I sent to defense counsel the case of *Quintero v. Barba*, No. 5:19-148, 2019 U.S. Dist. LEXIS 131786 (W.D. Tex. 2019). That case allows attorneys' fees for preparing fee petitions. That case awarded $7,230 for twenty-nine hours spent in preparing the fee petition. In this case I have spent 16.6 hours preparing and briefing the fee application in this case.

### Conclusion and Summary

22.　I (my firm) have invested 172.7 hours into this case at $500 per hour for a total attorneys' fee of $86,350.00. Mr. Clanton has invested 44.7 hours into the case at

$350 per hour, for a total of $15,645. The cumulative total of attorneys' fees is $101,995. In addition, we have out-of-pocket expense directly related to this litigation in the amount of $8,071.86, consisting of $7,569.86 for printing and mailing the class certification notice (paid for ½ by Bingham & Lea and ½ by Mr. Clanton), $402 for filing fees, and $100 to serve the Complaint.

This declaration is made under penalty of perjury this 11th day of June 2021, in San Antonio, Texas.

 /s/ Benjamin R. Bingham
Benjamin R. Bingham

# EXHIBIT 1-A

6/9/2021                                    BINGHAM & LEA, P.C.
7:08 AM                                     Pre-bill Worksheet                              Page    1

---

Selection Criteria

---

Clie.Selection              Include: 3004.04

---

Nickname          3004.04 | CLANTON.Hackler
Full Name         Sadie Hackler
Address           c/o Bill Clanton
                  326 Chulie Dr.
                  San Antonio, TX 78216

Phone 1                                Phone 2
Phone 3                                Phone 4
In Ref To         File No.  3004.04
                  Hackler FDCPA case
Fees Arrg.        By billing value on each slip
Expense Arrg.     By billing value on each slip
Tax Profile       Exempt
Last bill         5/31/2019
Last charge       6/4/2021
Last payment                           Amount      $0.00

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/17/2018 70380 | BRB Receipt/review Receipt and review of petition drafted by B. Clanton | 500.00 | 0.50 | 250.00 | Billable |
| 8/27/2018 70381 | BRB Draft Draft complaint including legal research related to FDCPA violations; TDLA violations | 500.00 | 3.00 | 1,500.00 | Billable |
| 8/28/2018 70382 | BRB Prepare Continue work on complaint and research 5th circuit cases regarding two claims, etc. | 500.00 | 2.10 | 1,050.00 | Billable |
| 8/29/2018 70383 | BRB Revise Revisions to complaint; Vet out defendants Tolteca and Phoenix on PACER regarding any other class actions pending; Notes regarding same for class certification motion | 500.00 | 2.30 | 1,150.00 | Billable |
| 8/29/2018 70385 | BRB Prepare Start on motion for class certification to pre-empt Rule 68 offer of judgment including review of depositions in another Tolteca case | 500.00 | 1.20 | 600.00 | Billable |
| 8/30/2018 70384 | BRB Prepare Work on class certification brief / plug in case cities, etc.; Receipt and review exhibits, etc. from Bill | 500.00 | 1.60 | 800.00 | Billable |

6/9/2021                               BINGHAM & LEA, P.C.
7:08 AM                                 Pre-bill Worksheet                                Page    2

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/31/2018 70386 | BRB Revise | 500.00 | 0.50 | 250.00 | Billable |
| | Update CV; Revise motion for class certification to cut off any Rule 68 attempt | | | | |
| 9/4/2018 70387 | BRB Draft | 500.00 | 5.50 | 2,750.00 | Billable |
| | Draft / revise motion for class certification; Order on same; Ben Bingham declaration; Clanton declaration; Legal research regarding shifting cost of notice; Pull Munoz case regarding same; Verify Newburg cite regarding same; Review new case regarding admissibility of evidence at certification stage and review 5th circuit law regarding same | | | | |
| 9/5/2018 70388 | BRB Review | 500.00 | 0.30 | 150.00 | Billable |
| | Final review of motion and order for class certification and miscellaneous regarding filing and serving same | | | | |
| 9/25/2018 70389 | BRB Prepare | 500.00 | 0.30 | 150.00 | Billable |
| | Follow up on service of Tolteca, etc. | | | | |
| 10/11/2018 70390 | BRB Receipt/review | 500.00 | 0.20 | 100.00 | Billable |
| | Receipt and review voicemail and e-mails from defense lawyer, Tom Clarke, threatening sanctions, etc. | | | | |
| 10/16/2018 70391 | BRB Receipt/review | 500.00 | 0.20 | 100.00 | Billable |
| | Receipt and review client's dispute verification response from Tolteca | | | | |
| 10/18/2018 70392 | BRB Receipt/review | 500.00 | 0.40 | 200.00 | Billable |
| | Receipt and review new cases regarding FDCPA class; Pull latest injunctive relief cases, etc. | | | | |
| 10/29/2018 70833 | BRB Receipt/review | 500.00 | 0.30 | 150.00 | Billable |
| | Receipt and review of defendant's answer and motion to dismiss | | | | |
| 11/13/2018 70393 | BRB Prepare | 500.00 | 3.00 | 1,500.00 | Billable |
| | Draft and revise response to motion to dismiss, including research | | | | |
| 12/4/2018 70394 | BRB Conference with | 500.00 | 0.20 | 100.00 | Billable |
| | Office conference with Bill regarding Rule 26, etc. | | | | |
| 12/6/2018 70395 | BRB Draft | 500.00 | 0.60 | 300.00 | Billable |
| | Draft scheduling order and joint report | | | | |

6/9/2021                                  BINGHAM & LEA, P.C.
7:08 AM                                   Pre-bill Worksheet                                    Page     3

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 12/10/2018 70396 | BRB Receipt/review Receipt and review new opinions Hovermade v. Immediate Credit regarding form letter class action and Dickens v GG regarding superiority of class certification | 500.00 | 0.50 | 250.00 | Billable |
| 12/10/2018 70397 | BRB Draft Draft initial discovery requests and emails regarding scheduling order | 500.00 | 0.50 | 250.00 | Billable |
| 12/11/2018 70398 | BRB Draft Revise initial discovery including legal research regarding net worth discovery | 500.00 | 2.50 | 1,250.00 | Billable |
| 12/12/2018 70399 | BRB Prepare Revise discovery requests and emails regarding scheduling order | 500.00 | 0.50 | 250.00 | Billable |
| 12/14/2018 70400 | BRB Prepare Finalize discovery and send; Review scheduling order and prepare and file Rule 26 report and scheduling recommendations | 500.00 | 0.60 | 300.00 | Billable |
| 12/17/2018 70401 | BRB Receipt/review Receipt and review scheduling order and status hearing notice | 500.00 | 0.20 | 100.00 | Billable |
| 12/19/2018 70402 | BRB Receipt/review Receipt and review client documents and revise disclosure and serve | 500.00 | 0.40 | 200.00 | Billable |
| 1/7/2019 70835 | BRB Receipt/review Receipt and review of order denying Tom's motion to dismiss | 500.00 | 0.10 | 50.00 | Billable |
| 1/10/2019 70834 | BRB Prepare Prepare and file ADR report | 500.00 | 0.30 | 150.00 | Billable |
| 1/14/2019 70403 | BRB Receipt/review Receipt and review defendant's response to request for admission; Make notes for discovery; Draft WDTX protective order for this case | 500.00 | 0.20 | 100.00 | Billable |
| 1/17/2019 70405 | BRB Receipt/review Receipt and review email regarding defendant's intended Rule 68 offer and "pick off" class rep attempt; Pull shepparddize and send defendant's attorney opinion in XR's Boles / Moss Codilis case; Prepare confidentiality order and send to defendant's attorney | 500.00 | 1.00 | 500.00 | Billable |

BINGHAM & LEA, P.C.
Pre-bill Worksheet

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 1/18/2019 70406 | BRB Prepare Prepare and settlement offer to Tom Clarke | 500.00 | 0.40 | 200.00 | Billable |
| 1/23/2019 70407 | BRB Prepare Prepare for status conference; Review pleading and 6th circuit case and recent "amount due" case from WDTX | 500.00 | 0.60 | 300.00 | Billable |
| 1/24/2019 70408 | BRB Attend Attend status conference and discussion in parking lot with defense lawyer regarding possible settlement | 500.00 | 0.70 | 350.00 | Billable |
| 1/25/2019 70409 | BRB Prepare Follow up on yesterday's settlement talk; Retrieve and send Tom Clarke, WDTX, Munoz case as example of how to settle limited fund class case; Update research regarding same | 500.00 | 1.20 | 600.00 | Billable |
| 1/30/2019 70410 | BRB Prepare Numerous emails with defense counsel regarding discovery and explaining possible settlement | 500.00 | 0.30 | 150.00 | Billable |
| 2/1/2019 70411 | BRB Draft Start drafting long letter to defendant regarding discovery objection / attempt to confer, including review of what has / has not been produced | 500.00 | 0.70 | 350.00 | Billable |
| 2/26/2019 70413 | BRB Review Review discovery responses and draft / complete confer letter to defense counsel; Draft second set of interrogatories to defendant | 500.00 | 1.50 | 750.00 | Billable |
| 3/19/2019 70414 | BRB Prepare Pull Rule 26 and pull cases regarding requirement to produce insurance and email to Tom demanding he comply with Rule 26 disclosures | 500.00 | 0.60 | 300.00 | Billable |
| 3/20/2019 70415 | BRB Receipt/review Review law regarding production of insurance policies and send attempt to confer and sent cases to attorney for Defendant; Research companies related to PRG, etc. | 500.00 | 2.70 | 1,350.00 | Billable |
| 3/21/2019 70416 | BRB Receipt/review Receipt and review of emails from Tom Clarke and respond to same; Emails with Bill regarding who's to do what regarding discovery motion, certification motion, settlement, etc. | 500.00 | 0.60 | 300.00 | Billable |

6/9/2021                                    BINGHAM & LEA, P.C.
7:08 AM                                     Pre-bill Worksheet                          Page      5

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-------------|---------------|----------------|----------------|-------|
| 3/26/2019 70427 | BRB Receipt/review Receipt and review defendant's discovery responses to second set of discovery | 500.00 | 0.20 | 100.00 | Billable |
| 3/27/2019 70428 | BRB Draft Start drafting / briefing motion for summary judgment on liability | 500.00 | 1.50 | 750.00 | Billable |
| 3/28/2019 70429 | BRB Prepare Continue work on motion for summary judgment | 500.00 | 1.70 | 850.00 | Billable |
| 3/29/2019 70430 | BRB Prepare Cite check / revise motion for summary judgment; Draft Hackler declaration and proposed order | 500.00 | 1.30 | 650.00 | Billable |
| 3/29/2019 70431 | BRB Prepare Continue work on motion for summary judgment; Review intervention cases regarding potential waiver of class certification by filing motion for summary judgment | 500.00 | 0.90 | 450.00 | Billable |
| 4/1/2019 70432 | BRB Prepare Finish up motion for summary judgment; Review intervention cases regarding potential waiver caused by filing motion for summary judgment before certification | 500.00 | 1.80 | 900.00 | Billable |
| 4/4/2019 70433 | BRB Receipt/review Receipt and review of email from Tom regarding depositions / motion for summary judgment; Internal emails regarding same | 500.00 | 0.20 | 100.00 | Billable |
| 4/11/2019 70434 | BRB Draft Draft 30b6 notice to defendant | 500.00 | 0.30 | 150.00 | Billable |
| 4/23/2019 70435 | BRB Revise Revise 30b6 notice and emails regarding same | 500.00 | 0.40 | 200.00 | Billable |
| 4/25/2019 70436 | BRB Receipt/review Receipt and review Tom Clarke attempt to confer about producing potted plant witnesses; Pull cases and articles and send them to him regarding his 30b6 responsibility not to produce witness that claim to know nothing; More emails from Clarke regarding refusal to produce witness with knowledge; Vet out Chris Haines, proposed witness, pull Public records, criminal dockets, judgments, etc.; Retrieve Chris Haines motion to expunge his criminal record in preparation for deposition | 500.00 | 1.20 | 600.00 | Billable |

6/9/2021                          BINGHAM & LEA, P.C.
7:08 AM                            Pre-bill Worksheet                              Page      6

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 4/26/2019 70437 | BRB Prepare Work on motion for certification including research regarding Defendant's claim of "non-viability", research cases regarding same and low and negative net worth class certifications under FDCPA | 500.00 | 2.50 | 1,250.00 | Billable |
| 4/26/2019 70438 | BRB Receipt/review Receipt and review emails from Clarke regarding "dirty pool" (thinks we were supposed to serve him with docs before we knew he was in case-- "discovered" motion for certification and thinks he's supposed to respond, but motion already denied without prejudice; Receipt and review motion for protection filed by Clark regarding deposition; Receipt and review motion for extension of time to file response to class certification motion that was not even pending | 500.00 | 0.50 | 250.00 | Billable |
| 4/27/2019 70439 | BRB Prepare Continue work on post-discovery class certification motion; Brief cases on proving numerosity and superiority with circumstantial evidence and discovery from Defendant | 500.00 | 1.60 | 800.00 | Billable |
| 4/27/2019 70440 | BRB Prepare Continue work on circumstantial evidence to support class certification motion | 500.00 | 1.70 | 850.00 | Billable |
| 4/29/2019 70441 | BRB Prepare Prepare response to Clarke's motion for protection #19; Revisions, cite checks, etc. Put exhibits together and references etc.; Run by Bill with notes | 500.00 | 5.50 | 2,750.00 | Billable |
| 5/1/2019 70442 | BRB Receipt/review Receipt and review Defendant's Reply to response per discovery dispute | 500.00 | 0.30 | 150.00 | Billable |
| 5/1/2019 70443 | BRB Prepare Pull more cases on circumstantial numerosity issue for class certification brief | 500.00 | 0.70 | 350.00 | Billable |
| 5/2/2019 70444 | BRB T/C with Telephone conference with Bill, draft attempt to confer letter including research regarding class size estimation and review of three prior (2017 and 2018) Phoenix depositions to glean facts to get to numerosity even if Tom refuses to comply with discovery; Review Tom's other discovery responses to make attempt to confer letter comprehensive | 500.00 | 2.80 | 1,400.00 | Billable |
| 5/2/2019 70445 | BRB Revise Revise and add to class certification motion concerning satisfaction of | 500.00 | 2.30 | 1,150.00 | Billable |

6/9/2021                              BINGHAM & LEA, P.C.
7:08 AM                              Pre-bill Worksheet                           Page    7

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| | numerosity requirement with circumstantial evidence; Review prior deposition where Phoenix claims it keeps no records of and cannot access software to determine how many letters it sent; Review online capability of the two software systems Phoenix uses; Review Phoenix website regarding IT guy; Contact other attorneys regarding obtaining prior depositions of Phoenix | | | | |
| 5/3/2019 70450 | BRB Prepare Pull and review Debtnet software user manual regarding Tom's claim that class cannot be ascertained by Tolteca's software; Emails with Tom regarding same | 500.00 | 0.70 | 350.00 | Billable |
| 5/8/2019 70451 | BRB Receipt/review Receipt and review complete deposition in Roe v PRG and notes regarding same for class certification motion in view of Clarke's refusal to admit class is more than 40 people | 500.00 | 0.70 | 350.00 | Billable |
| 5/9/2019 70452 | BRB Prepare Prepare motion to compel discovery; Draft amended deposition notice to avoid discovery hearing on Monday; Prepare declaration for motion to compel | 500.00 | 1.60 | 800.00 | Billable |
| 5/9/2019 70453 | BRB Review Review local rule on filing under seal (Tolteca Tax Returns); Review XR opinion on same; Draft motion to file tax return under seal and proposed order | 500.00 | 0.80 | 400.00 | Billable |
| 5/9/2019 70454 | BRB Prepare Emails with Bill regarding Monday's hearing, amended deposition notice, etc.; Instructions to assistant regarding filings, etc. | 500.00 | 0.40 | 200.00 | Billable |
| 5/10/2019 70455 | BRB Revise Revise 30b6 notice; Telephone conference with Bill regarding filing and serving; Emails regarding dropping Monday's hearing | 500.00 | 0.20 | 100.00 | Billable |
| 5/13/2019 70836 | BRB Prepare Prepare advisory to Court that discovery hearing resolved for now | 500.00 | 0.40 | 200.00 | Billable |
| 5/16/2019 70456 | BRB Receipt/review Receipt and review Tom's attempt to confer regarding deposition and respond to same; Numerous other emails regarding motion to seal tax returns, whether prior depositions are subject to PO, etc.; Revisions to class certification motion regarding estimation of numerosity, draft order regarding filing under seal | 500.00 | 1.10 | 550.00 | Billable |

6/9/2021                              BINGHAM & LEA, P.C.
7:08 AM                               Pre-bill Worksheet                        Page      8

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/17/2019 70457 | BRB Prepare Emails in response to Tom's claims that other depositions were subject to protective order (they are not) including access PACER files and verify no PO or filed under seal; Revise Bingham declaration regarding trying to prove up numerosity with circumstantial evidence, get exhibits in order, etc. | 500.00 | 1.60 | 800.00 | Billable |
| 5/18/2019 70458 | BRB Prepare Work on motion for summary judgment and proofs / exhibits, update CV, proofs, cite checks, etc. to ready for Monday filing | 500.00 | 2.60 | 1,300.00 | Billable |
| 5/20/2019 70459 | BRB Prepare Add cites regarding class discovery before certification and add revisions to 9 page motion to compel and attend to filing same; Receipt and review new cases where defendant got sanctioned for what Tom is doing | 500.00 | 1.60 | 800.00 | Billable |
| 5/20/2019 70460 | BRB Prepare Continue work on cite checks, etc. to finalize class certification motion and exhibits; Revise Bingham Declaration | 500.00 | 2.20 | 1,100.00 | Billable |
| 5/21/2019 70461 | BRB Receipt/review Receipt and review Tom's motion for protection concerning 30b6 deposition; Pull emails from Tom over last several months to assist with response and confirm his rejection of settlement offer without counter | 500.00 | 0.60 | 300.00 | Billable |
| 5/21/2019 70462 | BRB Prepare Add Roe deposition transcripts to class certification motion, proofs text, add a couple of cases, pull and review new case of admissibility; Emails with Clanton to update his CV; Revise to motion to file tax returns under seal and assist with same | 500.00 | 1.30 | 650.00 | Billable |
| 5/22/2019 70464 | BRB Revise Revise motion and order to withdraw motion for summary judgment on liability and attend to filing same; Emails with Tom and Bill; Draft proposal to abate discovery motions pending ruling on class certification, note to Bill regarding same and Tom's request for time to answer class certification | 500.00 | 0.40 | 200.00 | Billable |
| 5/22/2019 70838 | BRB Prepare Finalize and file motion for class certification and proofs | 500.00 | 1.50 | 750.00 | Billable |
| 5/23/2019 70465 | BRB Receipt/review Receipt and review another snitty email from Tom; Respond with proposal to abate discovery and discovery motions pending class | 500.00 | 0.50 | 250.00 | Billable |

6/9/2021  
7:08 AM

BINGHAM & LEA, P.C.  
Pre-bill Worksheet

Page      9

3004.04:Sadie Hackler (continued)

| Date<br>ID | Lawyer<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| | certification decision; Draft response to Tom's latest motion for protection | | | | |
| 5/24/2019<br>70466 | BRB<br>Revise<br>Revise / draft motion and order to abate deadlines pending class certification motion | 500.00 | 0.80 | 400.00 | Billable |
| 6/17/2019<br>67843 | BRB<br>Receipt/review<br>Receipt and review and respond to emails from Tom; Receipt and review new case involving "in writing" requirement; Emails regarding same and review 6th circuit case regarding standing | 500.00 | 0.70 | 350.00 | Billable |
| 9/10/2019<br>68268 | BRB<br>Receipt/review<br>Receipt and review class certification order and review cases regarding notice, shifting costs, etc.; Review whether we can refile motion for summary judgment before notice | 500.00 | 0.70 | 350.00 | Billable |
| 9/18/2019<br>68306 | BRB<br>Prepare<br>Start on class notice and motion to approve, review one-way intervention cases regarding due order of pleading; Revise motion for summary judgment on liability to re-file | 500.00 | 1.20 | 600.00 | Billable |
| 9/24/2019<br>68347 | BRB<br>Revise<br>Revise motion for summary judgment on liability and sheppardize all cited cases | 500.00 | 1.40 | 700.00 | Billable |
| 9/27/2019<br>68379 | BRB<br>Prepare<br>Finalize motion for summary judgment on liability; Emails with another lawyer with another PRG case | 500.00 | 0.40 | 200.00 | Billable |
| 9/29/2019<br>68388 | BRB<br>Draft<br>Draft motion to extend deadline to submit new scheduling order including review and update of cases regarding shifting costs of notice | 500.00 | 1.60 | 800.00 | Billable |
| 10/23/2019<br>68470 | BRB<br>Prepare<br>Prepare class notice motions and class notice; Emails to Bill regarding same | 500.00 | 2.70 | 1,350.00 | Billable |
| 12/11/2019<br>68766 | BRB<br>Review<br>Review order granting summary judgment; Review and revise motion to shift noticing costs and proposed notice; Draft order regarding same, including mailing instructions, etc. | 500.00 | 2.00 | 1,000.00 | Billable |

6/9/2021                                BINGHAM & LEA, P.C.
7:08 AM                                 Pre-bill Worksheet                              Page      10

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 12/16/2019 68784 | BRB Prepare Finish up motion to approve notice, shift costs, etc., revise order; Review pleadings; Sheppardize cited cases; Email with Bill regarding same; Attend to filing and serving same | 500.00 | 1.50 | 750.00 | Billable |
| 12/23/2019 68843 | BRB Receipt/review Receipt and review of emails from Tom Clark and motion to vacate summary judgment and dismiss case for lack of standing all based on 7th Circuit decision on standing already determined by XR. #42; Draft response to same, including research; Revisions, sheppardize, etc.; Attend to filing and serving same | 500.00 | 5.50 | 2,750.00 | Billable |
| 12/30/2019 68847 | BRB Receipt/review Receipt and review Tom's reply to our response to his motion for reconsideration, set aside, etc. | 500.00 | 0.30 | 150.00 | Billable |
| 1/15/2020 68942 | BRB Receipt/review Receipt and review Defendant's response to motion to shift costs | 500.00 | 0.40 | 200.00 | Billable |
| 4/27/2020 69425 | BRB Receipt/review Receipt and review court's order regarding Tom's motion to set aside and our motion for notice; Emails with Bill regarding same and setting up meeting with Tom to discuss mailing of class notice | 500.00 | 0.40 | 200.00 | Billable |
| 5/12/2020 69486 | BRB Review Review order regarding conference on class notice issues; Draft advisory to the court to serve as agenda for call; Conference call with Tom and Bill regarding agenda items regarding sending notice | 500.00 | 0.80 | 400.00 | Billable |
| 5/26/2020 69521 | BRB Prepare Follow-up with class notice; Email to Defendant's mailer | 500.00 | 0.50 | 250.00 | Billable |
| 5/27/2020 69535 | BRB Receipt/review Receipt and review email regarding Defendant's mailer and send email to mailer requesting information for the Court advisory; Revise advisory to Court; Send to Tom; Receipt and review Tom's changes and incorporate; Re-send to Tom | 500.00 | 0.70 | 350.00 | Billable |
| 6/1/2020 69582 | BRB Receipt/review Receipt and review Tom latest motion to set aside order approving notice and draft response to same including review of prior pleadings and court orders certifying class to approving notice; Circulate, revise, and attend to filing | 500.00 | 2.80 | 1,400.00 | Billable |

6/9/2021            BINGHAM & LEA, P.C.
7:08 AM           Pre-bill Worksheet                   Page    11

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/4/2020 69574 | BRB Receipt/review Receipt and review Court's new order regarding modification of class notice | 500.00 | 0.20 | 100.00 | Billable |
| 6/10/2020 69608 | RBL Review Review court order regarding notice, contact mailer again | 500.00 | 0.20 | 100.00 | Billable |
| 6/22/2020 69642 | BRB Prepare Follow up with mailer and Tom Clark re status of assembly of class list, emails re same. | 500.00 | 0.20 | 100.00 | Billable |
| 6/23/2020 69643 | BRB Receipt/review R+R of class list of names, sort to eliminate duplicates, email to Defendant's mailer Tom O'Brien re same and R+R his response. | 500.00 | 0.70 | 350.00 | Billable |
| 6/25/2020 69644 | BRB Receipt/review R+R Mailer's  (4Hatteras, Focus One) contract, review and sign. Request print and mailing quote from mailer. internal emails re class and mailing, why so many duplicates etc. Request from Tom Clark example of all letters included in class list to insure recipients are in fact class members. | 500.00 | 0.40 | 200.00 | Billable |
| 7/9/2020 69674 | BRB Prepare Emails and calls with Focus One re getting class notice out. Conference call with Bill and Tom re same. R+R new proposal for notice mailing from Houston firm. | 500.00 | 1.00 | 500.00 | Billable |
| 7/10/2020 69670 | BRB Prepare Letter to Focus One and Tom Clarke re getting another mailer, TC bill re same and getting other quotes and Tom's upcoming deadline to certify the correctness of class list prepared by Focus One compared to PRG records. R+R other emails re Tom requesting extension of his own deadline. Obtain other quotes for mailing. | 500.00 | 0.60 | 300.00 | Billable |
| 7/14/2020 69707 | BRB Prepare emails and calls re Defendant's deadline to certify class list to Court; start outline of motion to compel compliance with order concerning class list, cooperation, etc. | 500.00 | 0.50 | 250.00 | Billable |
| 7/14/2020 69708 | BRB T/C with Conference call with Tom Clarke's re Defendant's lack of cooperation/interference with getting class list, his obligation to certify correctness of list to court; etc. TC Clanton after; Finally received class list with addresses, R+R Bill's email's to Tom Clarke re certification of list | 500.00 | 1.00 | 500.00 | Billable |

6/9/2021                          BINGHAM & LEA, P.C.
7:08 AM                           Pre-bill Worksheet                              Page    12

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| | before we can mail to class members. | | | | |
| 7/28/2020 69718 | BRB T/C with TC Bill re advisory to the court and other matters concerning notice. R&R info re mailing to class members, emails with another lawyer suing PRG | 500.00 | 0.60 | 300.00 | Billable |
| 8/3/2020 69779 | BRB T/C with TC Bill re notice; R+R order from court re notice certification | 500.00 | 0.40 | 200.00 | Billable |
| 8/5/2020 69768 | BRB Prepare Emails with Tom about him balking on identification of class /his clients' alleged inability to identify class even though they give names and addresses to mailer. Send revised order and notice | 500.00 | 0.30 | 150.00 | Billable |
| 8/20/2020 69850 | BRB Conference with Conferennce call with printer/mailer re class notice, review notice proofs, etc | 500.00 | 0.30 | 150.00 | Billable |
| 10/6/2020 70146 | BRB Prepare Emails with class member and refer for opt-out attorney; Review deadlines in various court orders | 500.00 | 0.30 | 150.00 | Billable |
| 11/5/2020 70273 | BRB Review Review Court's order and note to Bill regarding conference | 500.00 | 0.20 | 100.00 | Billable |
| 11/6/2020 70278 | BRB Review Review court order, notes to Bill, make to do list regarding finishing up case | 500.00 | 0.40 | 200.00 | Billable |
| 11/9/2020 70308 | BRB Prepare Send note to Tom regarding conference on scheduling order; Draft proposed new scheduling order | 500.00 | 0.60 | 300.00 | Billable |
| 11/12/2020 70295 | BRB Receipt/review Receipt and review Tom's emails regarding unavailability and Newburger getting involved; Note to Newburger; Telephone conference with Bill; Revise proposed scheduling order and circulate | 500.00 | 0.80 | 400.00 | Billable |
| 11/13/2020 70286 | BRB Prepare Prepare for and participate in call regarding new scheduling order; Revisions to pleadings, note to Manny Newburger regarding serving as mediator | 500.00 | 0.70 | 350.00 | Billable |

6/9/2021                              BINGHAM & LEA, P.C.
7:08 AM                               Pre-bill Worksheet                        Page      13

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 11/17/2020 70325 | BRB Prepare Emails regarding possible mediation | 500.00 | 0.30 | 150.00 | Billable |
| 11/19/2020 70367 | BRB Prepare Numerous emails with Tom and Bill regarding mediation, settlement; Send Tom FDCPA statute on damages, emails with mediator; Receipt and review Tom's latest pleading to Court | 500.00 | 1.10 | 550.00 | Billable |
| 11/22/2020 70361 | BRB Review Review our pleadings and pull cases on limited fund settlements | 500.00 | 1.20 | 600.00 | Billable |
| 11/24/2020 70379 | BRB Receipt/review Receipt and review and respond to Tom's email revoking his consent to mediation (again); Draft settlement offer per recent court order, review with Bill, send to Tom; Find and pull recent WDTX case on attorney fees in consumer / FDCPA cases in Austin | 500.00 | 1.50 | 750.00 | Billable |
| 12/14/2020 70556 | BRB Draft Draft outline of proposed settlement terms | 500.00 | 1.10 | 550.00 | Billable |
| 12/15/2020 70551 | BRB Receipt/review Receipt and review new information on Defendant, etc.; Note to Bill; Note to Tom | 500.00 | 0.50 | 250.00 | Billable |
| 12/29/2020 70569 | BRB Prepare Prepare new discovery requests to Defendant regarding damages / net worth and circulate | 500.00 | 1.00 | 500.00 | Billable |
| 1/18/2021 70649 | BRB Prepare Emails with Tom and Bill regarding extension on discovery; Review DCO, response to Tom; Send email request for production of documents; Tom objects and says it has to be a "Formal RFP" before he'll response; Prepare and revise "formal RFP" and 30b6 notice regarding net worth discovery | 500.00 | 1.30 | 650.00 | Billable |
| 1/25/2021 70658 | BRB Receipt/review Receipt and review of discovery requests and expert designation; Respond to Tom regarding his designation of attorneys fee expert; Follow up with Bill regarding Sadie's discovery responses | 500.00 | 0.50 | 250.00 | Billable |
| 2/5/2021 70786 | BRB Prepare Work on responding to Defendant's discovery request to Plaintiff; Amend deposition notice to Defendant regarding net worth proof; Telephone | 500.00 | 1.20 | 600.00 | Billable |

6/9/2021                              BINGHAM & LEA, P.C.
7:08 AM                               Pre-bill Worksheet                    Page      14

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-------------|---------------|----------------|----------------|-------|
| | conference with Bill regarding new worth depositions | | | | |
| 2/10/2021 | BRB | 500.00 | 0.70 | 350.00 | Billable |
| 70827 | Receipt/review | | | | |
| | Receipt and review defendant's discovery responses; Emails with Tom and Bill regarding stipulation as to 1% net worth under FDCPA | | | | |
| 2/11/2021 | BRB | 500.00 | 0.50 | 250.00 | Billable |
| 70858 | Review | | | | |
| | Review of financial information, propose stipulation of fact regarding net worth, draft and circulate same | | | | |
| 2/12/2021 | BRB | 500.00 | 2.30 | 1,150.00 | Billable |
| 70855 | Prepare | | | | |
| | Work on response to Defendant's discovery requests, including review of documents to be produced, time sheets compared to docket sheet; Prepare time records for production; Note to Tom regarding no response to court mandated settlement offer we made in November | | | | |
| 2/17/2021 | BRB | 500.00 | 2.50 | 1,250.00 | Billable |
| 70854 | Prepare | | | | |
| | Start work on fee application, including research related to defendant's running up plaintiff's fees and then complaining about high fees, FDCPA proportionality cases, private attorney general, etc.; Outline fee application | | | | |
| 2/23/2021 | BRB | 500.00 | 1.20 | 600.00 | Billable |
| 70863 | Prepare | | | | |
| | Work on discovery responses, prepare, review and assembly of documents to produce, etc. | | | | |
| 2/26/2021 | BRB | 500.00 | 2.20 | 1,100.00 | Billable |
| 70874 | Prepare | | | | |
| | Prepare and circulate Joint ADR report; Note to Tom to clarify his settlement offer; Do research to show Tom that expense to notice class members is a recoverable expense directly related to the litigation; More emails with Tom | | | | |
| 3/12/2021 | BRB | 500.00 | 1.30 | 650.00 | Billable |
| 71015 | Receipt/review | | | | |
| | Receipt and review Tom's email regarding all matters agreed to except fees and expenses; Telephone conference with Bill regarding next settlement offer to Tom; Send Tom new offer on fees and expenses; Pull information from PACER regarding other WDTEX class actions and settlements; Legal research Tom's claim that expense to notice the class cannot be recovered; Pull briefing from another case regarding that issue | | | | |
| 3/22/2021 | BRB | 500.00 | 0.30 | 150.00 | Billable |
| 71021 | Receipt/review | | | | |
| | Receipt and review offer from Tom--paid over time; Emails with Bill regarding settlement, etc.; Receipt and review Tolteca settlement breach in Kordus case; Response to Tom's latest offer including reference to breach in Kordus | | | | |

BINGHAM & LEA, P.C.
Pre-bill Worksheet

3004.04:Sadie Hackler (continued)

| Date<br>ID | Lawyer<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 4/13/2021<br>71186 | BRB<br>T/C with | 500.00 | 0.20 | 100.00 | Billable |
| | Telephone conference with Bill regarding settlement | | | | |
| 4/14/2021<br>71180 | BRB<br>T/C with | 500.00 | 0.30 | 150.00 | Billable |
| | Telephone conference with Bill regarding settlement (yesterday); Another offer to Tom to get finally settled; Receipt and review case law regarding court determine fees | | | | |
| 4/21/2021<br>71254 | BRB<br>Review | 500.00 | 0.50 | 250.00 | Billable |
| | Review scheduling order and email Tom regarding need to start work on pre-trial order | | | | |
| 4/22/2021<br>71256 | BRB<br>Prepare | 500.00 | 1.00 | 500.00 | Billable |
| | Settlement emails, start draft of pretrial order and disclosure | | | | |
| 4/23/2021<br>71262 | BRB<br>Prepare | 500.00 | 5.30 | 2,650.00 | Billable |
| | Trade emails with Tom Clarke regarding final settlement item; Make agreement on fees and send bullet point term sheet to Tom; Draft notice of settlement and send to Tom; Start drafting motion to approve class settlement; Receipt and review email from Tom claiming his offer was "all in" and does not include all the things he agreed to before; Send Tom email showing what he agreed to before; Go back to drafting joint pretrial order and exhibit list; Telephone conferences with Bill regarding settlement collapse | | | | |
| 4/26/2021<br>71322 | BRB<br>Review | 500.00 | 2.60 | 1,300.00 | Billable |
| | Review discovery regarding any additional exhibits to identify in pre-trial order and Rule 26 disclosures; Draft notice / opt out affidavit and send to Bill | | | | |
| 4/27/2021<br>71325 | BRB<br>Receipt/review | 500.00 | 2.50 | 1,250.00 | Billable |
| | Receipt and review of Tom's comments to Joint Pretrial order; Note to Bill; Pull the 1692K(b) statute and send to Tom with Note about exhibits; Red line Tom's changes on order, internal notes to Bill regarding "what's left for trial" what is Tom doing?; Add FFCL; Send back to him | | | | |
| 4/28/2021<br>71328 | BRB<br>Prepare | 500.00 | 2.90 | 1,450.00 | Billable |
| | Emails with Tom; Prepare stipulation regarding statutory damages; Prepare and revise advisory to the court regarding trial date / pretrial form; Prepare motion to enter judgment; Prepare proposed judgment; Review FRCIVP regarding same | | | | |

6/9/2021
7:08 AM

BINGHAM & LEA, P.C.
Pre-bill Worksheet

Page    16

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-------------|-------------:|---------------:|---------------:|-------|
| 4/28/2021 71330 | BRB<br>Prepare<br>Start work on fee application including 5th circuit research on whether fee award mandatory as other circuits say; 5th circuit different | 500.00 | 0.60 | 300.00 | Billable |
| 4/28/2021 71331 | BRB<br>T/C with<br>Telephone conference with Tom regarding his new offer but not judgment; Attend to filing stipulation regarding statutory damages; Revise and file advisory to Court; Emails with Bill regarding latest offer | 500.00 | 0.70 | 350.00 | Billable |
| 5/10/2021 71345 | BRB<br>Review<br>Review Tom's last "no judgment" offer and review settlement history regarding last offer Tom rejected; Note regarding same | 500.00 | 0.50 | 250.00 | Billable |
| 5/12/2021 71337 | BRB<br>T/C with<br>Telephone conference with Bill regarding last settlement offer; Review pre-bills regarding time invested in case per category | 500.00 | 0.50 | 250.00 | Billable |
| 5/19/2021 71495 | BRB<br>Receipt/review<br>Receipt and review email from Tom; Respond to same regarding settlement; Revise motion to enter judgment and prepare proposed judgment | 500.00 | 0.70 | 350.00 | Billable |
| 5/19/2021 71496 | BRB<br>Prepare<br>Work on application for fees and expenses including review of prior awards in WDTX, etc.; Review LR CV-7 regarding required contents; Review King case regarding fee award and opinion | 500.00 | 2.30 | 1,150.00 | Billable |
| 5/20/2021 71493 | BRB<br>Prepare<br>Work on fee application | 500.00 | 4.10 | 2,050.00 | Billable |
| 5/21/2021 71494 | BRB<br>Prepare<br>Continue work on fee application, briefing, research, etc. | 500.00 | 2.80 | 1,400.00 | Billable |
| 5/25/2021 71502 | BRB<br>Prepare<br>Pull cases on fees for litigating fee disputes | 500.00 | 0.60 | 300.00 | Billable |
| 5/28/2021 71485 | BRB<br>Revise<br>Revise motion and order to enter judgment to include CyPres request, including Cypres research; Circulate to Tom and Bill; Review and verify opt-out list | 500.00 | 1.10 | 550.00 | Billable |

6/9/2021                                    BINGHAM & LEA, P.C.
7:08 AM                                     Pre-bill Worksheet                          Page    17

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/2/2021 71542 | BRB Prepare | 500.00 | 0.30 | 150.00 | Billable |
| | Email Tom and send him time sheets in advance of meeting and confer regarding fees; Emails with Bill | | | | |
| 6/3/2021 71543 | BRB Prepare | 500.00 | 2.60 | 1,300.00 | Billable |
| | Work on finalizing fee app including cite check; PACER ECF cite check | | | | |
| 6/4/2021 71544 | BRB Revise | 500.00 | 2.20 | 1,100.00 | Billable |
| | Revisions to fee app and declaration; Start draft of order including FFCL required by Rule 23(f); Integrate Clanton information; Finalize on Friday / Saturday | | | | |
| TOTAL | Billable Fees | | 172.70 | | $86,350.00 |

| Date ID | Lawyer Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 8/29/2018 70859 | Expenses Filing Fee Filing Fees | 402.00 | 1.000 | 402.00 | Billable |
| 3/30/2019 70469 | Expenses Service/Process Service/Process Fee | 100.00 | 1.000 | 100.00 | Billable |
| 9/8/2020 70326 | Expenses Research/Infor Research / Information | 3784.93 | 1.000 | 3,784.93 | Billable |
| TOTAL | Billable Costs | | | | $4,286.93 |

*½ of print/mail class notice, Clanton pd other half* (handwritten)

---

### Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips | $86,350.00 | |
| Total of Fees (Time Charges) | | $86,350.00 |
| Costs Bill Arrangement: Slips By billing value on each slip. | | |

6/9/2021                          BINGHAM & LEA, P.C.
7:08 AM                           Pre-bill Worksheet                              Page    18

3004.04:Sadie Hackler (continued)

|  | Amount | Total |
|---|---|---|
| Total of billable expense slips | $4,286.93 | |
| Total of Costs (Expense Charges) | | $4,286.93 |
| Total new charges | | $90,636.93 |

# EXHIBIT 1-B

6/9/2021                              BINGHAM & LEA, P.C.
7:08 AM                               Pre-bill Worksheet                        Page    17

3004.04:Sadie Hackler (continued)

| Date ID | Lawyer Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---------|-------------|---------------|----------------|----------------|-------|
| 6/2/2021 71542 | BRB Prepare Email Tom and send him time sheets in advance of meeting and confer regarding fees; Emails with Bill | 500.00 | 0.30 | 150.00 | Billable |
| 6/3/2021 71543 | BRB Prepare Work on finalizing fee app including cite check; PACER ECF cite check | 500.00 | 2.60 | 1,300.00 | Billable |
| 6/4/2021 71544 | BRB Revise Revisions to fee app and declaration; Start draft of order including FFCL required by Rule 23(f); Integrate Clanton information; Finalize on Friday / Saturday | 500.00 | 2.20 | 1,100.00 | Billable |
| TOTAL | Billable Fees | | 172.70 | | $86,350.00 |

| Date ID | Lawyer Expense | Price Markup % | Quantity | Amount | Total |
|---------|----------------|----------------|----------|--------|-------|
| 8/29/2018 70859 | Expenses Filing Fee Filing Fees | 402.00 | 1.000 | 402.00 | Billable |
| 3/30/2019 70469 | Expenses Service/Process Service/Process Fee | 100.00 | 1.000 | 100.00 | Billable |
| 9/8/2020 70326 | Expenses Research/Infor Research / Information | 3784.93 | 1.000 | 3,784.93 | Billable |
| TOTAL | Billable Costs | | | | $4,286.93 |

*½ of print/mail class notice Clanton pd other half*

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|--------|-------|
| Fees Bill Arrangement: Slips By billing value on each slip. | | |
| Total of billable time slips Total of Fees (Time Charges) | $86,350.00 | $86,350.00 |
| Costs Bill Arrangement: Slips By billing value on each slip. | | |

6/9/2021                          BINGHAM & LEA, P.C.
7:08 AM                           Pre-bill Worksheet                          Page     18

3004.04:Sadie Hackler (continued)

|  | Amount | Total |
|---|---|---|
| Total of billable expense slips | $4,286.93 | |
| Total of Costs (Expense Charges) | | $4,286.93 |
| | | |
| Total new charges | | $90,636.93 |

Data & Mailing Resources of Houston LP

4929 Blalock Road
Houston TX 77041

www.dmrhouston.com

Phone: (713) 426-1550
Fax: (713) 426-1564

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/21/2020 | 108486 |

| Bill To |
|---------|
| Law office of Bill Clanton P.C. |
| 926 Chulie Drive |
| San Antonio, TX 78216 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          |       | 82036   |

| Qty | Description | Rate | Amount |
|-----|-------------|------|--------|
| | Notice of Class Certification - 08/21 | | |
| 14,747 | Dedupe Mail List | 0.005 | 73.74T |
| 13,844 | Print Self Mailer, 1/1 | 0.08 | 1,107.52T |
| 13,844 | Fold, Affix 2 Wafer Seals, Sort, & Mail | 0.035 | 484.54T |
| | Postage Due | 5,766.63 | 5,766.63 |
| | Sales Tax | 8.25% | 137.43 |

| | **Total** | $7,569.86 |
|--|-----------|-----------|

*A monthly charge of 1.5% will be charged on all invoices that are unpaid sixty (60) days after the invoice date.*
*For your convenience we accept Visa, MasterCard, & American Express on all services. A convenience fee may be applicable on postage paid by credit card. Please be aware that DMR will only hold leftover material 30 days after the date of this invoice unless instructed in writing.*

# EXHIBIT 1-C

# BINGHAM & LEA, P.C.

## ATTORNEYS

319 MAVERICK STREET, SAN ANTONIO, TEXAS 78212

TELEPHONE (210) 224-1819     WWW.BINGHAMANDLEA.COM     FACSIMILE (210) 224-0141

BEN BINGHAM
DIRECT LINE (210) 224-2885
ben@binghamandlea.com

ROYAL B. LEA, III
DIRECT LINE (210) 224-2894
royal@binghamandlea.com


BOARD CERTIFIED
Texas Board of Legal Specialization
CIVIL TRIAL LAW

---

The firm is an "AV" rated firm* composed of:

**BENJAMIN R. BINGHAM**, born in Denver, Colorado, admitted to State Bar of Texas, 1983, Texas; Colorado Bar,1993; also admitted to practice before all United States District Courts in Texas and the United States Court of Appeals for the Fifth Circuit and the District of Colorado. EDUCATION: Colorado State University (B.A., 1977); University of Houston (J.D., 1983). Fraternity: Order of the Barons, Phi Delta Phi. AUTHOR: "Prison Conditions as Cruel and Unusual Punishment," 22 South Texas Law Journal, 374, 1982; RECIPIENT: E.E. Townes Award for Legal Journalism, 1982. AUTHOR AND PRESENTOR: "Current Issues in Foreclosures," State Bar of Texas Advanced Real Estate Law Course, 1987; "Employment Agreements, Termination at Will, and Covenants Not to Compete," University of Houston Corporate and Business Law Institute, 1991. CO-AUTHOR AND PRESENTER: "The FCRA—What Bankruptcy Practitioners Need to Know," State Bar of Texas Advanced Consumer Bankruptcy Course 2009 (voted a "Top Ten" CLE Presentation by Texas State Bar Members). PRESENTOR: Montana Trial Lawyers Association, 2015 Winter Meeting, "Damages in Consumer Cases-Getting it Right"; RECIPIENT: Texas Rio Grande Legal Aid "Champions of Justice" award, 2010. Texas Rio Grande Legal Aid "Justice for the People" award, 2013. MEMBER OF: National Association of Consumer Advocates, San Antonio Bar Association, San Antonio Bankruptcy Bar Association. RATED: "AV-Preeminent" since 1999 by Martindale, "Superlawyer" by Superlawyer.com, 2017-2021; AREAS OF PRACTICE: Debtor/Creditor Rights, Bankruptcy and Fiduciary Litigation, and Consumer Class Actions.

**ROYAL B. LEA, III**, born in San Antonio, Texas, September 16, 1961; admitted to State Bar of Texas, 1986; also admitted to practice in the United States District Courts for the Western and Southern Districts of Texas and the United States Court of Appeals for the Fifth Circuit. EDUCATION: Texas A&M University (B.A. with honors, 1983); University of Texas (J.D., with honors, 1986). EDITOR IN CHIEF: The Review of Litigation, 1985-1986. MEMBER: American Bar Association, Antitrust and Litigation Sections; State Bar of Texas, Litigation and Antitrust and Business Litigation Sections; Member Public Investors Arbitration Bar Association; Arbitrator for the Financial Industry Regulatory Authority (FINRA); San Antonio Bar Association. Municipal Court Judge, City of Helotes, Texas. BOARD CERTIFIED in Civil Trial Law, Texas Board of Legal Specialization. RATED: "AV-Preeminent" by Martindale, "Superlawyer" by Superlawyers.com 2014-2016, 2021, AREAS OF PRACTICE: Civil Trial, Commercial and Consumer Litigation, Securities Arbitrations, Civil Appeals and Class Actions.

  The firm represents banks and other creditors in commercial litigation and business

---

*An "AV" Martindale-Hubbell rating signifies the results of a confidential rating process conducted by soliciting the opinions of lawyers and judges who know the Bingham & Lea lawyers. An "AV" rating is the highest available rating for both legal ability and ethical standards.

bankruptcy cases and has represented several bankruptcy trustees in commercial litigation matters arising in and around bankruptcy cases. The firm has also represented spouses in litigation about business interest ancillary to divorce cases.

**The firm is representing or has represented class representatives and, if certified, been appointed lead or co-lead class counsel in the following class action cases:**

- *John J. Danielson and Thomas E. Harding, et al. v. DTM Corporation, et al.* (securities case);
- *Bob Beadle, et al. v. Rankin Automotive Group, Inc., et al.* (securities case);
- *Lone Star Ladies Investment Club v. Schlotzsky's, Inc.,* (securities case);
- *James M. Alewin et al. v. Billing Concepts Corp., et al.* (securities case);
- *Eldore and Mary Urban, et al. v. FCC National Bank* (unfair debt collection-threat to illegally garnish);
- *Carolyne Coppolo, et al. v. Discover Financial Services, Inc., et al.* (unfair debt collection);
- *Jose C. Rodriguez, Chapter 7 Trustee, v. Royce Groff Oil Company* (usury case);
- *Martin, et al., v. IESI TX Corporation* (usury case);
- *Newton, et al, v. Ticketmaster* (credit card surcharge case);
- *Proler, et al. v. Harris County* (court filing fee overcharge case);
- *Garza, et al. v. Wells Fargo* (excess bank charges resulting from order of payment of checks);
- *Futrell v. Knowles Publishing* (usury case);
- *Reinhard v. Methodist Healthcare* (unauthorized fees for obtaining hospital bills);
- *Williams, et al. v. Warner-Lambert, et al.* (deceptive trade practice case);
- *Randolph v. Oxmoor Publishing, Inc.* (unsolicited goods/unfair debt collection case);
- *Elizondo v. Brown & Shapiro* (FDCPA case- unauthorized charges);
- *Cabello v. Mercury Finance* (FDCPA case- unauthorized charges);
- *Munoz v. GECC/Walmart* (FDCPA case – illegal threat to put lien on homestead);
- *Jancik v. Account Services* (FDCPA case- unlicensed collector);
- *Cartall v. Webb County* (unauthorized fees charged by Webb County);
- *HCI Equity Partners v. Travis County* (court filing fee overcharging case);
- *Roberts v. The Scott Fetzer Company* (RICO class action concerning method of sales);
- *Pinter, et al. v. D.A. Davidson & Co.* (security breach and data theft case);
- *Cole v. Portfolio Recovery Associates et al.* (RICO and FDCPA case- time barred debts);
- *King v. United SA Federal Credit Union* (FCRA case- unauthorized credit file access)
- *Boles v. Moss Codilis and Nationstar Mortgage* (FDCPA case- home equity loans)
- *Metoyer v. Zappos* (data breach case)
- *Oreck Sales Practices Multi-District Litigation Proceeding* (deceptive advertising)
- *Maxwell v. Remington Arms* (defective rifle case)
- *Hageman v. AT&T Mobility* (TCPA)
- *Thornell v. Stoneleigh Recovery* (FDCPA case -time-barred debt)
- *Calvillo v. Convergent Healthcare Recovery* (FDCPA case-time barred debt)
- *Duncan v JPMorganChase Bank, N.A.* (FCRA unauthorized access)
- *Welsh v. Navy Federal Credit Union* (Debt cancellation policies)

❖ *Kautsky v. My Pillow, Inc* (Deceptive reference pricing)
❖ *Hackler v. Tolteca Enterprises (*FDCPA case, pendiing)
❖ *Meeks, et al v. Trans Union, LLC* (FCRA case, pending, class counsel not appointed yet)

Bingham & Lea was co-lead class counsel in the third largest Telephone Consumer Protection Act class action case in the 25-year history of the TCPA: *Hageman v. AT&T Mobility, LLC* (D. Montana) (45-million-dollar settlement)

Bingham & Lea was co-lead class counsel in the largest "impermissible access" class action case in the 45-year history of the Fair Credit Reporting Act: *Duncan v. JPMorgan Chase Bank* (W.D. Texas) (8.75 million-dollar settlement)

Mr. Bingham has also testified as an expert witness on class certification issues in *Westwood Shores Property Owner's Association v. TFW Management, Inc, et al.* (appx. 2002)

Mr. Bingham was class counsel for consumers in the *Body Solutions* bankruptcy case, one of the few class action cases certified by a bankruptcy court. He also served on the executive committee in the *Oreck Sales Practices Litigation,* a national multi-district federal court litigation pending in the Central District of California, Los Angeles Division, and later, in the Oreck Corporation bankruptcy case in the Central District of California.

**Bingham and Lea reported cases include:**

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2021 U.S. Dist. LEXIS 41322 (W.D. Tex. 2021)

*Rtg v. Fodera*, No. 5-19-CV-0087-JKP-RBF, 2020 U.S. Dist. LEXIS 204118 (W.D. Tex. 2020)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2020 U.S. Dist. LEXIS 141420 (W.D. Tex. 2020)

*Hackler v. Tolteca Enters.*, No. SA-18-CV-00911-XR, 2019 U.S. Dist. LEXIS 213219 (W.D. Tex. 2019)

*Hackler v. Tolteca Enters.*, Civil Action No. SA-18-CV-911-XR, 2019 U.S. Dist. LEXIS 226145 (W.D. Tex. 2019)

*Cranor v. 5 Star Nutrition, LLC*, No. 1-19-CV-908-LY, 2019 U.S. Dist. LEXIS 230025 (W.D. Tex. 2019)

*Rios v. Partners in Primary Care*, No. SA-18-CV-00538-ESC, 2019 U.S. Dist. LEXIS 215489 (W.D. Tex. 2019)

*Broyles v. Commonwealth Advisors, Inc.*, 936 F.3d 324 (5th Cir. 2019)

*RTG LLC v. Fodera*, No. 5:19-CV-87-DAE, 2019 U.S. Dist. LEXIS 195544 (W.D. Tex. 2019)

*In re Hoskins*, No. 13-18-00296-CV, 2018 Tex. App. LEXIS 10826 (Tex. App.—Corpus Christi Dec. 27, 2018)

*Bitterroot Holdings, LLC v. HB Props. I, LLC*, No. 04-17-00673-CV, 2018 Tex. App. LEXIS 10817 (Tex. App.—San Antonio Dec. 27, 2018)

*Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 U.S. Dist. LEXIS 227456 (W.D. Tex. 2018)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2018 U.S. Dist. LEXIS 145111 (W.D. Tex. 2018)

*Marcantonio Enters., LLC v. Stellar Restoration Servs., LLC*, No. 05-17-00775-CV, 2018 Tex. App. LEXIS 5927 (App.—Dallas July 31, 2018)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2018 U.S. Dist. LEXIS 127644 (W.D. Tex. 2018)

*McFadin v. Broadway Coffeehouse, LLC*, No. 04-16-00283-CV, 2018 Tex. App. LEXIS 4686 (App.—San Antonio June 27, 2018)

*Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2017 U.S. Dist. LEXIS 220675 (W.D. Tex. 2017)

*Saks v. Rogers*, No. 04-16-00286-CV, 2017 Tex. App. LEXIS 6923 (App.—San Antonio July 26, 2017)

*Galaz v. Galaz (In re Galaz)*, No. 15-51194, 2017 U.S. App. LEXIS 4307 (5th Cir. 2017)

*25807 TWH, Ltd. v. TWH Ltd. P'ship*, No. 09-16-00238-CV, 2017 Tex. App. LEXIS 1353 (App.—Beaumont Feb. 16, 2017)

*Galaz v. Katona (In re Galaz)*, No. 15-50919, 2016 U.S. App. LEXIS 19506 (5th Cir. 2016)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2016 U.S. Dist. LEXIS 135398 (W.D. Tex. 2016)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2016 U.S. Dist. LEXIS 135402 (W.D. Tex. 2016)

*In re Estate of Hoskins*, No. 13-15-00487-CV, 2016 Tex. App. LEXIS 9966 (App.—Corpus Christi 2016)

*Halprin v. FDIC*, No. 5:13-CV-1042-RP, 2016 U.S. Dist. LEXIS 114407 (W.D. Tex. 2016)

*McFadin v. Broadway Coffeehouse, LLC*, No. 04-16-00283-CV, 2016 Tex. App. LEXIS 7052 (App.—San Antonio 2016)

*Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-912-FB, 2016 U.S. Dist. LEXIS 122665 (W.D. Tex. 2016)

*Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-912-FB, 2016 U.S. Dist. LEXIS 122662 (W.D. Tex. 2016)

*Duncan v. JPMorgan Chase Bank, N.A.*, No. SA-14-CA-00912-FB, 2016 U.S. Dist. LEXIS 122663 (W.D. Tex. 2016)

*Hernandez v. Saldivar*, No. 04-15-00691-CV, 2016 Tex. App. LEXIS 4650 (App.—San Antonio

2016)

*In re Saks*, 2016 Tex. App. LEXIS 501 (Tex. App. San Antonio Jan. 20, 2016)

*Saks v. Broadway Coffeehouse LLC*, 2015 Tex. App. LEXIS 11033 (Tex. App. San Antonio Oct. 28, 2015)

*Arthur v. Uvalde Cnty. Appraisal Dist.*, 2015 Tex. App. LEXIS 5125 (Tex. App. San Antonio May 20, 2015)

*Ex parte Hernandez*, 2015 Tex. App. LEXIS 2774 (Tex. App. San Antonio Mar. 25, 2015)

*Hageman v. AT&T Mobility LLC*, 2015 U.S. Dist. LEXIS 25595, 2015 WL 9855925 (D. Mont. Feb. 11, 2015)

*Galaz v. Galaz (In re Galaz)*, 2015 Bankr. LEXIS 229 (Bankr. W.D. Tex. Jan. 23, 2015)

*Galaz v. Galaz (In re Galaz)*, 765 F.3d 426, 2014 U.S. App. LEXIS 16365, Bankr. L. Rep. (CCH) P82, 697 (5th Cir. Tex. 2014)

*Chaney v. Camacho*, 2013 Tex. App. LEXIS 14877, 2013 WL 6533123 (Tex. App. San Antonio Dec. 11, 2013)

*Yancey v. Remington Arms Co., LLC*, 2013 U.S. Dist. LEXIS 140397, 2013 WL 5462205 (M.D.N.C. Sept. 30, 2013)

*In re Edwards*, 501 B.R. 666, 2013 Bankr. LEXIS 4909, 2013 WL 6044697 (Bankr. N.D. Tex. 2013)

*Galaz v. Galaz (In re Galaz)*, 2012 Bankr. LEXIS 5750, 2012 WL 6212694 (Bankr. W.D. Tex. Dec. 13, 2012)

*In re Oreck Corp. Halo Vacuum Mktg. & Sales Practices Litig.*, 842 F. Supp. 2d 1380, 2012 U.S. Dist. LEXIS 12830, 2012 WL 361687 (J.P.M.L. 2012)

*Roland v. Green*, 675 F.3d 503, 2012 U.S. App. LEXIS 5672, Fed. Sec. L. Rep. (CCH) P96, 756, 2012 WL 898557 (5th Cir. Tex. 2012)

*Galaz v. Galaz*, 2012 U.S. Dist. LEXIS 190691 (W.D. Tex. Apr. 17, 2012)

*Boles v. Moss Codilis, LLP*, 2011 U.S. Dist. LEXIS 104466, 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011)

*Boles v. Moss Codilis, LLP*, 2011 U.S. Dist. LEXIS 71031, 2011 WL 2618791 (W.D. Tex. July 1, 2011)

*King v. United SA Fed. Credit Union*, 744 F. Supp. 2d 607, 2010 U.S. Dist. LEXIS 107920 (W.D. Tex. 2010)

*Wampler v. Southwestern Bell Tel. Co.*, 597 F.3d 741, 2010 U.S. App. LEXIS 3492, 2010-1 Trade Cas. (CCH) P76,911, 49 Comm. Reg. (P & F) 755 (5th Cir. Tex. 2010)

*In re Vela*, 2009 U.S. Dist. LEXIS 84208, 2009 WL 6506881 (W.D. Tex. Sept. 15, 2009)

*Watts v. Am. Express Co.*, 2009 U.S. Dist. LEXIS 81142, 2009 WL 2913076 (D. Colo. Sept. 8, 2009)

*In re White*, 2009 Tex. App. LEXIS 4106, 2009 WL 1617815 (Tex. App. San Antonio June 10, 2009)

*San Antonio Aerospace, L.P. v. ATA Airlines, Inc. (In re ATA Airlines, Inc.)*, 2009 Bankr. LEXIS 650, 51 Bankr. Ct. Dec. 108 (Bankr. S.D. Ind. Mar. 16, 2009)

*Reed v. San Antonio Aero., LP*, 302 Fed. Appx. 323, 2008 U.S. App. LEXIS 24997 (5th Cir. Tex. 2008)

*Saenz v. Martinez*, 2008 Tex. App. LEXIS 8297, 2008 WL 4809217 (Tex. App. San Antonio Nov. 5, 2008)

*Friedrich Air Conditioning Co., Ltd. v. Genie Air Conditioning & Heating, Inc.*, 2008 U.S. Dist. LEXIS 62483, 2008 WL 3852644 (W.D. Tex. Aug. 15, 2008)

*San Antonio Aero., L.P. v. Gore Design Completions, Ltd.*, 2008 Tex. App. LEXIS 3874, 2008 WL 2200035 (Tex. App. Amarillo May 28, 2008)

*San Antonio Aero., L.P. v. Gore Design Completions, Ltd.*, 2008 Tex. App. LEXIS 2367, 2008 WL 878515 (Tex. App. Amarillo Apr. 2, 2008)

*Alvarado v. Wash. Mut. Bank, F.A. (In re Alvarado)*, 2008 Bankr. LEXIS 815, 2008 WL 783545 (Bankr. W.D. Tex. Mar. 19, 2008)

*Reed v. San Antonio Aerospace, L.P.*, 2008 U.S. Dist. LEXIS 26297, 2008 WL 558045 (W.D. Tex. Feb. 8, 2008)

*Jordan v. Scott Fetzer Co.*, 2007 U.S. Dist. LEXIS 89157 (M.D. Ga. Dec. 4, 2007)

*Exp. Worldwide, Ltd. v. Knight*, 2007 U.S. Dist. LEXIS 32592, 2007 WL 1300468 (W.D. Tex. May 3, 2007)

*Williams v. Pichichero*, 2006 Tex. App. LEXIS 6994, 2006 WL 2263909 (Tex. App. San Antonio Aug. 9, 2006)

*Lightner v. Laredo Med. Group*, 2005 Tex. LEXIS 1011 (Tex. July 1, 2005)

*Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 2005 Tex. LEXIS 298, 48 Tex. Sup. J. 551, 169 Oil & Gas Rep. 533 (Tex. 2005)

*Sterling Trust Co. v. Adderley*, 168 S.W.3d 835, 2005 Tex. LEXIS 478, 48 Tex. Sup. J. 887 (Tex. 2005)

*Onebeacon Lloyds v. SA Disc. Liquors, Inc.*, 2005 U.S. Dist. LEXIS 21064, 2005 WL 2129068 (W.D. Tex. Sept. 1, 2005)

*Reed v. San Antonio Aero., L.P.*, 2005 U.S. Dist. LEXIS 12065, 2005 WL 1473840 (W.D. Tex. June 21, 2005)

*Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 2004 Tex. LEXIS 655, 47 Tex. Sup. J. 852 (Tex. 2004)

*Disch v. Hicks*, 900 So. 2d 399, 2004 Ala. LEXIS 288 (Ala. 2004)

*Laredo Med. Group v. Lightner*, 153 S.W.3d 70, 2004 Tex. App. LEXIS 8314 (Tex. App. San Antonio 2004)

*Scheiner v. i2 Techs., Inc.*, 2004 U.S. Dist. LEXIS 28979 (N.D. Tex. Oct. 1, 2004)

*Reed v. Davis*, 2004 U.S. Dist. LEXIS 21876 (W.D. Tex. Aug. 12, 2004)

*Clark v. Experian Info. Solutions, Inc.*, 2004 U.S. Dist. LEXIS 32063 (D.S.C. Apr. 20, 2004)

*Clark v. Experian Info. Solutions, Inc.*, 2004 U.S. Dist. LEXIS 28324, 2004 WL 256433 (D.S.C. Jan. 14, 2004)

*Perry v. Dearing (In re Perry)*, 345 F.3d 303, 2003 U.S. App. LEXIS 18369, Bankr. L. Rep. (CCH) P78, 909 (5th Cir. Tex. 2003)

*Fetter v. Wells Fargo Bank Tex., N.A.*, 110 S.W.3d 683, 2003 Tex. App. LEXIS 5855, 51 U.C.C. Rep. Serv. 2d (Callaghan) 201 (Tex. App. Houston 14th Dist. 2003)

*Clark v. Experian Info. Solutions, Inc.*, 219 F.R.D. 375, 2003 U.S. Dist. LEXIS 25146 (D.S.C. 2003)

*Clark v. Experian Info. Solutions, Inc.*, 2003 U.S. Dist. LEXIS 22908 (D.S.C. Oct. 3, 2003)

*Ondemir v. Ocwen Fed. Bank*, 2003 Tex. App. LEXIS 7890, 2003 WL 22080515 (Tex. App. San Antonio Sept. 10, 2003)

*In re Sims, 2003 Tex. App. LEXIS 7636*, 2003 WL 22052827 (Tex. App. San Antonio Sept. 3, 2003)

*Perry v. Dearing (In re Perry)*, 289 B.R. 860, 2002 U.S. Dist. LEXIS 26244 (W.D. Tex. 2002)

*Randolph v. Oxmoor House, Inc.*, 2002 U.S. Dist. LEXIS 26286 (W.D. Tex. Dec. 26, 2002)

*Randolph v. Oxmoor House, Inc.*, 2002 U.S. Dist. LEXIS 26288 (W.D. Tex. July 18, 2002)

*Romero v. Becken*, 256 F.3d 349, 2001 U.S. App. LEXIS 15955 (5th Cir. Tex. 2001)

*Champion Builders v. City of Terrell Hills*, 70 S.W.3d 221, 2001 Tex. App. LEXIS 8223 (Tex. App. San Antonio 2001)

*In re Perry*, 267 B.R. 759, 2001 Bankr. LEXIS 1189 (Bankr. W.D. Tex. 2001)

*Fed. Servs. Corp. v. Harlan & Boettger, L.L.P.*, 2001 Tex. App. LEXIS 5979 (Tex. App. San Antonio Aug. 31, 2001)

*Johnson v. Capital One Bank*, 2000 U.S. Dist. LEXIS 13311, 2000 WL 1279661 (W.D. Tex. May 17, 2000)

*In re Quanalyze Oil & Gas Corp.*, 250 B.R. 83, 2000 Bankr. LEXIS 721, 44 Collier Bankr. Cas. 2d (MB) 893 (Bankr. W.D. Tex. 2000)

*Harris County v. Proler*, 29 S.W.3d 646, 2000 Tex. App. LEXIS 7028 (Tex. App. Houston 14th Dist. 2000)

*Maya Hsu v. United States SBA*, 2000 Tex. App. LEXIS 222 (Tex. App. San Antonio Jan. 12, 2000)

*Clement v. Moore*, 1999 Tex. App. LEXIS 7361, 1999 WL 792471 (Tex. App. San Antonio Oct. 6, 1999)

*In re L.A.M. & Assocs.*, 975 S.W.2d 80, 1998 Tex. App. LEXIS 2768 (Tex. App. San Antonio 1998)

*League of United Latin Am. Citizens Council No. 4434 v. Clements*, 902 F.2d 293, 1990 U.S. App. LEXIS 7705 (5th Cir. Tex. 1990)

# EXHIBIT 1-D

## AUTHORIZATION TO REPRESENT and CLASS ACTION DISCLOSURE

Client, **Sadie Hackler** ("Client"), authorizes Law Office of Bill Clanton and Bingham & Lea, (collectively "Law Firm"), to represent Client in the following matter against the parties being sued (collectively the "Defendant"), and no other: **FDCPA claims against Tolteca Enterprises, Inc. dba Phoenix Recovery Group and related companies and other appropriate defendants.**

### Class Action Representation

Law Firm has informed Client that Law Firm intends to prosecute the claims and causes of action of Client described in this Agreement not only on behalf of Client, but also on behalf of a class of similarly situated persons injured by the same or similar conduct of the Defendant, *i.e.*, in a "class action". Law Firm also has informed Client that by prosecuting the claims and causes of action as a class action: Client may not recover all of its actual loss; that the right or ability of Client to settle or compromise its claims or causes of action is limited so that the claims or causes of action of Client cannot be settled or compromised apart from those of the Class; and that Client undertakes responsibilities to act as a representative of the Class. Law Firm also has informed Client that Law Firm is willing to represent Client only together with the Class and that Law Firm would not undertake to represent Client apart from representation of the Class. Client understands all of the foregoing and, nevertheless, wishes for Law Firm to represent Client together with the Class, and Client authorizes Law Firm to commence a lawsuit against Defendant on behalf of Client and the Class.

### Other Counsel

Many of not most class action cases require more than one firm to prosecute them. Therefore, Law Firm may associate other lawyers with Law Firm to represent Client and the class in this matter. In that event, such other counsel will be compensated for services in the same manner as stated below. Client consents to the association of other counsel.

### Cooperation

Client **will** fully cooperate with Law Firm in pursuing Client's claims and causes of action described above, and will always keep Law Firm informed of the telephone numbers and street addresses where Client can receive telephone calls, mail, and deliveries from Law Firm.

Client **will not** meet or otherwise communicate with the Defendant(s) or any of its representative(s) or insurer(s) to attempt to settle or receive payment on any of Client's claims or causes of action described above without the consent of Law Firm; and will not settle or receive any payment on any of the claims or causes of action described above without the consent of Law Firm.

### How Attorneys Fees and Expenses are Paid in Class Action Cases

Client **will not** have to pay Law Firm any fees or expenses, except if the case does not get certified but still settles. If the case does get certified and settles or a judgment is collected for the

Class, then the attorneys' fees and expenses will be paid by the Defendant and awarded by the Court only after notice to Client and to the Class of a hearing at which they have a right to object to the requested fees and expenses. If the case does not get certified to proceed as a class action but still settles, then any money paid by Defendant in settlement will first go to repay costs and expenses advanced by Law Firm, and any remaining monies will be divided 60% to Client and 40% to Law Firm. **Exception for Individual Settlement Against Attorneys' Advice:** If Client abandons the class and settles on an individual basis against the advice of Attorneys, Client shall be obligated to pay Attorneys their normal hourly rates for the time they expended in the case and shall be obligated to reimburse the Attorneys for all expenses incurred.

Each of the law firms associated in the case, if any, will assume joint responsibility for representation of Client and will share any attorneys' fees awarded by the court as awarded by the Court, unless otherwise agreed in writing among the law firms.

**Client understands that attorneys' fees awarded in class action cases, if any, may greatly exceed the amount of any recovery for Client or individual class members, that such attorneys' fees are typically property of the attorneys' and not property of Client or the class members, and that attorneys' fee cannot be shared with Client or class members.**

Client acknowledges that Law Firm has made no promise or prediction to Client about the outcome of Client's claims or causes of action, except that **Law Firm will request that the Court award to Client an "incentive award" in the event of a settlement or successful prosecution of the case.**

## Termination of Services

Prior to class certification, Client may terminate Law Firm's representation of Client at any time if Client wishes to do so by giving Law Firm notice in writing of that wish. After certification, if Client is appointed a Class Representative, Law Firm represents the certified class and Client may not unilaterally terminate Law Firm's representation of the class. At that point, Client may resign as a Class Representative and either remain in the class or opt-out of the class.

Prior to class certification, Law Firm also will be able to terminate our representation if we ever wish to do so by written notice of our intent to withdraw so that Client will have an opportunity to retain other counsel. Before or after certification, Law Firm may withdraw from the case only after notice and hearing, with right to object to Client.

## Professional Misconduct

**The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call 1-800-932-1900. This is a toll-free phone call.**

**Acceptance**

Client has read this Agreement and Disclosure carefully and understands it. **Law Firm has suggested to Client that if Client has any questions about this Agreement, Client should consult with another lawyer or law firm before signing this Agreement.** By the signature below, Client accepts this Agreement.

Law Office of Bill Clanton, P.C.

_____

By: Bill Canton

Bingham & Lea, P.C.

_____

By: Ben Bingham

CLIENT: _____
Sadie Hackler                    28 Aug 2018

**Acceptance**

Client has read this Agreement and Disclosure carefully and understands it.  **Law Firm has suggested to Client that if Client has any questions about this Agreement, Client should consult with another lawyer or law firm before signing this Agreement.**  By the signature below, Client accepts this Agreement.

Law Office of Bill Clayton, P.C.

By: Bill Canton

Bingham & Lea. P.C.

By: Ben Bingham

CLIENT: Sadie Mackler        28 Aug 2018

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | Case No. 5:18-CV-00911-XR |
| TOLTECA ENTERPRISES, INC. d/b/a PHOENIX RECOVERY GROUP, | § § § | |
| Defendant. | § § | |

---

### Declaration of William M. Clanton in Support of Class Counsel's Motion for Attorneys' fees and Expenses.

---

I, William M. Clanton, of full age, hereby certify as follows:

1.      I am over 18 years of age and am competent to make this Declaration.  The facts stated in this Declaration are within my personal knowledge and are true and correct. I submit this Declaration in support of Class Counsel's Motion for Attorneys' Fees and Expenses. (the "Motion").

2.      In this case I have acted as Co-Class Counsel, as attorney of record for Plaintiff, Sadie Hackler, and the putative class that she seeks to represent.

3.      I am an attorney licensed in the State of Texas and am admitted to practice before the bar of this Court. I am also admitted in the Northern and Southern Districts of Texas and the Eastern and Western Districts of Wisconsin.

4.      I have been licensed to practice law in the State of Texas since 2007 and have remained a member in good standing since being admitted. My license to practice law has never been suspended or revoked by the State of Texas or any court. There are

no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

5.      The Law Office of Bill Clanton, P.C. was formed in June 11, 2009. Before and after forming the professional corporation, my practice has been devoted primarily to representing individuals and on occasion small businesses. I am the sole principal and am responsible for all the legal work in the office; my professional experience is set forth below.

6.      I received two bachelor's degrees (BBA in Accounting, and a BS in Computer Science) from Texas A&M University – Corpus Christi.  I graduated from St. Mary's School of Law in May of 2007.  I was admitted to practice by Texas Supreme Court on November 2, 2007.  I was admitted to practice before this court on August 22, 2012.

7.      From November 2, 2007 until about November 2012, my practice involved primarily representing individuals accused of crimes in state courts.  During this time, I had occasion to try several criminal cases to juries as well as a few civil cases.  In 2012, I developed an interest in consumer protection law.  I took steps to get admitted to federal court and learn more about consumer protection laws.

8.      I have been a member in good standing with the National Association of Consumer Advocated (NACA), a non-profit association of attorneys and consumer advocates committed to representing consumers' interests since September 14, 2012.  I have attended several conferences conducted by NACA and the National Consumer Law Center covering a variety of subject matter and Continuing Legal Education including, but not limited to, the FDCPA, other federal consumer protection statutes, attorney's ethics, and in particular, class action litigation involving consumer protection statutes.   In

September 2010 graduated from Gerry Spence's Trial Lawyers' College in Dubois, Wyoming.  In 2018, after 10 years of membership, I became a fellow of the Texas State Bar College.  I am a member of the San Antonio Trial Lawyers Association and the San Antonio Bar Association.

9.      I have been found adequate to act as co-counsel in two class action cases in this district, *Bell v. Adler, Wallach, & Associates.*, et. al. 5:16-CV-00366-OLG (FDCPA case) and *Welsh v. Navy Federal Credit Union,* 5:15-CV-1062-DAE (GAP Contract case). This case is the eighth class-action case where I have served as co-counsel.

10.      I have invested 44.7 billable hours into this case over the nearly three years it has been pending. My customary rate, which has been approved in this district on several occasions, including in the *Welsh* class action case cited above, is $350 per hour. In addition, I incurred and paid out-of-pocket litigation expenses of $3,784 in expenses (rounded down), which is ½ of the $7,569.86 expense incurred for printing and mailing the class certification notice to class members. Therefore, I am requesting attorneys' fees of $15,645, plus $3,784 for a total of $19,429. My billing records are attached hereto as **Exhibit 2-A.** I am of the opinion that my hourly rate is reasonable in San Antonio, and that my hours are reasonable and were necessarily incurred in this case, given the events described in Mr. Bingham's Declaration, **Exhibit 1.**

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of June, 2021.

_/s/Wiliam M. Clanton_

WILLIAM M. CLANTON
Texas Bar No. 24049436
Law Office of Bill Clanton, P.C.
926 Chulie
San Antonio, Texas 78216
(210) 226-0800
(210) 338-8660 fax
bill@clantonlawoffice.com

# EXHIBIT 2-A

| Date | Hours | Rate | Description |
|---|---|---|---|
| | | | |
| 6/12/2018 | 0.50 | 350.00 | Review case facts as communicated from Plaintiff |
| 6/13/2018 | 0.70 | | Review documents from Hackler including PRA collection letter |
| 6/13/2018 | 0.30 | | Email correspondence with Hackler, lean more about the debt, her connection to it, and her leaving San Antonio under a PCS order |
| 6/14/2018 | 0.50 | | Review Hackler Credit Reports - client sent in reports to review for reportign by PRA |
| 7/11/2018 | 3.30 | | Initial Draft of suit |
| 7/17/2018 | 0.90 | | Revise draft and send to Ben Bingham for review |
| 8/27/2018 | 0.30 | | Email correspondence with BB regarding complaint and PRA |
| 8/28/2018 | 0.50 | | Review new documents from Hackler - as more time went by she recevied more documents |
| 8/29/2018 | 1.20 | | Review Ben Bingham revisions to draft suit |
| 8/29/2018 | 1.50 | | Review draft class cert motion - per Bingham need to have ready once case is filed to avoid pick off |
| 9/5/2018 | 0.30 | | Correspondence with client re case status and filings |
| 10/10/2018 | 0.10 | | Review emails from Tom Clarke |
| 10/29/2018 | 0.40 | | Review Tolteca answer; review local rules on motion practice re combining 12b motion to dismiss with answer |
| 11/13/2018 | 0.60 | | Draft reponse to MTD |
| 11/13/2018 | 1.10 | | Review Ben Bingham edits to response to MTD |
| 12/4/2018 | 0.20 | | Confer with Bingham on Rule 26 and case in general |
| 12/14/2018 | 0.30 | | Review Bingham's discovery requests to PRG |
| 12/14/2018 | 0.50 | | Email correspodence with TC from 12-10 to 12-14 |
| 12/14/2018 | 0.20 | | Final edit and file 26 Report |
| 12/19/2018 | 0.30 | | Corresponde with SH re case status and filings |
| 12/21/2018 | 0.20 | | Review PRG's Rule 26 disclosures |
| 1/10/2019 | 0.50 | | Draft and file ADR report |
| 1/23/2018 | 0.50 | | Prepare for Status Conference - review 6th Circuit case on "in writing" language |
| 1/24/2019 | 0.70 | | Attend status conference and visit with OC in parking lot re settlement |
| 1/30/2019 | 0.20 | | Emails re settlement and discovery |
| 2/26/2019 | 0.10 | | Correspondence with BB re discovery |
| 3/21/2019 | 0.30 | | Email with Bingham re discovery motion and certification |
| 3/29/2019 | 1.30 | | Review MSJ edit and revise |
| 4/1/2019 | 0.10 | | Correspond with SH re MSJ and case status |
| 4/23/2019 | 0.10 | | Correspond with BB on 30b6 depo notice |
| 4/29/2019 | 0.50 | | Review and edit response to protective order motion |
| 5/2/2019 | 0.90 | | Phone call with Bingham, talk about prior PRG cases, recive deposition copies from Bingham |
| 5/9/2019 | 0.30 | | Email correspondece with BB and review motion to compel discovery |
| 5/13/2019 | 1.20 | | Draft an file Advisory to Court re protective order and discovery dispute resolved |
| 5/17/2019 | 0.50 | | Review motion to compel from Bingham |

| | | | |
|---|---|---|---|
| 5/21/2019 | 1.60 | | Review class cert motion |
| 9/3/2019 | 0.30 | | Call Client to discuss case stauts and address concerns regarding her credit report |
| 9/24/2019 | 0.70 | | Review email from BB and cases attached thereto |
| 9/30/2019 | 0.30 | | Phone call with TC re post cert scheduling order |
| 10/23/2019 | 0.80 | | Review class notice motion and proposed notice |
| 12/11/2019 | 1.00 | | Read and review Summary Judgment Order |
| 12/21/2019 | 1.70 | | Read, review, and prepre response to Motions to reconsider and dismiss |
| 12/23/2019 | 0.30 | | Review BB's repsonse to Docket #41 - Clarke's motion to vacate |
| 7/9/2020 | 0.40 | | Correspondence with Mailer and BB re mailing notices |
| 7/14/2020 | 1.20 | | Analyse spreasheet of names, sort by names, addresses, and try to eliminate duplicates. Compare to previously produced list |
| 7/14/2020 | 0.30 | | Correspond with TC on class list |
| 7/28/2020 | 0.60 | | Draft Advisory to the Court on class members |
| 8/24/2020 | 0.70 | | Pay for mailing |
| 8/30/2020 | 0.10 | | Correspond with class member |
| 9/1/2020 | 0.10 | | Correspond with class member |
| 9/2/2020 | 0.10 | | Phone call with class member |
| 9/4/2020 | 0.10 | | Correspond with class member |
| 9/27/2020 | 0.10 | | Correspond with class member |
| 10/30/2020 | 0.10 | | Correspond with class member |
| 11/11/2020 | 0.60 | | Clarke suggests Phoenix will hire Newberger in attempt to threaten Bingham and I. We are relieved that Manny may come aboard. Review emails with Clarke re hiring Manny Newburger. Suggest Newberger serve as mediator. |
| 11/12/2020 | 0.10 | | Email with Newburger re whether he is retained and whether he is interested in mediating the case |
| 11/12/2020 | 0.30 | | Review BB email and spoke on phone |
| 11/13/2020 | 0.50 | | Emails with Newburger to arrange mediation dates and explain case facts and procedural position of case |
| 11/19/2020 | 0.60 | | Emails on mediation, settement, damages, with Clarke and Bingham |
| 12/11/2020 | 0.20 | | Review BB email re strategy and fees |
| 12/15/2020 | 0.50 | | Review divorce filings including a declaration re PRG principals |
| 1/18/2021 | 0.50 | | Emails from BB and TC - requests for production, extension, etc |
| 1/25/2021 | 0.50 | | Emails regarding discovery responses |
| 2/9/2021 | 0.50 | | Prepare amened depo notice |
| 2/26/2021 | 0.50 | | Review ADR Report |
| 3/25/2021 | 0.50 | | Phone call with Clarke regarding case and client, getting case resolved, negotating on fees, reminging Clarke of risk to his client of fighting about fees. |
| 4/8/2021 | 0.70 | | Review Email from Bingham containing  XR order in Boles v Moss Codilis for fee award. Consider forwarding to Clarke to push forward negotations |
| 4/14/2021 | 0.70 | | Review Tejero Opinion from BB |
| 4/26/2021 | 1.50 | | Review Declaration and supporting documents |

| | | | |
|---|---|---|---|
| 4/26/2021 | 0.60 | | Review email from Clarke contaning memo regarding pre-trial order |
| 4/28/2021 | 0.30 | | Review email from OC in offering settlement |
| 5/21/2021 | 1.30 | | Review Bingham emails and case law, including Tejero, Quintero, and King v US |
| 5/24/2021 | 0.30 | | Review Motion to Enter Judgment |
| 5/26/2021 | 0.50 | | Phone call with Clarke regarding settlement and attorney's fees, asked him to communicate risk of submitting a fee application to his client |
| 6/10/2021 | 1.20 | | Review fee app |
| 6/11/2021 | 0.70 | | Final edits to fee application and return to Bingham for filing |

Total Hours     44.70