IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SADIE HACKLER, on behalf of herself and all others similarly situated, <br><br> *Plaintiff(s),* <br><br> v. <br><br> TOLTECA ENTERPRISES, INC., a/k/a PHOENIX GROUP, <br><br> *Defendant(s).* | § § § § § § § § § § § Civil Action No. SA-18-CV-911-XR |

## ORDER

On this date, the Court considered Plaintiff's Motion for Attorney Fees and Reimbursement of Expenses (ECF # 64).

## Background

Plaintiff Sadie Hackler leased a home in San Antonio, Texas. After Plaintiff moved out of the rental property, the landlord claimed Plaintiff caused damage to the home. The landlord alleged the cost of the repairs exceeded the amount of Plaintiff's security deposit and attempted to charge Plaintiff for the additional expenses, which Plaintiff disputed. Subsequently, the landlord turned the disputed debt over to Defendant Tolteca Enterprises, Inc. d/b/a The Phoenix Recovery Group for collection. In June 2018, Plaintiff received a letter from Defendant attempting to collect the debt allegedly owed to the landlord. Shortly thereafter, Plaintiff filed this lawsuit alleging that Defendant's letter failed to conform to the Fair Debt Collection Practices Act ("FDCPA").

On September 9, 2019, the Court certified this case to proceed as a class action and appointed Sadie Hackler as class representative and Benjamin R. Bingham and William C. Clanton as Class Counsel. (ECF # 36). On December 11, 2019, the Court granted to the class a partial summary judgment and adjudged Defendant liable for each of the two FDCPA violations as asserted by Plaintiff. (ECF # 39). On February 11, 2021, the parties filed a stipulation of fact, stipulating that 1% of Defendant's net worth is $3,600. (ECF # 57). On April 28, 2021, the parties filed a stipulation that the named plaintiff Sadie Hackler is entitled to an award of $1,000 in statutory damages under the FDCPA and the certified class is entitled to a separate award of $3,600 under the FDCPA. (ECF # 59).  In satisfaction of the judgment for the certified class, Class Counsel were ordered to pay to the San Antonio office of Texas Rio Grande Legal Aid the first $3,600.00 collected from Defendant.  This Judgment was signed on May 28, 2021 (ECF # 63).

Plaintiffs' counsel now seek attorney's fees and costs of $101,995.  Ben Bingham of the firm of Bingham & Lea, P.C. is requesting fees for 172.7 hours at $500 per hour, for a total of $86,350. The Law Office of Bill Clanton is requesting fees for 44.7 hours at $350 per hour, for a total of $15,645.

Class Counsel also request reimbursement of out-of-pocket expenses in the amount of $8,071.86, which is the cost of mailing the certification notice to the 13,844 class members and filing and service fees.

Defendant opposes the request stressing the hyper-technical nature of the FDCPA violation and the limited recovery given to the plaintiffs in this case.

**Analysis**

Where a party is successful under the FDCPA, section 1692k (a) (3) allows the party to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692k(a)(3). The appropriate fee award is determined by multiplying the number of hours reasonably worked on litigation by a reasonable hourly rate, arriving at a "lodestar." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may then adjust the lodestar figure, if necessary, to arrive at a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "While attorney's fees need not be proportionate to the minimal statutory damages in FDCPA cases, they must nevertheless be reasonable." *Davis v. Credit Bureau of the S.*, 908 F.3d 972, 977 (5th Cir. 2018).

Regarding the costs of mailing the certification notice, this request is denied. *See McCray v. Dietsch & Wright, P.A.*, No. 8:18-CV-731-T-02SPF, 2020 WL 6565078, at *5 (M.D. Fla. Nov. 9, 2020) (denying class administration fees as not within the outline of 28 U.S.C. section 1920).

The Court first notes that this was not a complicated case. In addition, Plaintiff's counsel incurred additional fees by filing a motion for class certification even prior to the answer being due in this case. The parties then had minor squabbles over the location of a deposition that was later resolved. The only real time expended was for the filing of the motion for class certification and motion for summary judgment regarding liability. Thereafter, once the parties became aware of the limited financial status of the Defendant, stipulations were reached regarding statutory liability. As Defendant points out: "No depositions were taken, no protracted hearings occurred, no trial occurred, no hotly contested discovery issues and motions occurred, and other

than a brief initial court status conference, there were no in person court proceedings." Defendant also objects to the request for two attorneys to be reimbursed, to an hourly rate above $350, and the number of hours billed. Defendant suggests that a range of $35,000 to $55,000 (Tolteca's unaccepted settlement offer) is a fair, reasonable, and adequate award for attorney's fees in this case.

The Court has completed a review of the submitted time sheets of Ben Bingham and Bill Clanton. There is some minor duplicate work done.[1] Mr. Clanton's hours are reduced by 18.9 hours. Mr. Bingham's hours are reduced by 1.2 hours.

Defendant also challenges any hours billed for the preparation of the application of attorney's fees. Plaintiff's global challenge to these hours is overruled, but nonetheless such hours expended must be reasonable. Mr. Bingham seeks approximately 6.8 hours and Mr. Clanton seeks 1.9 hours. Mr. Bingham's hours are further reduced by 3.8 hours.

Defendant also challenges the reasonableness of the hourly rate charged by Mr. Bingham ($500 per hour). In the past the undersigned would generally consult the State Bar of Texas study on hourly rates charged by Texas attorneys in various cities across the state. https://www.texasbar.com/AM/Template.cfm?Section+Demographic_and_Economic_Trends&Template=/CM/contentDisplay.cfm&ContentID=34182 (last published August 2016). The State Bar of Texas apparently no longer publishes this study after complaints were made that the voluntary reporting of these rates was unreliable, and the statistics developed did not

---

[1] Dec. 14, 2018, Jan. 10, 2019, Jan. 23-24, 2019, Jan. 30, 2019, Feb. 26, 2019, Mar. 21, 2019, Mar. 29, 2019, April 1, 2019, April 23, 2019, April 29, 2019, May 2, 2019, May 9, 2019, May 13, 2019, May 16, 2019, May 21, 2019, Sept. 24, 2019, Sept. 29, 2019, Oct. 23, 2019, Dec. 11, 2019, Dec. 23, 2019, July 9, 2020, July 14, 2020, July 28, 2020, Nov. 12, 2020, Nov. 13, 2020, Jan. 18, 2021, Jan. 25, 2021, Feb. 17, 2021, Feb. 26, 2021, April 14, 2021, April 26, 2021, April 28, 2021, and May 21, 2021.

accurately reflect the prevailing rates being charged. It is unfortunate that this study is no longer published. An easy cure to the self-reporting issue would be for the State Bar to conduct a random survey of practitioners throughout the state and verify years in practice, geographic location, specialty area, and hourly rate.  Although local bar associations perhaps could not afford conducting a random survey, a self-reporting report would nevertheless be helpful.  Otherwise, courts are left with an affidavit that states a lawyer's rate is reasonable.  The Southern District of Texas, Houston Division stated that it generally awarded attorneys a $300 hourly rate in FDCPA cases in 2020.  See *Jung v. Accredited Mgmt. Sols. LLC*, No. CV H-20-0487, 2020 WL 4569994, at *6 (S.D. Tex. Aug. 6, 2020). Adjusting modestly for inflation and other factors, this Court concludes that a rate of $325 per hour generally is appropriate, but as stated above Defendant concedes that a rate of $350 per hour is reasonable and that rate will be used in this case for both Messrs. Bingham and Clanton.

After adjustments for numbers of hours and the hourly rate, the current total is 167.7 hours for Mr. Bingham and 25.8 hours for Mr. Clanton.  At a rate of $350 per hour for each, this results in a total fee award of $67,725.

The Court turns to the question of whether such an amount is "reasonable" given the work done in the case.  Courts are struggling with the awarding of disproportionate fees in FDCPA cases were only a *de minimis* or technical violation has been made.  The tension results from the FDCPA itself, which exists to prohibit debt collectors from making false or misleading representations.  There is an understandable need to award fees for fear that attorneys will be dissuaded from taking these cases where the statutory damages are low.  Yet, fees should not drive any settlement talks.

In a contested matter in the Eastern District of Texas, after summary judgment and a hearing, the court in *Bentson v. Chyma*, No. 415CV00523ALMCAN, 2017 WL 7513317, at *4 (E.D. Tex. Dec. 11, 2017), report and recommendation adopted, No. 4:15-CV-523, 2018 WL 780587 (E.D. Tex. Feb. 8, 2018), concluded that the appropriate lodestar to be calculated was 93.50 hours at $325.00 an hour, for a total of $30,387.50. In *Del Carmen v. R.A. Rogers, Inc.*, No. SA16CA971FBHJB, 2018 WL 6430835, at *5 (W.D. Tex. Oct. 18, 2018), total attorney's fees set forth in the certification were $32,928. Plaintiff's counsel, however, did not seek the full lodestar amount and instead agreed upon a fee of $23,000 ($4,000 damage award).

In proportionality terms the adjusted attorney fee award in this case is still high, but much of this resulted from Defendant's unreasonable posture. Rather than admitting to its violation and tendering an early Rule 68 offer that included reasonable attorney's fees expended early on, Defendant challenged certification and liability. Then protracted (and discourteous) exchanges occurred wherein Defendant challenged settlement amounts based on alleged insolvency and a divorce ongoing with the company's principal owner.

Though in proportionality terms the fees are high, they are nonetheless justified (as adjusted above) and Mr. Bingham is awarded $58,695 in fees and Mr. Clanton is awarded $9,030 in fees for a total of $67,725.[2]

## Conclusion

Class Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses (ECF # 64) is GRANTED IN PART AND DENIED IN PART as stated above.

---

[2] If Messrs. Bingham and Clanton agreed to a different allocation of work than what the Court allotted above, they are free to negotiate between themselves as to any different allocation of the total fees awarded.

Class counsel are awarded $67,725 in attorney's fees and $465 in court costs ($400 as fees of the clerk and $65 for service of process/fees of the Marshal[3]). Defendant shall pay the award within 30 days of this Order.

It is SO ORDERED.

SIGNED this 26th of August, 2021.

_____
Xavier Rodriguez
United States District Judge

---

[3] Because 28 U.S.C. § 1920 does not allow costs for private process servers, this Court will award the amount charged by the U.S. Marshal for service, which is currently $65.